# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| YORK COUNTY ON BEHALF OF THE COUNTY OF YORK RETIREMENT FUND, *Individually and on Behalf of All Others Similarly Situated*,<br><br>       Plaintiff,<br><br>   v.<br><br>HP INC., et al.,<br><br>       Defendants. | Case No. 4:20-cv-07835-JSW<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS CONSOLIDATED COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br>Date Action Filed:  November 5, 2020 |

On June 21, 2021, Defendants HP Inc., Dion J. Weisler, Catherine A. Lesjak, Enrique Lores, and Richard Bailey (collectively, "Defendants") filed a Motion to Dismiss Plaintiff's Consolidated Complaint for Violation of the Federal Securities Laws ("Complaint"). The Court, having fully reviewed and considered all papers and arguments submitted in support of and in opposition to the Motion, finds that the Court lacks subject-matter jurisdiction as to certain of Plaintiff's claims and that the Complaint fails to state a claim upon which relief can be granted as to all counts. Fed. R. Civ. P. 12(b)(1), (6).

*First*, all counts are barred by the two-year statute of limitations applicable to securities fraud claims because Plaintiff's allegations establish that it could have discovered the facts giving rise to this action no later than June 21, 2016, and Plaintiff did not file the Complaint until more than two years after that date. *See* 28 U.S.C. § 1658(b); *Merck & Co. v. Reynolds*, 559 U.S. 633, 648 (2010).

*Second*, claims based on statements made before April 21, 2016 are barred by the applicable five-year statute of repose because the Complaint was filed on April 21, 2021. *See* 28 U.S.C. § 1658(b); *In re Juniper Networks, Inc. Sec. Litig.*, 542 F. Supp. 2d 1037, 1051 (N.D. Cal. 2008). Moreover, Plaintiff lacks standing to challenge, and this Court therefore lacks subject-matter jurisdiction to consider, any statements not barred by the statute of repose because Plaintiff sold all of its HP shares before those statements were made. *See Shurkin v. Golden State Vintners Inc.*, 471 F. Supp. 2d 998, 1024 (N.D. Cal. 2006).

*Third*, the claim for violation of Section 10(b) of the Securities Exchange Act of 1934 is dismissed for the independent reason that Plaintiff fails to plead an actionable misstatement, scienter, or loss causation under the heightened pleading standards of the Private Securities Litigation Reform Act of 1995 and Fed. R. Civ. P. 9(b). Additionally, Defendants Lores and Bailey are dismissed from this action because Plaintiff does not allege that they made any false or misleading statement. *See Janus Capital Grp., Inc. v. First Derivative Traders*, 564 U.S. 135, 141 (2011).

*Finally*, the claim for violation of Section 20(a) of the Securities Exchange Act of 1934 is dismissed because the Complaint fails to plead a primary violation of Section 10(b). *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1052 (9th Cir. 2014).

Because the first two deficiencies cannot be cured by repleading, any amendment would be futile, and dismissal with prejudice is appropriate. *See Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

**IT IS HEREBY ORDERED** that:

(1) The Defendants' Motion to Dismiss Plaintiff's Consolidated Complaint for Violation of the Federal Securities Laws is GRANTED as to all claims and causes of action asserted against all of the Defendants; and

(2) Plaintiff's Consolidated Complaint for Violation of the Federal Securities Laws is hereby DISMISSED with prejudice.

**IT IS SO ORDERED.**

DATE: _____                                                 _____

Hon. Jeffrey S. White
United States District Judge

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
Case No. 4:20-cv-07835-JSW