**GIBSON, DUNN & CRUTCHER LLP**
BRIAN M. LUTZ, SBN 255976
MICHAEL J. KAHN, SBN 303289
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306
BLutz@gibsondunn.com
MJKahn@gibsondunn.com

LISSA M. PERCOPO (*pro hac vice*)
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
Telephone: 202.887.3770
Facsimile: 202.530.9528
lpercopo@gibsondunn.com

*Counsel for Defendants HP Inc., Dion J.
Weisler, Catherine A. Lesjak, Enrique Lores,
and Richard Bailey*

*Additional counsel on signature page*

**SIDLEY AUSTIN LLP**
SARA B. BRODY, SBN 130222
MATTHEW J. DOLAN, SBN 291150
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: 415.772.1200
sbrody@sidley.com
mdolan@sidley.com

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| YORK COUNTY ON BEHALF OF THE COUNTY OF YORK RETIREMENT FUND, *Individually and on Behalf of All Others Similarly Situated*, <br><br> Plaintiff, <br><br> v. <br><br> HP INC., et al., <br><br> Defendants. | Case No. 4:20-cv-07835-JSW <br><br> **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS CONSOLIDATED COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS** |

Gibson, Dunn & Crutcher LLP

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Evidence 201(b), Defendants HP Inc. ("HP" or the "Company"), Dion J. Weisler, Catherine A. Lesjak, Enrique Lores, and Richard Bailey (the "Individual Defendants") (HP and the Individual Defendants, together, "Defendants"), respectfully request that the Court take judicial notice of Exhibits 1 through 10 attached to the accompanying Declaration of Lissa M. Percopo (the "Percopo Declaration") in support of Defendants' Motion to Dismiss Plaintiff's Consolidated Complaint for Violation of the Federal Securities Laws ("Motion to Dismiss"), filed concurrently herewith, as well as Plaintiff's certifications filed in this action (ECF Nos. 20-2 & 20-3).

## I.  DISCUSSION

When ruling on a motion to dismiss, courts may look beyond the four corners of the complaint to documents incorporated in the complaint by reference and matters subject to judicial notice. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).  The incorporation-by-reference doctrine permits the Court to consider documents that a complaint refers "extensively to" or that "form[] the basis of the plaintiff's claim." *Id.* at 1002.  This doctrine extends to documents that the complaint "necessarily relies" on, the authenticity and relevance of which are uncontested. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).  The Court also may take judicial notice of matters that either are (1) generally known within the trial court's territorial jurisdiction, (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, or (3) not subject to reasonable dispute.  Proper subjects of judicial notice on a motion to dismiss include "matters of public record." *Khoja*, 899 F.3d at 999 (quotation marks omitted).

### A.  HP's and Hewlett-Packard Company's SEC Filings (Exs. 1-3)

Exhibit 1 is an excerpt of HP's annual report on Form 10-K for the fiscal year ending on October 31, 2015, which is referenced and relied upon in paragraphs 85 and 102 of the Complaint.  Exhibit 2 is HP's Form 8-K filed on November 5, 2015, which is referenced and relied upon in paragraph 95 of the Complaint.  Exhibit 3 is an excerpt of Hewlett-Packard Company's Form 10-Q for the quarterly period ending on July 31, 2015, which is referenced and relied upon in paragraph 95 of the Complaint.

Judicial notice of Exhibits 1 through 3 is appropriate because they are public filings made by HP with the Securities and Exchange Commission (the "SEC"), and thus are matters of public record not subject to reasonable dispute. *See* Fed. R. Evid. 201(b); *see also Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (taking judicial notice of SEC filings); *Electrical Workers Pension Fund, Local 103, I.B.E.W. v. HP Inc.*, 2021 WL 1056549, at *3 & n.1 (N.D. Cal. Mar. 19, 2021) (taking judicial notice of HP's SEC filings); *In re Facebook, Inc. Sec. Litig.*, 477 F. Supp. 3d 980, 1008-09 (N.D. Cal. 2020) (taking judicial notice of SEC filings); *Iron Workers Local 580 Joint Funds v. Nvidia Corp.*, 2020 WL 1244936, at *6 (N.D. Cal. Mar. 16, 2020) (same); *Weller v. Scout Analytics, Inc.*, 230 F. Supp. 3d 1085, 1094 (N.D. Cal. 2017) (same); *McCasland v. FormFactor Inc.*, 2008 WL 2951275, at *12 (N.D. Cal. July 25, 2008) (same).

The Court also may consider these exhibits under the incorporation-by-reference doctrine. *See, e.g.*, *Wochos v. Tesla, Inc.*, 2018 WL 4076437, at *2 (N.D. Cal. Aug. 27, 2018) (incorporating by reference SEC filings that "constitute the subject matter of the claim"); *Iron Workers*, 2020 WL 1244936, at *5-6 (considering SEC filings when "plaintiff refers extensively to the document[s] [and] the document[s] form[] the basis of the plaintiff's claim") (quotation marks omitted). The Complaint refers to and relies on these documents to allege that Defendants made certain false and misleading statements; as a result, these documents necessarily "form[] the basis" of Plaintiff's claims. *Khoja*, 899 F.3d at 1002; *see also Iron Workers*, 2020 WL 1244936, at *6.

## B. HP's Earnings Call Transcripts (Exs. 4-6)

Exhibit 4 is a transcript of HP's Fourth Quarter 2015 Earnings Conference Call Transcript, dated November 24, 2015, which is referenced and relied on in paragraphs 43-44, 80, 87-88, 98-100, 132, 157, 159, 174, and 204 of the Complaint. Exhibit 5 is a transcript of HP's First Quarter 2016 Earnings Conference Call Transcript, dated February 24, 2016, which is referenced and relied on in paragraphs 80, 87-88, 104-107, 122-23, 132, 136-137, 158-159, 175, and 207 of the Complaint. Exhibit 6 is a transcript of HP's Second Quarter 2016 Earnings Conference Call Transcript, dated May 25, 2016, which is referenced and relied on in paragraphs 48, 80, 87-88, 110, 112-113, 128-29, 132, 141-142, 144, and 189 of the Complaint.

Gibson, Dunn & Crutcher LLP

The Court may consider Exhibits 4 through 6 under the incorporation-by-reference doctrine. The Complaint extensively references and necessarily relies on Exhibits 4 through 6 to allege that they contain misleading statements and/or that they revealed the alleged "truth" about prior allegedly misleading statements. *See Khoja*, 899 F.3d at 1002.

Judicial notice of Exhibits 4 through 6 also is appropriate because they are publicly available documents and thus are matters of public record not subject to reasonable dispute. *See* Fed. R. Evid. 201(b); *see also Iron Workers*, 2020 WL 1244936, at *5-6 (granting judicial notice of earnings call transcripts that plaintiffs "allege contain false and/or misleading statements for the purpose of determining what was disclosed to the market"); *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) (taking judicial notice of earning calls transcript); *Electrical Workers*, 2021 WL 1056549, at *3 & n.1 (same); *In re Facebook, Inc.*, 477 F. Supp. 3d at 1008-09 (same); *In re Energy Recovery Inc. Sec. Litig.*, 2016 WL 324150, at *3 (N.D. Cal. Jan. 27, 2016) ("[T]ranscripts of conference earnings calls are judicially noticeable because they are matters of public record.").

### C. HP's Conference Presentation, Conference Call, and Securities Analyst Meeting Transcripts (Exs. 7-10)

Exhibit 7 is a transcript of HP's presentation at the March 1, 2016 Morgan Stanley Technology, Media & Telecom Conference, which is referenced and relied on in paragraphs 46, 125-126, 140, 159, 162-63, 168-69, and 176 of the Complaint. Exhibit 8 is a transcript of HP's presentation at the June 1, 2016 Sanford C. Bernstein Strategic Decisions Conference, which is referenced and relied on in paragraph 147 of the Complaint. Exhibit 9 is a transcript of the June 21, 2016 Printing Update Conference Call, which is referenced and relied on in paragraphs 69, 70, 132, 170, 188, and 208 of the Complaint. Exhibit 10 is a transcript of the September 15, 2015 Securities Analyst Meeting, which is referenced and relied on in paragraphs 24, 36-40, 90, 151, 159, 161, and 167 of the Complaint.

The Court may consider Exhibits 7 through 10 under the incorporation-by-reference doctrine. The Complaint extensively references and necessarily relies on them to allege that they contain false and misleading statements and to allege that certain challenged statements were later "corrected." *See Khoja*, 899 F.3d at 1002. Judicial notice of Exhibits 7 through 10 also is appropriate because they are publicly available documents and thus are matters of public record not subject to reasonable dispute. *See* Fed. R.

Gibson, Dunn &
Crutcher LLP

Evid. 201(b); *see also Electrical Workers*, 2021 WL 1056549, at *3 & n.1 (taking judicial notice of transcripts of conference presentations); *Iron Workers*, 2020 WL 1244936, at *5-6 (granting judicial notice of earnings call transcripts that plaintiffs "allege contain false and/or misleading statements for the purpose of determining what was disclosed to the market").

### D. Plaintiff's PSLRA Certifications

Defendants also request judicial notice of Plaintiff's sworn certifications filed with this Court on January 4, 2021, *see* ECF Nos. 20-2 & 20-3, reflecting Plaintiff's transactions in HP common stock and alleged losses, which also are referenced and relied upon in paragraph 15 of the Complaint.

Judicial notice of these filings is appropriate because the Court may take judicial notice of its own records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980); *see also Swartzendruber v. Colony Cap., Inc.*, 2020 WL 7754008, at *3 (C.D. Cal. Dec. 10, 2020) (taking judicial notice in securities case of "Plaintiffs' sworn certification, which appears on the docket in this case"). Additionally, the Court may consider these documents under the incorporation-by-reference doctrine because the Complaint references and relies on them to "form[] the basis" of Plaintiff's claims. *See Khoja*, 899 F.3d at 1002.

## II. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of Exhibits 1 through 10 to the Percopo Declaration, and ECF Nos. 20-2 & 20-3, to the extent they are relied on in Defendants' Motion to Dismiss, and consider Exhibits 1 through 10, and ECF Nos. 20-2 & 20-3, as incorporated by reference.

Dated:  June 21, 2021

**GIBSON, DUNN & CRUTCHER LLP**

*/s/ Brian M. Lutz*
BRIAN M. LUTZ SBN 255976
MICHAEL J. KAHN, SBN 303289
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306
BLutz@gibsondunn.com
MJKahn@gibsondunn.com

LISSA M. PERCOPO (*pro hac vice*)
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
Telephone:  202.887.3770

Gibson, Dunn & Crutcher LLP

Facsimile:  202.530.9528
lpercopo@gibsondunn.com


**SIDLEY AUSTIN LLP**
SARA B. BRODY, SBN 130222
MATTHEW J. DOLAN, SBN 291150
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone:  415.772.1200
sbrody@sidley.com
mdolan@sidley.com

*Counsel for Defendants HP Inc., Dion J. Weisler,*
*Catherine A. Lesjak, Enrique Lores, and Richard Bailey*

By: */s/ Steven Schatz*
**WILSON SONSINI GOODRICH & ROSATI**
STEVEN SCHATZ, SBN 118356
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: 650.320.4856
SSchatz@wsgr.com

KATHERINE HENDERSON, SBN 242676
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105-1101
Telephone: 415.947.2065
khenderson@wsgr.com

*Counsel for Defendant Catherine A. Lesjak*

### ATTESTATION (CIVIL LOCAL RULE 5-1(i)(3))

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the signatories.

Dated: June 21, 2021                    **GIBSON, DUNN & CRUTCHER LLP**

*/s/ Brian M. Lutz*
BRIAN M. LUTZ

Gibson, Dunn & Crutcher LLP