UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| YORK COUNTY ON BEHALF OF THE COUNTY OF YORK RETIREMENT FUND, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) |
| | ) |
| Plaintiff, | ) ) |
| | ) |
| vs. | ) ) |
| | ) |
| HP INC., et al., | ) ) |
| | ) |
| Defendants. | ) ) |
| | ) |

Case No. 4:20-cv-07835-JSW

<u>CLASS ACTION</u>

[PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

This action was filed on November 5, 2020.  ECF No. 1.  Thereafter, the Court appointed Maryland Electrical Industry Pension Fund as Lead Plaintiff, and the Consolidated Complaint for Violation of the Federal Securities Laws ("Complaint") was filed on April 21, 2021.  ECF Nos. 30, 37.  On June 21, 2021, Defendants HP Inc., Dion J. Weisler, Catherine A. Lesjak, Enrique Lores, and Richard Bailey (collectively, "Defendants") filed a Motion to Dismiss the Consolidated Complaint for Violation of the Federal Securities Laws ("Motion").  ECF No. 45.  The Court, having fully reviewed and considered all papers and arguments submitted in support of and in opposition to the Motion, finds that the Motion should be denied in its entirety.

First, the Complaint's §10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5(a) and (c) claims will not be dismissed.  Defendants waived any challenge to the scheme liability claims by relegating the issue to a one-sentence footnote.  *See Est. of Saunders v. Comm'r*, 745 F.3d 953, 962 n.8 (9th Cir. 2014).  Furthermore, the Ninth Circuit recently rejected their argument, explaining that the Supreme Court has held "'considerable overlap' exists among the subsections" of Rule 10b-5(a)-(c).  *In re Alphabet, Inc. Sec. Litig.*, 1 F.4th 687, 709 (9th Cir. 2021) (quoting *Lorenzo v. S.E.C.*, _ U.S. _, 139 S. Ct. 1094, 1101-02 (2019)).  Moreover, for this reason, the Complaint's claims against Defendants Bailey and Lores cannot be dismissed.

Second, Defendants have failed to establish that the Complaint's §10(b) and SEC Rule 10b-5(b) claims should be dismissed.  The Complaint pleads particularized facts showing that the alleged statements and omissions are actionable because they misrepresented the true state of the Supplies business and "'create[d] an impression of a state of affairs that differ[ed] in a material way from the one that actually exist[ed].'"  *Reese v. BP Expl. (Alaska), Inc.*, 643 F.3d 681, 687, 691 (9th Cir. 2011); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1008-09 (9th Cir. 2018); *Shenwick v. Twitter, Inc.*, 282 F. Supp. 3d 1115, 1135-40 (N.D. Cal. 2017).  In addition, accepting the Complaint's allegations as true and considering them collectively, the Complaint establishes a strong inference of scienter with regard to each of the Defendants.  *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322, 324-26 (2007); *see also In re VeriFone Holdings, Inc. Sec. Litig.*, 704 F.3d 694, 706-07 & n.5 (9th Cir. 2012); *Alphabet*, 1 F.4th at 706; *Shenwick*, 282 F. Supp. 3d at 1147-49.  Lastly, the Complaint adequately pleads loss causation, and Defendants' overly restrictive

loss causation argument is unpersuasive as it has been expressly rejected by the Ninth Circuit. *See Mineworkers' Pension Scheme v. First Solar Inc.*, 881 F.3d 750, 753 (9th Cir. 2018); *see also In re WageWorks, Inc., Sec. Litig.*, 2020 WL 2896547, at *8 (N.D. Cal. June 1, 2020).

Third, Defendants failed to overcome their '"considerable burden'" in establishing that the claims are time-barred because Plaintiffs have adequately alleged that they did not discover the facts required to plead all the elements of their §§10(b) and 20(a) claims until the publication of the September 30, 2020 SEC cease-and-desist order. *Booth v. Strategic Realty Tr., Inc*., 2014 WL 3749759, at *5 (N.D. Cal. July 29, 2014); *Merck & Co., Inc. v. Reynolds*, 559 U.S. 633, 637, 644-45, 649 (2010). The SEC Order, published less than two years prior to the filing of this action, revealed previously undisclosed facts relevant to falsity, scienter, and the alleged fraudulent scheme. Accordingly, the claims are not barred by the statute of limitations. *Id.*

Fourth, the statute of repose does not bar the alleged claims because this action was filed on November 5, 2020, within five years of the alleged violation. 28 U.S.C. §1658(b). The Court declines to adopt Defendants' proposed new rule as inconsistent with the case law and the PSLRA lead plaintiff process. *Cal. Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.*, __ U.S. __, 137 S. Ct. 2042 (2017); *see also China Agritech, Inc. v. Resh*, _ U.S. _, 138 S. Ct. 1800, 1807 (2018); *In re Marvell Tech. Grp. Ltd. Sec. Litig.*, 2008 WL 4544439, at *2, *11 (N.D. Cal. Sept. 29, 2008).

Fifth, Lead Plaintiff has established its individual standing to bring a claim and therefore has standing to pursue the alleged claims on behalf of the class. *See Melendres v. Arpaio*, 784 F.3d 1254, 1261 (9th Cir. 2015); *Blackie v. Barrack*, 524 F.2d 891, 902-03 (9th Cir. 1975); *In re VeriSign, Inc.*, 2005 WL 88969, at *4 (N.D. Cal. Jan. 13, 2005); *Ferris v. Wynn Resorts Ltd.*, 2021 WL 3216462, at *13 (D. Nev. July 28, 2021).

Sixth, the §20(a) claims will not be dismissed because the Complaint sufficiently pleads primary violations of §10(b) against each of the Defendants. *WageWorks*, 2020 WL 2896547, at *8.

**IT IS HEREBY ORDERED** that:

1.     The Defendants' Motion to Dismiss the Consolidated Complaint for Violation of the Federal Securities Laws is DENIED; and

2.    Defendants must serve their answer to the Consolidated Complaint for Violation of the Federal Securities Laws within 21 days.

**IT IS SO ORDERED**.

DATED:  _____    _____

THE HONORABLE JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS - 4:20-cv-07835-JSW    - 3 -
4837-8493-5415.v1