# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

YORK COUNTY ON BEHALF OF THE COUNTY OF YORK RETIREMENT FUND,

        Plaintiff,

    v.

HP INC., et al.,

        Defendants.

Case No. 4:20-cv-07835-JSW

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS CONSOLIDATED COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**

On July 21, 2023, Defendants HP Inc. ("HP"), Dion J. Weisler, Catherine A. Lesjak, Enrique Lores, and Richard Bailey (collectively, "Defendants") filed a renewed Motion to Dismiss Plaintiff's Consolidated Complaint for Violation of the Federal Securities Laws ("Complaint"). The Court, having fully reviewed and considered all papers and arguments submitted in support of and in opposition to the Motion, hereby grants the Motion and dismisses the Complaint with prejudice. Plaintiff alleges that Defendants violated the securities laws by making false or misleading statements in 2015 and 2016. However, Plaintiff's claims based on the 2015 statements are barred by the five-year statute of repose, and Plaintiff lacks standing to challenge the 2016 statements. The Complaint also fails to state a claim upon which relief can be granted as to all counts.

*First*, Plaintiff's claims are dismissed because it does not have standing to challenge any statement that was not time-barred by the time it filed its complaint. *See Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1020, 1023 (9th Cir. 2003) (where a putative "class's sole named plaintiff has no cognizable claim," the "suit must be dismissed"). Plaintiff challenges statements made on the following dates: November 5, 2015, November 24, 2015, December 16, 2015, February 24, 2016, March 1, 2016, March 3, 2016, May 25, 2016, June 1, 2016, and June 3, 2106. Because Plaintiff filed its first complaint on April 21, 2021, any statement made before April 21, 2016 is barred by 28 U.S.C. § 1658(b), a five-year statute of repose that the United States Supreme Court has described as "an unqualified bar" that "giv[es] defendants total repose after five years." *Merck & Co. v. Reynolds*, 559 U.S. 633, 650 (2010); *see also Cal. Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.*, 137 S. Ct. 2042, 2050 (2017) (calling the statute of repose an "absolute bar"). All that remains are the statements made on May 25, 2016, June 1, 2016, and June 3, 2016. Because Plaintiff ceased to be an HP stockholder prior to 2016 and does not allege it made any purchases or sales of HP stock in 2016, Plaintiff does not have standing to challenge any statement made on those three dates. ECF 20-2.

The fact that a different plaintiff, York County, filed a similar putative class action complaint on November 5, 2020 does not alter the outcome. The Supreme Court has held that the filing of a putative class action complaint like York County's does not toll the statute of repose for unnamed class members like Plaintiff. *See CalPERS*, 137 S. Ct. at 2048. The timeliness of Plaintiff's claims depends solely on when *it* filed *its* complaint, not when a separate plaintiff filed a separate complaint. The Second Circuit

1

reached the same conclusion in two factually analogous cases. *See DeKalb County Pension Fund v. Transocean Ltd.*, 817 F.3d 393, 412-14 (2d Cir. 2016) (dismissing lead plaintiff's claim filed after repose period ran even though lead plaintiff filed in the same action that was timely filed by a different plaintiff); *Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 109 (2d Cir. 2013) (rejecting putative class members' attempts to belatedly intervene in timely-filed action and "circumvent [the] statute of repose by invoking *American Pipe* [tolling] or Rule 15(c) [relation back]"). The Court believes the Ninth Circuit would follow these Second Circuit cases, particularly because the Supreme Court favorably acknowledged the Second Circuit's statute of repose jurisprudence in *CalPERS*. It is also of no moment that Plaintiff purports to bring its claims on behalf of a putative class: Prior to class certification, if the sole plaintiff has no viable claim, the suit must be dismissed. *Lierboe*, 350 F.3d at 1020, 2023.

*Second*, Plaintiff's claim for violation of Section 10(b) of the Securities Exchange Act of 1934 is dismissed for the independent reason that Plaintiff fails to plead an actionable misstatement, scienter, or loss causation under the heightened pleading standards of the Private Securities Litigation Reform Act of 1995 ("PSLRA") and Federal Rule of Civil Procedure 9(b).

Plaintiff's challenges to statements about HP's Supplies revenue are forward-looking statements protected by the PSLRA's safe harbor provision. 15 U.S.C. § 78u-5. Plaintiff also fails to plead the requisite particularized facts demonstrating that any of Defendants' statements were misleading at the time they were made. *Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (detailing requirement that plaintiff "specify each statement alleged to have been misleading [and] the reason or reasons why the statement is misleading"). Plaintiff also does not offer particularized factual allegations supporting a strong inference that any Defendant "either intentionally or with deliberate recklessness" misled investors. *See* 15 U.S.C. § 78u-4(b)(2); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 991 (9th Cir. 2009). Plaintiff also fails to sufficiently allege loss causation under its corrective disclosure theory in that it did not identify any "revelation of truth" that contradicted any challenged statement. *In re BofI Holding, Inc. Sec. Litig.*, 977 F.3d 781, 789 (9th Cir. 2020); *Or. Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*, 774 F.3d 598, 605 (9th Cir. 2014). Defendants Lores and Bailey are dismissed from this action for the additional reason that Plaintiff does not allege that they made any false or misleading statement. *See Janus Capital Grp., Inc. v. First Derivative Traders*, 564 U.S. 135, 141

(2011).  Finally, Plaintiff purports to bring a scheme liability claim, but it is indistinguishable from Plaintiff's misstatement claim and fails for the same reasons.

The claim for violation of Section 20(a) of the Securities Exchange Act of 1934 is dismissed because the Complaint fails to plead a primary violation of Section 10(b).  *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1052 (9th Cir. 2014).

Because the standing and time-bar deficiencies cannot be cured by repleading, any amendment would be futile, and dismissal with prejudice is appropriate.  *See Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

**IT IS HEREBY ORDERED** that:

(1) The Defendants' Motion to Dismiss Plaintiff's Consolidated Complaint for Violation of the Federal Securities Laws is GRANTED as to all claims and causes of action asserted against all of the Defendants; and

(2) Plaintiff's Consolidated Complaint for Violation of the Federal Securities Laws is hereby DISMISSED with prejudice.

**IT IS SO ORDERED.**

DATE: _____                    _____

                                          Hon. Jeffrey S. White
                                          United States District Judge