UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| YORK COUNTY ON BEHALF OF THE COUNTY OF YORK RETIREMENT FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>         Plaintiff,<br><br>  vs.<br><br>HP INC., et al.,<br><br>         Defendants. | Case No. 4:20-cv-07835-JSW (LJC)<br><br><u>CLASS ACTION</u><br><br>[PROPOSED] ORDER DENYING DEFENDANTS' RENEWED MOTION TO DISMISS THE CONSOLIDATED COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS |

4853-8647-2312.v1

This action was filed on November 5, 2020. ECF 1. Thereafter, the Court appointed Maryland Electrical Industry Pension Fund as Lead Plaintiff, and the Consolidated Complaint for Violation of the Federal Securities Laws ("Complaint") was filed on April 21, 2021. ECFs 30, 37. On June 21, 2021, Defendants HP Inc., Dion J. Weisler, Catherine A. Lesjak, Enrique Lores, and Richard Bailey (collectively, "Defendants") filed a Motion to Dismiss the Consolidated Complaint for Violation of the Federal Securities Laws. ECF 45. On March 3, 2022, the Court granted Defendants' motion on statute of limitations grounds. ECF 58. On April 11, 2023, the Ninth Circuit reversed the Court's decision. *York Cnty. on Behalf of Cnty. of York Ret. Fund v. HP, Inc.*, 65 F.4th 459, 468 (9th Cir. 2023). On July 21, 2023, Defendants filed a Renewed Motion to Dismiss the Consolidated Complaint for Violation of the Federal Securities Laws ("Motion"). ECF 69. The Court, having fully reviewed and considered all papers and arguments submitted in support of and in opposition to the Motion, denies the Motion in its entirety.

First, the statute of repose does not bar the Complaint's §10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5(b) claims because this action was filed on November 5, 2020, within five years of the alleged violation. 28 U.S.C. §1658(b). The Court declines to adopt Defendants' proposed new rule that a consolidated class complaint filed on the same docket initiated by the first-filed complaint constitutes a new "action," as such a rule is inconsistent with the case law and the PSLRA lead plaintiff process. *Cal. Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.*, 582 U.S. 497, 514 (2017); *see also China Agritech, Inc. v. Resh*, __ U.S. __, 138 S. Ct. 1800, 1807 (2018); *In re Marvell Tech. Grp. Ltd. Sec. Litig.*, 2008 WL 4544439, at *2, *11 (N.D. Cal. Sept. 29, 2008); *In re LexinFintech Holdings Ltd. Sec. Litig.*, 2021 WL 5530949, at *17 (D. Or. Nov. 24, 2021).

Second, the Court will not dismiss the alleged materially misleading statements in 2016 on standing grounds. Lead Plaintiff has established its individual standing to bring a claim arising from its purchases of HP stock during the Class Period. Further, because the alleged claims are part of a common course of conduct, Lead Plaintiff has class standing to represent purchasers who were damaged by the alleged misstatements in 2016. *See Melendres v. Arpaio*, 784 F.3d 1254, 1261 (9th Cir. 2015); *Blackie v. Barrack*, 524 F.2d 891, 902-03 (9th Cir. 1975); *In re VeriSign, Inc.*, 2005 WL

[PROPOSED] ORDER DENYING DEFENDANTS' RENEWED MOTION TO DISMISS THE CONSOLIDATED COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS - 4:20-cv-07835-JSW (LJC)                                                                                - 1 -
4853-8647-2312.v1

88969, at *4 (N.D. Cal. Jan. 13, 2005); *Kirola v. City & Cnty. of San Francisco.*, 860 F.3d 1164, 1176 (9th Cir. 2017).

Third, the Court denies Defendants' request to dismiss the §10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5(a) and (c) claims. Defendants waived any challenge to the scheme liability claims by failing to assert this defense in their prior pre-answer Rule 12 motion (ECF 45). *See* Fed. R. Civ. P. 12(g)(2). Furthermore, Defendants' argument is inconsistent with Plaintiffs' allegations in the Complaint, which sufficiently detail a deceptive course of conduct – the pull-in scheme – apart from the alleged misleading statements. In addition, the Ninth Circuit has rejected Defendants' argument, explaining that the Supreme Court has held "'considerable overlap' exists among the subsections" of Rule 10b-5(a)-(c). *In re Alphabet, Inc. Sec. Litig.*, 1 F.4th 687, 709 (9th Cir. 2021) (quoting *Lorenzo v. S.E.C.*, __ U.S. __, 139 S. Ct. 1094, 1101-02 (2019)). For these reasons, the Court will not dismiss Defendants Richard Bailey and Enrique Lores as SEC Rule 10b-5(a) and (c) Defendants.

Fourth, Defendants have failed to establish that the Complaint's §10(b) and SEC Rule 10b-5(b) claims should be dismissed. The Complaint pleads particularized facts showing that the alleged statements and omissions are actionable because they misrepresented the true state of the Supplies business and created "'an impression of a state of affairs that differ[ed] in a material way from the one that actually exist[ed].'" *Berson v. Applied Signal Tech., Inc.*, 527 F.3d 982, 985 (9th Cir. 2008) (citation omitted); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1008-09 (9th Cir. 2018); *Shenwick v. Twitter, Inc.*, 282 F. Supp. 3d 1115, 1135-40 (N.D. Cal. 2017). In addition, accepting the Complaint's allegations as true and considering them collectively, the Complaint establishes a strong inference of scienter with regard to each of the Defendants. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322, 324-26 (2007); *see also York Cnty.*, 65 F.4th at 467-68; *In re VeriFone Holdings, Inc. Sec. Litig.*, 704 F.3d 694, 706-07 & n.5 (9th Cir. 2012); *Alphabet*, 1 F.4th at 706; *Shenwick*, 282 F. Supp. 3d at 1147-49.

Fifth, the Complaint adequately pleads loss causation. Defendants' overly restrictive loss causation argument is unpersuasive and has been expressly rejected by the Ninth Circuit. *See*

[PROPOSED] ORDER DENYING DEFENDANTS' RENEWED MOTION TO DISMISS THE CONSOLIDATED COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS - 4:20-cv-07835-JSW (LJC)                                                                                                    - 2 -
4853-8647-2312.v1

*Mineworkers' Pension Scheme v. First Solar Inc.*, 881 F.3d 750, 753 (9th Cir. 2018); *see also New York Hotel Trades Council & Hotel Ass'n of NYC, Inc. Pension Fund v. Impax Labs., Inc.*, 843 F. App'x 27, 31 (9th Cir. 2021); *In re WageWorks, Inc., Sec. Litig.*, 2020 WL 2896547, at *8 (N.D. Cal. June 1, 2020).

Sixth, the §20(a) claims will not be dismissed because Plaintiffs have pled control as to Defendants Enrique Lores and Richard Bailey. *In re Montage Tech. Grp. Ltd. Sec. Litig.*, 78 F. Supp. 3d 1215, 1228 (N.D. Cal. 2015); *Petrie v. Elec. Game Card, Inc.*, 2015 WL 475958, at *7 (C.D. Cal. Feb. 5, 2015). In addition, the Complaint sufficiently pleads primary violations of §10(b) against each of the Defendants. *WageWorks*, 2020 WL 2896547, at *8.

**IT IS HEREBY ORDERED** that:

1.    Defendants' Renewed Motion to Dismiss the Consolidated Complaint for Violation of the Federal Securities Laws is DENIED; and

2.    Defendants must serve their answer to the Consolidated Complaint for Violation of the Federal Securities Laws within 21 days.

**IT IS SO ORDERED**.

DATED: _____    _____

THE HONORABLE JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE