**GIBSON, DUNN & CRUTCHER LLP**
BRIAN M. LUTZ, SBN 255976
MICHAEL J. KAHN, SBN 303289
One Embarcadero Center Suite 2600
San Francisco, CA 94111-3715
Telephone: 415.393.8200
Facsimile: 415.393.8306
BLutz@gibsondunn.com
MJKahn@gibsondunn.com

**SIDLEY AUSTIN LLP**
SARA B. BRODY, SBN 130222
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: 415.772.1200
sbrody@sidley.com

LISSA M. PERCOPO (*pro hac vice*)
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
Telephone: 202.887.3770
Facsimile: 202.530.9528
lpercopo@gibsondunn.com

*Counsel for Defendants HP Inc., Dion J.*
*Weisler, Catherine A. Lesjak, Enrique Lores,*
*and Richard Bailey*

*Additional counsel on signature page*

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| YORK COUNTY ON BEHALF OF THE COUNTY OF YORK RETIREMENT FUND, *Individually and on Behalf of All Others Similarly Situated*, <br><br> Plaintiff, <br><br> v. <br><br> HP INC., et al., <br><br> Defendants. | Case No. 4:20-cv-07835-JSW <br><br> **DEFENDANTS' BRIEF IN RESPONSE TO FEBRUARY 27, 2024 ORDER (DKT. 77)** |

**A.      York County Is Not A Party To This Case.**

The Court is correct that the Ninth Circuit's ruling in *Habelt v. iRhythm Techs., Inc.*, 83 F.4th 1162 (9th Cir. 2023), "mandates a finding that York County's party status has been extinguished." Dkt. 77 at 2. In *Habelt*, the Ninth Circuit addressed the party status of a plaintiff (Habelt) who filed the initial complaint in a putative securities class action, but was not named as a plaintiff in the operative complaint subsequently filed by the court-appointed lead plaintiff. 83 F.4th at 1164-66. That is the fact pattern we have in this case: York County filed the first putative class action complaint, Dkt. 1, but is not named as a plaintiff in the operative Complaint filed by Plaintiff (Maryland Electrical Pension Fund), Dkt. 37 ¶¶ 15-21 (York County not listed as a party).[1]

The Ninth Circuit held in *Habelt* that the initial plaintiff, Habelt—the York County of that case—was *not a party*. 83 F.4th at 1165. There, Habelt filed the first putative securities class action complaint. *Id.* Three members of the putative class subsequently filed motions to be appointed lead plaintiff pursuant to the PSLRA, including the appointed lead plaintiff Public Employees' Retirement System of Mississippi ("PERSM"). *Id.* Like York County here, Habelt did not file a lead plaintiff motion and did not oppose PERSM's motion. *Id.* After the court appointed PERSM as lead plaintiff, PERSM filed the operative complaint (the "SAC"). *Id.* "The caption of the SAC listed Habelt as the 'Plaintiff.' But the SAC otherwise made no reference to Habelt, to his alleged losses, or to his individual claims, including in a subsection titled 'Parties.'" *Id.* This again is just like the operative Complaint here; the caption refers to York County as "Plaintiff," but York County is not named as a party or otherwise mentioned in the body of the Complaint. Dkt. 37.

The district court in *Habelt* ultimately dismissed PERSM's SAC with prejudice, and PERSM did not appeal. 83 F.4th at 1165. Instead, Habelt filed an appeal. *Id.* The Ninth Circuit dismissed Habelt's appeal for lack of standing because Habelt was not a party to the lawsuit. Habelt argued he was "a party to this lawsuit because he filed the initial complaint and is listed in the caption of the SAC." *Id.* at 1166. The Ninth Circuit rejected this argument, holding "these facts do not suffice to confer party status upon him." *Id.* A case caption "is only the handle to identify" the action, and it "is not determinative as to the

---

[1] All defined terms have the meaning set forth in the motion to dismiss briefs.

Gibson, Dunn &
Crutcher LLP

identity of the parties to the action." *Id.* (internal quotation marks and citations omitted).  In determining party status, what matters are "the 'allegations in the body of the complaint.'"  *Id.* (citation omitted).  It was "upon this ground that Habelt's argument falter[ed]" because "[t]he body of the operative pleading—the SAC—makes clear that PERSM is the sole plaintiff" and "makes mention neither of Habelt nor of his individual claims."  *Id.*  The fact that Habelt filed an initial complaint was irrelevant because "that complaint ha[d] … been extinguished" by the filing of PERSM's SAC.  *Id.*

The relevant facts in *Habelt* are identical to the facts in this case, and "mandate[] a finding that York County's party status has been extinguished."  Dkt. 77 at 2.  Like Habelt, York County filed the initial complaint but did not seek to become lead plaintiff, and is not listed as a party or even mentioned in the body of the operative Complaint.  York County's name appears only in the caption.  Dkt. 37.  Under *Habelt*, York County is no longer a party.  Its initial complaint was "extinguished" when Plaintiff filed the operative Complaint, so York County has no live claim against Defendants.  *See* 83 F.4th at 1166.  Indeed, Plaintiff conceded that York County's complaint was "mooted" and "supersede[d]" by Plaintiff's own Complaint.  Dkt. 74 at 10.  Thus, the only plaintiff in this case is Plaintiff, and the only claims the Court can adjudicate are Plaintiff's claims.[2]

**B.      *Habelt* Supports Defendants' Statute of Repose Arguments.**

The Ninth Circuit's *Habelt* decision underscores why this Court should dismiss Plaintiff's Complaint under the statute of repose.  Dkt. 69 at 7-13; Dkt. 75 at 2-8.  There is no dispute that the five-year statute of repose cannot be tolled.  *Cal. Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.*, 582 U.S. 497, 507 (2017).  Because Plaintiff filed its Complaint on April 21, 2021, *see* Dkt. 37, Plaintiff can challenge only statements made after April 21, 2016.  This Court has already correctly concluded that Plaintiff lacks standing to challenge those statements because Plaintiff completely sold out of HP's stock in December 2015.  Dkt. 58 at 6 n.1; *see also* Dkt. 66 at 6, 9.  Plaintiff's position is that the repose period for Plaintiff's claims is measured not from when Plaintiff filed *its* Complaint in April 2021, but from when York County filed its now-extinguished complaint in November 2020.  In its briefing on the latest

---

[2] York County may seek to distinguish *Habelt* based on its minimal "participation" in Plaintiff's lawsuit (*see* Dkt. 66 at 1).  But participation does not convert a nonparty into a party.  Participation is relevant only in determining whether exceptional circumstances exist that would allow a nonparty to pursue an appeal.  83 F.4th at 1167.  That issue is not before this Court.

Gibson, Dunn & Crutcher LLP

2

motion to dismiss, Plaintiff argued that because "York County's complaint was never dismissed," Plaintiff may take advantage of the York County filing date for statute of repose purposes. Dkt. 74 at 9 n.6. That argument is now foreclosed by *Habelt*'s ruling that an original plaintiff's complaint is "extinguished" when the appointed lead plaintiff files the operative complaint. 83 F.4th at 1166.

*Habelt* also signals that the Ninth Circuit is highly likely to follow the on-point Second Circuit opinions discussed in Defendants' briefs, *Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95 (2d Cir. 2013), and *DeKalb Cnty. Pension Fund v. Transocean Ltd.*, 817 F.3d 393 (2d Cir. 2016). The Second Circuit held in those cases that the statute of repose barred claims asserted in putative class actions by late-filing plaintiffs, even though—just as here—(1) the original complaints in the same actions were assumed to be timely, and (2) the subsequent complaints had, to use Plaintiff's terminology, the "Same-Court, Same-Action Number, Same-Claims, Same-Proposed-Class" as the original complaints. *See DeKalb*, 817 F.3d 393; *IndyMac*, 721 F.3d 95. In *IndyMac*, the filing date of the original complaint was irrelevant to the repose analysis because—just as in this case—the original plaintiff had "abandoned the pursuit of its own claims" when another plaintiff was appointed lead plaintiff and filed a complaint that did not name the original plaintiff as a party. *See In re IndyMac Mortg.-Backed Sec. Litig.*, 793 F. Supp. 2d 637, 644 (S.D.N.Y. 2011), *aff'd in part sub nom. Police & Fire Ret. Sys. of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95 (2d Cir. 2013). The Second Circuit's "abandonment" analysis is materially indistinguishable from the Ninth Circuit's "extinguishment" reasoning in *Habelt*. Under both analyses, the original plaintiff and its complaint date simply drop out of the picture when a different person or entity is appointed lead plaintiff and fails to include the original plaintiff in the operative complaint. After *Habelt*, there can be little question that the Ninth Circuit would follow the Second Circuit's holdings and conclude that York County's filing date is irrelevant to the repose analysis for Plaintiff's Complaint because York County abandoned its claims when it ceased to be a party.

* * *

Until confronted with the statute of repose arguments in Defendants' motion to dismiss, Plaintiff never argued that York County was still a party to this case. Dkt. 50 at 21-22. Plaintiff now makes that argument—but *Habelt* slammed the door shut on it. York County is not a party to, and has no claims in,

DEFENDANTS' BRIEF RE FEB. 27, 2024 ORDER
Case No. 4:20-cv-07835-JSW

Gibson, Dunn & Crutcher LLP

this case. York County's complaint was extinguished when Plaintiff filed its Complaint. The only claims before the Court are Plaintiff's claims. Plaintiff did not bring those claims until after the statute of repose had run. As a result, the Court should dismiss Plaintiff's Complaint with prejudice.

Dated: March 8, 2024

**GIBSON, DUNN & CRUTCHER LLP**

*/s/ Brian M. Lutz*
BRIAN M. LUTZ SBN 255976
MICHAEL J. KAHN, SBN 303289
One Embarcadero Center Suite 2600
San Francisco, CA 94111-3715
Telephone: 415.393.8200
Facsimile: 415.393.8306
BLutz@gibsondunn.com
MJKahn@gibsondunn.com

LISSA M. PERCOPO (*pro hac vice*)
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
Telephone: 202.887.3770
Facsimile: 202.530.9528
lpercopo@gibsondunn.com

**SIDLEY AUSTIN LLP**
SARA B. BRODY, SBN 130222
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: 415.772.1200
sbrody@sidley.com

*Counsel for Defendants HP Inc., Dion J. Weisler, Catherine A. Lesjak, Enrique Lores, and Richard Bailey*

By: */s/ Katherine Henderson*
**WILSON SONSINI GOODRICH & ROSATI**
KATHERINE HENDERSON, SBN 242676
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105-1101
Telephone: 415.947.2065
khenderson@wsgr.com

*Counsel for Defendant Catherine A. Lesjak*

Gibson, Dunn &
Crutcher LLP

DEFENDANTS' BRIEF RE FEB. 27, 2024 ORDER
Case No. 4:20-cv-07835-JSW

**ATTESTATION (CIVIL LOCAL RULE 5-1(i)(3))**

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the signatories.

Dated: March 8, 2024

GIBSON, DUNN & CRUTCHER LLP

*/s/ Brian M. Lutz*
BRIAN M. LUTZ