ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (168593)
DARRYL J. ALVARADO (253213)
RACHEL A. COCALIS (312376)
T. ALEX B. FOLKERTH (338140)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
dalvarado@rgrdlaw.com
rcocalis@rgrdlaw.com
afolkerth@rgrdlaw.com

Lead Counsel for Lead Plaintiff Maryland Electrical
Industry Pension Fund and Plaintiff York County on
behalf of the County of York Retirement Fund

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| YORK COUNTY ON BEHALF OF THE COUNTY OF YORK RETIREMENT FUND, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> HP INC., et al., <br><br> Defendants. | Case No. 4:20-cv-07835-JSW (LJC) <br><br> <u>CLASS ACTION</u> <br><br> PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW RE *HABELT V. IRHYTHM TECHNOLOGIES, INC.*, 83 F.4TH 1162 (9TH CIR. 2023) |

4890-7348-1644.v1

Plaintiffs[1] respectfully submit this memorandum of law in response to the Court's Order Requiring Additional Briefing re *Habelt v. iRhythm Technologies, Inc.*, 83 F.4th 1162 (9th Cir. 2023) (ECF 77). First, York County's status as a party in this action, led by Maryland Electrical as the Court-appointed lead plaintiff, is not relevant to Defendants' timeliness argument. Second, *Habelt* further supports denial of Defendants' Motion.

## I.    York County's Current Status as a Party Is Not Relevant

Defendants contend that York County's party status is relevant to the statute of repose analysis. They are wrong – York County's party status does not alter the fact that its, Maryland Electrical's, and all of the putative class members' claims were timely brought when York County filed this action on November 5, 2020.

The applicable statute of repose provides that an "action . . . may be brought not later than . . . 5 years after [Defendants'] violation." 28 U.S.C. §1658(b)(2). As is apparent from the text of §1658, the repose analysis "***deals with when the action was commenced, rather than who the parties to the action were at its inception***." *In re NIO, Inc. Sec. Litig.*, 2023 WL 5048615, at *4 n.3 (E.D.N.Y. Aug. 8, 2023); Opp. at 6. Thus, the question is not whether York County remains a party, but whether this "action" was "brought" within five years of Defendants' violations. It indisputably was. Indeed, the claims of ***all*** putative class members were brought when York County commenced this action on November 5, 2020. ECF 1. Thereafter, Maryland Electrical was appointed Lead Plaintiff and filed the Complaint – advancing the same class claims – in the same, timely-filed action. ECF 37. Defendants even concede the Complaint was filed in this timely action, admitting in the proposed order accompanying their motion to dismiss the Complaint: "***Date Action Filed: November 5, 2020***." ECF 45-1 at 1.

Nevertheless, Defendants argue that filing a consolidated complaint in the same action initiated by the initial plaintiff – alleging the same claims, on behalf of the same class, in the same court, with the same case number, and same caption as the initial complaint – constitutes a new action under

---

[1]    Unless otherwise stated, capitalized terms herein have the same meaning as in Plaintiffs' Memorandum of Law in Opposition to Defendants' Renewed Motion to Dismiss the Consolidated Complaint (ECF 74) ("Opposition" or "Opp."), citations are omitted, and emphasis is added.

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW RE *HABELT V. IRHYTHM TECHNOLOGIES, INC.*, 83 F.4TH 1162 (9TH CIR. 2023) - 4:20-cv-07835-JSW

4890-7348-1644.v1

-1-

§1658.  ECF 75 at 5.  Nonsense.

First, the Supreme Court adopted a common-sense reading of the term "'action,'" explaining that it "refers to a judicial 'proceeding,' or perhaps to a 'suit.'"  *Cal. Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.*, 582 U.S. 497, 514 (2017) ("*CalPERS*"); *see also Martin v. Altisource Res. Corp.*, 2019 WL 2762923, at *6 (D.V.I. July 2, 2019) ("The language of the statute, reemphasized in [*CalPERS*], requires a 'right of action' to be 'brought' within five years."); Opp. at 6-8.  Thus, the repose period ends on the date the action is filed, regardless of whether a subsequent complaint is filed in the same action by a different plaintiff.  *See, e.g.*, *In re Juniper Networks, Inc. Sec. Litig.*, 542 F. Supp. 2d 1037, 1037, 1051 (N.D. Cal. 2008) (repose ends on the date the initial plaintiff filed the action, not when the subsequently appointed lead plaintiff filed an "amended consolidated complaint"); *In re Infineon Techs. AG Sec. Litig.*, 2008 WL 11333947, at *2, *4 (N.D. Cal. Aug. 13, 2008) (same); *In re Marvell Tech. Grp. Ltd. Sec. Litig.*, 2008 WL 4544439, at *2, *11 (N.D. Cal. Sept. 29, 2008) (same).[2]  Indeed, it is well-established that "***[t]he bringing of an action is not synonymous with the filing of a complaint***."  *Bradford v. Usher*, 2019 WL 4316899, at *3 (E.D. Cal. Sept. 12, 2019) ("Complaints . . . are merely one form of pleading that may be filed within an action, and ***multiple amended complaints may be filed within a single action*** . . . ."); *see also Hogan v. Pilgrim's Pride Corp.*, 73 F.4th 1150, 1161 (10th Cir. 2023) ("[A]s we have explained, ***filing the SAC did not constitute bringing a claim***.").

Second, the "'***filing of a timely class action complaint commences the action for all members of the class as subsequently determined***,' meaning the unnamed class members have already brought their claims unless they are excluded from any class definition or opt out of the class."  *NIO*, 2023 WL 5048615, at *4 (quoting *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 550 (1974)).  "Nor did *CalPERS* disturb *American Pipe*'s holding that 'the filing of a timely class action complaint commences the action for all members of the class as subsequently determined.'"  *In re SunEdison, Inc. Sec. Litig.*, 329 F.R.D. 124, 145 (S.D.N.Y. 2019) (collecting cases).  Thus, even if York County was no longer a party, Maryland Electrical's and the putative class's "claims are deemed to have been asserted on the date [York County] filed the action," which "does no offense to the [five]-year repose

---

[2]    Defendants have no response to these cases, weakly suggesting that they failed to "analyze[] the issue." ECF 75 at 4 n.1.

period" as it is simply "a traditional judicial determination of when a claim is interposed by a person." *Id.* at 145-46.[3]

Not surprisingly, courts reject Defendants' precise argument. For example, in *In re LexinFintech Holdings Ltd. Sec. Litig.*, "a putative class action plaintiff file[d] an amended complaint asserting a claim and then [the] court appoint[ed] a different lead plaintiff in the same case, who file[d] a further amended complaint asserting the same claim" *after* the repose period expired. 2021 WL 5530949, at *17 (D. Or. Nov. 24, 2021). The court noted that the defendants did "not cite any authority for the proposition that the appointment of a lead plaintiff in a putative class action turns the case into one so separate from the original that the lead plaintiff may not rely on the originally brought claims to satisfy the statute of repose," and concluded that the new lead plaintiff's complaint was not barred by the statute of repose as it "simply *restates an existing claim in this case*." *Id.* at *17-*18; *see also Martin*, 2019 WL 2762923, at *6 (rejecting identical argument because "[b]y any reasonable understanding, *we are in the same action (or suit, or proceeding) that was brought in 2015, even though the Plaintiffs have changed*").[4] Notably, *LexinFintech* and *Martin* did not address whether the original plaintiffs remained parties because it was irrelevant to the repose analysis. Rather, the issue in those cases – as it is here – was whether the class action was timely brought.

Third, even if the Complaint were (incorrectly) deemed a new "action," the Court expressly

---

[3] Defendants' contention that the Supreme Court "rejected the argument that 'the date on which [a] class action was filed' governs the timeliness of all claims asserted in that case" (ECF 75 at 4) mischaracterizes *CalPERS*. Rather, in *CalPERS*, the Supreme Court rejected the argument that the filing of a class action "included *individual* actions," as CalPERS had *opted out* of the timely-filed class action and belatedly attempted to file a *new, separate, individual action*. 582 U.S. at 515; *see also In re Cobalt Int'l Energy Inc. Sec. Litig.*, 2017 WL 3620590, at *3 (S.D. Tex. Aug. 23, 2017) ("There is nothing in the Supreme Court's decision in *CalPERS* that suggests that the putative class action, filed within the three-year statute of repose, does not protect putative class members who remain in the class and do not opt out to pursue individual lawsuits."); *NIO*, 2023 WL 5048615, at *4 ("Defendants' attempt to extend *CalPERS* to this new context, barring the claims of the unnamed class members who choose to remain members of the ongoing class action, therefore fails."). Here, Maryland Electrical did not opt out of this action and did not file an individual action. Rather, as Lead Plaintiff, Maryland Electrical restated its and the putative class's existing claims, which were first brought in this action by York County.

[4] Defendants' argument that the lead plaintiff in *LexinFintech* was appointed before the statute of repose ran (ECF 75 at 5 n.3) is irrelevant; the claim was preserved because the original plaintiff timely filed its, the lead plaintiff's, and all putative class members' claims in the same action, not because of the timing of the lead plaintiff's appointment. Further, Defendants' attempt to distinguish *Martin* fails because it ignores the court's holding that the action was initiated in 2015, when the initial complaint was filed by "the original Plaintiff" – who did not appear in the subsequent complaint. ECF 75 at 5 n.3.

consolidated the Complaint into the action timely filed by York County.[5]  *See* ECF 30 at 1 (appointing Maryland Electrical and ordering that all subsequent actions "***shall be consolidated into this action***"); Opp. at 10.  In fact, the Court provided a specific procedure and timeline for objections to the consolidation of this action.  ECF 30.  Defendants chose to waive any objections.  Worse, they asserted that they "should not be required to respond to [the initial] complaint in this case until after lead plaintiff and lead counsel have been appointed and have filed an amended complaint" as "this action is subject to the requirements of the PSLRA."  ECF 11 at 1; ECF 17 at 1.  Tellingly, Defendants' reply completely ignores these facts, which are alone sufficient to defeat Defendants' argument that the Complaint constitutes a separate action.

Finally, Defendants' nonsensical construction of §1658 "would present enormous practical difficulties" (*Se. Pa. Transp. Auth. v. Orrstown Fin. Servs. Inc.*, 12 F.4th 337, 346 (3d Cir. 2021)), and impede the Court's "duty to interpret Congress's statutes as a harmonious whole rather than at war with one another." *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 502 (2018).  Under the PSLRA, a plaintiff has 20 days after filing a complaint to publish notice of the putative class action, and class members have 60 days to file lead plaintiff motions.  *See* 15 U.S.C. §78u-4(a)(3)(A)(i)(I)-(II).  Within 90 days of the publication notice, the district court is obligated to "consider any motion made by a purported class member in response to the notice, ***including any motion by a class member who is not individually named as a plaintiff*** in the complaint or complaints, and shall appoint" as lead plaintiff a class member "that the court determines to be ***most capable of adequately representing the interests of class members***." *Id.*, §78u-4(a)(3)(B)(i)-(ii).  These provisions illustrate a congressionally-mandated lead plaintiff process lasting 90-110 days (or more) upon the initiation of a securities class action.

Defendants' construction of §1658, however, would create unacceptable tension between §1658 and the PSLRA.  For example, Defendants ask the Court to find that where a plaintiff timely files a securities class action late in the repose period, a court must choose between forgoing the lead plaintiff process – obviously contrary to Congress's intent – or following the mandated lead plaintiff process and dooming the action if the initial plaintiff turns out not to be the most-adequate lead

---

[5]    *Habelt* did not address a consolidated complaint – the lead plaintiff's operative complaint was styled as an amended complaint.  *See* 83 F.4th at 1164.

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW RE *HABELT V. IRHYTHM TECHNOLOGIES, INC.*, 83 F.4TH 1162 (9TH CIR. 2023) - 4:20-cv-07835-JSW
4890-7348-1644.v1

-4-

plaintiff – also contrary to Congress's intent. Defendants' rule would require plaintiffs to file some unknown number of days, weeks, or months before the repose period expires, even though sometimes, as here, they cannot state a claim until late in the repose period. In fact, courts have recognized that Defendants' rule cannot be reconciled with Congress's clear intent. *See, e.g.*, *NIO*, 2023 WL 5048615, at *4 ("Under Defendants' approach, either plaintiffs bringing putative class actions would be obligated to file [months before the expiry of the statute of repose] to guarantee sufficient time to conduct [the PSLRA-mandated lead plaintiff process] or all unnamed class members who would otherwise simply participate as class members would be forced to file individual cases . . . .").

Defendants fail to confront the irreconcilable implications of their positions. They claim "the statute of repose and the PSLRA easily co-exist in this circumstance" because a would-be lead plaintiff could have filed a motion to intervene or individual claims during the lead plaintiff process, but "'before the statue of repose [is] about to run out.'" ECF 75 at 6 (alteration in original). That is a fiction. York County brought the putative class's claims and initiated the PSLRA-mandated lead plaintiff process on the very last day of the repose period because the SEC did not reveal the facts necessary to discover the fraud and bring the action until that time.[6] The very next day, under Defendants' rule, any motion to intervene or filing of individual claims would be time barred, and the lead plaintiff process would be nullified because only the initial plaintiff would have the ability to pursue the class's claims. Because such a result would require courts to choose between Congress's lead plaintiff process and the statute of repose, Defendants' argument must be rejected. *See Epic Sys.*, 584 U.S. at 510 ("When confronted with two Acts of Congress allegedly touching on the same topic, this Court is not at 'liberty to pick and choose among congressional enactments' and must instead strive "'to give effect to both."'").

The Complaint filed in this timely action is not barred by the statute of repose, irrespective of

---

[6]    The Ninth Circuit found that Plaintiffs could not have adequately discovered, and thus pled, a securities claim until mere weeks before the initial complaint was filed. *York Cnty. on Behalf of Cnty. of York Ret. Fund v. HP, Inc.*, 65 F.4th 459, 463, 468 (9th Cir. 2023). Under these circumstances, Defendants' proposed rule would encourage a race to the courthouse – contrary to Congress's intent – because whoever filed the case first would necessarily become the lead plaintiff lest a consolidated complaint filed by a later-appointed lead plaintiff be deemed time barred. Such a result would contravene Congress's requirement that a PSLRA action be led by the plaintiff "most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).

York County's current status as a party.

## II.    *Habelt* Supports Denying the Motion to Dismiss

*Habelt* addressed a narrow issue not present here – whether a plaintiff who filed the initial complaint in a securities class action but took no further part in the action was a "party" with standing to appeal dismissal.  That question is not relevant to Defendants' dismissal arguments; indeed, *Habelt* has nothing to do with the question of when an "action" is commenced for repose purposes.[7]

Nevertheless, *Habelt* supports denying the Motion.  First, it establishes that a PSLRA lead plaintiff is appointed to lead the claims asserted "***in the action***" commenced by the initial plaintiff. 83 F.4th at 1164 ("Habelt . . . filed a putative securities fraud class action . . . .  [T]he district court appointed [PERSM] as the lead plaintiff ***in the action***."); *see also id.* at 1165 (lead plaintiff simply gains "'control over aspects of [the] litigation'").  Additionally, *Habelt* makes clear that the "caption of ***an action***" is "the handle to identify it."  83 F.4th at 1166.  Here, York County remains the only "named plaintiff" on the caption, identifying this action as the same one York County brought on November 5, 2020, regardless of any changes in party status.  Opp. at 6; *see Hogan*, 73 F.4th at 1152 n.1.  And, *Habelt*'s citation to Federal Rule of Civil Procedure 25 underscores that parties can be removed or substituted without affecting the continued pendency of an action.  *See* 83 F.4th at 1166; *see also* Fed. R. Civ. P. 25(c) ("If an interest is transferred, ***the action may be continued*** by or against the original party . . . .").

Moreover, while York County's status as a party is ultimately irrelevant to the repose analysis, its participation in this action would plainly suffice to authorize it to maintain an appeal – unlike the

---

[7]    *Habelt*'s observation that the initial plaintiff's complaint was "extinguished" does not affect the pendency of the action. 83 F.4th at 1166.  In fact, this supports Plaintiffs' argument that the sufficiency of York County's complaint is irrelevant – and the fact that it was never dismissed distinguishes Defendants' cases.  *See* Opp. at 9-10.  Defendants ignore that in their cases, unlike here, the "second-in-time plaintiff entered the timely-filed action to assert claims" (ECF 75 at 4) ***that had not already been validly and timely asserted in the action***.  *See, e.g.*, *DeKalb Cnty. Pension Fund v. Transocean Ltd.*, 817 F.3d 393 (2d Cir. 2016) (initial complaint failed to assert putative class's claims within repose period because the initial plaintiff lacked standing); *Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 101 (2d Cir. 2013) (absent class members not permitted to intervene after expiration of statute of repose to "revive claims that were dismissed from the class complaint for want of jurisdiction").  Further, contrary to Defendants' claim that the "Supreme Court adopted" the rule of *DeKalb* (ECF 75 at 3), *DeKalb* is not cited once in *CalPERS*.  Worse, the Second Circuit has repudiated *DeKalb*, describing it as "mistaken[]" and a "strange leap in law," and noting its "nullity doctrine" does not "constitute[] binding precedent."  *Fund Liquidation Holdings LLC v. Bank of Am. Corp.*, 991 F.3d 370, 386-87 (2d Cir. 2021), *cert. denied*, 142 S. Ct. 757 (2022).

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW RE *HABELT V. IRHYTHM TECHNOLOGIES, INC.*, 83 F.4TH 1162 (9TH CIR. 2023) - 4:20-cv-07835-JSW
4890-7348-1644.v1

-6-

plaintiff in *Habelt*, whose "involvement in the matter below 'all but ceased with the filing of the' initial complaint." *Habelt*, 83 F.4th at 1167. Unlike Mr. Habelt, York County, along with Maryland Electrical, filed **both** of Plaintiffs' oppositions to Defendants' motion (and renewed motion) to dismiss the Complaint. *See* ECFs 50, 74. Indeed, York County submitted a sworn declaration attesting to its active participation in this action and willingness to take a more active role should the Court deem it necessary. *See* ECF 52. Further, Plaintiffs' appeal to the Ninth Circuit was on behalf of **both** York County and Maryland Electrical. *See* Plaintiffs-Appellants' Opening Brief at 1, *York Cnty. v. HP Inc.*, No. 22-15501 (9th Cir. July 7, 2022). Defendants dedicated an entire section of their answering brief arguing that York County was "not a party" with standing to appeal and had been "improperly added" to the appellate docket. *See* Appellees' Answering Brief at 38-39, *York Cnty.* (Sept. 7, 2022). Yet the Ninth Circuit ignored Defendants' objection, considered the appeal on behalf of both Plaintiffs, and even drew upon facts from York County's complaint. *See York Cnty.*, 65 F.4th at 462 n.1.

And unlike Mr. Habelt, who did not participate in the action and could not do so after dismissal of the action in full and entry of judgment, York County has participated – and can further participate – in this ongoing action to further solidify its party status. For example, York County can be appointed a class representative along with Maryland Electrical to further protect the interests of the putative class. *See, e.g., In re Allstate Corp. Sec. Litig.*, 966 F.3d 595, 616 (7th Cir. 2020) (appointing class representatives and noting, "[p]laintiffs here sought only to rearrange the seating chart within a single, ongoing action"); *City of Cape Coral Mun. Firefighters' Ret. Plan v. Emergent Biosolutions, Inc., HQ*, 322 F. Supp. 3d 676, 685 (D. Md. 2018) ("Nothing in the PSLRA prohibits the appointment of a class representative who has not previously been appointed as a lead plaintiff."). Indeed, Rule 23(c) provides that a class certification order may be amended at any time before final judgment.

## III.    Conclusion

For the reasons herein and provided in Plaintiffs' Opposition, the Motion should be denied.

DATED: March 8, 2024                                    Respectfully submitted,


                                                    *s/ Darryl J. Alvarado*
                                                    DARRYL J. ALVARADO

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
DARRYL J. ALVARADO
RACHEL A. COCALIS
T. ALEX B. FOLKERTH
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
dalvarado@rgrdlaw.com
rcocalis@rgrdlaw.com
afolkerth@rgrdlaw.com

Lead Counsel for Lead Plaintiff Maryland
Electrical Industry Pension Fund and Plaintiff
York County on behalf of the County of York
Retirement Fund

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW RE *HABELT V. IRHYTHM TECHNOLOGIES, INC.*, 83 F.4TH 1162 (9TH CIR. 2023) - 4:20-cv-07835-JSW
4890-7348-1644.v1

- 8 -