**GIBSON, DUNN & CRUTCHER LLP**
BRIAN M. LUTZ, SBN 255976
MICHAEL J. KAHN, SBN 303289
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone:  415.393.8200
Facsimile:  415.393.8306
BLutz@gibsondunn.com
MJKahn@gibsondunn.com

LISSA M. PERCOPO (*pro hac vice*)
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
Telephone:  202.887.3770
Facsimile:  202.530.9528
lpercopo@gibsondunn.com

*Counsel for Defendants HP Inc., Dion J.
Weisler, Catherine A. Lesjak, Enrique Lores,
and Richard Bailey*

*Additional counsel on signature page*

**SIDLEY AUSTIN LLP**
SARA B. BRODY, SBN 130222
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone:  415.772.1200
sbrody@sidley.com

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| YORK COUNTY ON BEHALF OF THE COUNTY OF YORK RETIREMENT FUND, *Individually and on Behalf of All Others Similarly Situated*,<br><br>             Plaintiff,<br><br>      v.<br><br>HP INC., et al.,<br><br>             Defendants. | Case No. 4:20-cv-07835-JSW<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:   June 7, 2024<br>Time:  9:00 a.m.<br>Location:  Courtroom 5, 2nd Floor<br>Judge:  Hon. Jeffrey S. White |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................................1

II. BACKGROUND................................................................................................................3

III. ARGUMENT ...................................................................................................................4

    A.    The Court ruled on a controlling question of law, and interlocutory review of that ruling could materially advance the ultimate termination of this litigation..........................5

    B.    There is at least room for debate about whether the relation-back doctrine applies to class-action complaints that are amended after a statute of repose has run. ........................6

        1.    The Court's order is in tension with Supreme Court precedent holding that statutes of repose are absolute.................................................................................7

        2.    Circuit courts and district courts have split on the question whether the relation-back doctrine applies to statutes of repose. .................................................8

        3.    The Ninth Circuit might conclude that the Rules Enabling Act prohibits applying Rule 15 or Rule 23 in a way that would alter the substantive rights created by statutes of repose. ..............................................................................13

IV. CONCLUSION................................................................................................................14

## TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*Asis Internet Servs. v. Active Response Grp.*,
  2008 WL 4279695 (N.D. Cal. Sept. 16, 2008) ................................................................7, 13

*Barilli v. Sky Solar Holdings, Ltd.*,
  389 F. Supp. 3d 232 (S.D.N.Y. 2019)..............................................................................11, 13

*Bennett v. United States*,
  44 F.4th 929 (9th Cir. 2022) .....................................................................................................6

*Bensinger v. Denbury Res. Inc.*,
  31 F. Supp. 3d 503 (E.D.N.Y. 2014) .......................................................................................11

*Budler v. Gen. Motors Corp.*,
  400 F.3d 618 (8th Cir. 2005) .....................................................................................................6

*California Pub. Emps.' Ret. Sys. v. ANZ Secs., Inc.*,
  582 U.S. 497 (2017) (*CalPERS*)..................................................................7, 8, 13, 14

*Couch v. Telescope Inc.*,
  611 F.3d 629 (9th Cir. 2010) .....................................................................................................6

*CTS Corp. v. Waldburger*,
  573 U.S. 1 (2014)........................................................................................................................7

*De Vito v. Liquid Holdings Group, Inc.*,
  2018 WL 6891832 (D.N.J. Dec. 31, 2018)..........................................................................11, 13

*DeKalb Cnty. Pension Fund v. Transocean Ltd.*,
  817 F.3d 393 (2d Cir. 2016).......................................................................................................9

*Harris v. OSI Fin. Servs., Inc.*,
  595 F. Supp. 2d 885 (N.D. Ill. 2009) .......................................................................................11

*Hogan v. Pilgrim's Pride Corp.*,
  73 F.4th 1150 (10th Cir. 2023) ...........................................................................................10, 11

*ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*,
  22 F.4th 1125 (9th Cir. 2022) ....................................................................................................5

*In re Cement Antitrust Litig.*,
  673 F.2d 1020 (9th Cir. 1981) ...................................................................................................5

*In re LexinFintech Holdings Ltd. Sec. Litig.*,
  2021 WL 5530949 (D. Or. Nov. 24, 2021).............................................................................12

*In re Sharps Run Assocs., L.P.*,
  157 B.R. 766 (D.N.J. 1993) .....................................................................................................12

ii

*JRS Partners, GP v. Leech Tishman Fuscaldo & Lampl, LLC*,
    615 F. Supp. 3d 750 (M.D. Tenn. 2022)........................................................................................12

*Lakeland Vill. Homeowners Ass'n v. Great Am. Ins. Grp.*,
    727 F. Supp. 2d 887 (E.D. Cal. 2010)............................................................................................5

*Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*,
    501 U.S. 350 (1991)........................................................................................................................7

*Martin v. Altisource Residential Corp.*,
    2019 WL 2762923 (D.V.I. July 2, 2019).....................................................................................12

*Martin v. Goodrich Corp.*,
    95 F.4th 475 (7th Cir. 2024) ...........................................................................................................6

*Moser v. Benefytt, Inc.*,
    8 F.4th 872 (9th Cir. 2021) ...........................................................................................................14

*Nat'l Credit Union Admin. Bd. v. Nomura Home Equity Loan, Inc.*,
    764 F.3d 1199 (10th Cir. 2014) ......................................................................................................6

*Police & Fire Ret. Sys. of Detroit v. IndyMac MBS, Inc.*,
    721 F.3d 95 (2d Cir. 2013)......................................................................................................9, 13

*Reese v. BP Expl. (Alaska) Inc.*,
    643 F.3d 681 (9th Cir. 2011) ......................................................................................................6, 7

*Se. Pa. Transp. Auth. v. Orrstown Fin. Servs. Inc.*,
    12 F.4th 337 (3d Cir. 2021) ..............................................................................................6, 10, 11

*Sec'y, U.S. Dep't of Lab. v. Preston*,
    873 F.3d 877 (11th Cir. 2017) ........................................................................................................6

*Silvercreek Mgmt., Inc. v. Citigroup, Inc.*,
    248 F. Supp. 3d 428 (S.D.N.Y. 2017)..........................................................................................11

*Sjunde AP-Fonden v. Gen. Elec. Co.*,
    417 F. Supp. 3d 379 (S.D.N.Y. 2019)..........................................................................................11

*Smith v. Bayer Corp.*,
    564 U.S. 299 (2011)......................................................................................................................13

*Taylor v. Trevino*,
    569 F. Supp. 3d 414 (N.D. Tex. 2021) .........................................................................................11

*United States ex rel. Carter v. Halliburton Co.*,
    315 F.R.D. 56 (E.D. Va. 2016) .....................................................................................................12

*United States ex rel. Osinek v. Permanente Medical Group, Inc.*,
    2022 WL 16943886 (N.D. Cal. Nov. 14, 2022) ...............................................................12

*York Cnty. on Behalf of York Ret. Fund v. HP, Inc.*,
    65 F.4th 459 (9th Cir. 2023) ...................................................................................4, 5

**Statutes**

28 U.S.C. § 1292(b) .....................................................................................................1, 5

28 U.S.C. § 1658(b)(2) ....................................................................................................14

28 U.S.C. § 2072(a) ........................................................................................................13

28 U.S.C. § 2072(b) ........................................................................................................13

**Rules**

Fed. R. Civ. P. 15............................................................................................................11

Fed. R. Civ. P. 23.....................................................................................................3, 13, 14

DEFENDANTS' MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL
Case No. 4:20-cv-07835-JSW

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, on June 7, 2024, at 9:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Jeffrey S. White, Defendants HP Inc. et al., by and through their counsel of record, will move this Court to certify for interlocutory appeal its March 27, 2024 order (ECF 80) granting in part and denying in part Defendants' renewed motion to dismiss.  The Court's order satisfies the statutory requirements for certification:  It "involves a controlling question of law as to which there is substantial ground for difference of opinion," and "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  The Court ruled on a purely legal issue:  whether the relation-back doctrine applies to amendments made to class complaints after a statute of repose has run.  Resolution of that issue could materially advance the ultimate termination of this litigation.  Plaintiff Maryland Electrical has standing to bring only claims based on challenged statements made in 2015, and if the statute of repose bars those claims, Maryland Electrical will have no claims left at all.  Finally, there is substantial ground for difference of opinion.  The Court's ruling is in tension with Supreme Court precedent, circuit and district courts have split on the issue, and the Ninth Circuit has yet to address it.  Certification is therefore appropriate.

This motion is based on this notice, the accompanying memorandum, other documents on file in this action, any argument of counsel, and all other matters properly before the Court.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**STATEMENT OF ISSUE FOR SECTION 1292(b) CERTIFICATION**

Whether the relation-back doctrine applies to claims otherwise barred by a statute of repose and, if so, whether it permits the assertion of claims by a new plaintiff outside the repose period.

**I.      INTRODUCTION**

Interlocutory review under 28 U.S.C. § 1292(b) is designed to address consequential, unsettled questions of law that can meaningfully change the trajectory of cases by saving the time of the judiciary and the resources of the parties.  This Court's order denying in part Defendants' renewed motion to dismiss presents just such a question:  whether a class-action complaint brought by a new lead plaintiff outside the statute of repose can relate back to an earlier, timely class complaint brought by a different plaintiff.  That ruling satisfies the requirements of Section 1292(b) because it "involves a controlling question of

1

law as to which there is substantial ground for difference of opinion," and because "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  The Court should therefore certify its order for interlocutory review.

The statute-of-repose question on which the Court ruled is a controlling, purely legal question—and one that could end this case.  Maryland Electrical is pursuing claims related to challenged statements made in both 2015 and 2016.  The claims about statements in 2015 are barred by the statute of repose unless the relation-back doctrine saves them.[1]  And as both Maryland Electrical and this Court have acknowledged, Maryland Electrical lacks standing to bring claims about statements made in 2016, because it sold all its HP stock in 2015.  The Court held that Maryland Electrical may bring its 2016 claims only as tagalong class claims alongside its 2015 claims.  So if the Ninth Circuit holds on interlocutory review that the statute of repose bars Maryland Electrical's attack on the 2015 statements, Maryland Electrical's claim would also fail as to the 2016 statements, and the case would be at an end.

The key question, then, is whether there is substantial ground for difference of opinion on whether the relation-back doctrine may be used to circumvent a statute of repose—either at all or specifically to name a new party after the repose period has run.  There is ample room for debate.  The Court's ruling is in tension with Supreme Court decisions holding that statutes of repose are absolute—even under extraordinary circumstances, and even when an exception seems the only fair option.  The Ninth Circuit could reasonably rely on that precedent to enforce the statute of repose here, barring the 2015 claims.

What's more, lower courts are deeply divided over whether the relation-back doctrine applies to statutes of repose at all and, if so, under what circumstances.  Some courts, including circuit courts in closely analogous cases, have held that statutes of repose bar *any* amendments to class complaints outside of the repose period.  Other courts have held that the relation-back doctrine can apply to statutes of repose to add new factual allegations or to fix innocent pleading errors, but not to add new parties.  And a smaller group of courts, including this one, have held the relation-back doctrine may be used even to add a new

---

[1] Maryland Electrical's claims about all statements made before April 21, 2016, are barred by the statute of repose because Maryland Electrical filed its complaint on April 21, 2021.  Defendants made the time-barred statements on November 5, 2015, November 24, 2015, December 16, 2015, February 24, 2016, March 1, 2016, and March 3, 2016.  Defendants refer to these statements as the "2015 statements" or the "2015 claims" throughout this brief for ease of reference.

party—here, a new lead plaintiff—outside the repose period.  Reasonable judges thus can—and often do—reach different conclusions on this controlling and recurring legal issue, which the Ninth Circuit has not addressed.

Finally, some courts addressing this issue have enforced statutes of repose by invoking the Rules Enabling Act, which prohibits using any Federal Rule of Civil Procedure to abridge a party's substantive rights.  The Ninth Circuit could join those courts.  This case poses two Rules Enabling Act problems.  The application of Rule 15(c) impinges on Defendants' substantive right to repose by permitting a new plaintiff to sue after the statute of repose has run.  The application of Rule 23 does the same.  Maryland Electrical could not have asserted its 2015 claims in a single-plaintiff action.  Under the Rules Enabling Act, the mere fact that this is a putative class action cannot expand Maryland Electrical's substantive rights, nor curtail the rights of Defendants.

This case presents an important and recurring question about statutes of repose, and courts can—and regularly do—disagree about the answer.  The Ninth Circuit has yet to weigh in, and this case presents an ideal opportunity for it to do so.  Section 1292(b) was designed to ensure the availability of appellate review in cases like this one—those presenting significant and highly debatable legal questions that, if decided in one party's favor, could end the case.  Accordingly, this Court should certify its order for interlocutory appeal under 28 U.S.C. § 1292(b).

## II.     BACKGROUND

On November 5, 2020, York County filed a putative class action against HP and several of its officers asserting claims under Section 10(b) of the Securities Exchange Act of 1934.  ECF 1.  In January 2021, Plaintiff Maryland Electrical moved for appointment as lead plaintiff, ECF 19, and this Court granted that motion in February 2021, ECF 30.  Maryland Electrical, by then the only plaintiff in the case, filed a consolidated class complaint on April 21, 2021, alleging that between November 6, 2015, and June 21, 2016, Defendants made materially misleading statements to "artificially inflate the results of" HP's supplies business on nine different dates.  ECF 37 at 5, 31–45; *see also* ECF 69 at 15.  Six of those dates precede April 21, 2016, which is exactly five years before Maryland Electrical brought its claims.  ECF 37.

Defendants moved to dismiss the complaint, arguing that all of Maryland Electrical's claims were

barred by the two-year statute of limitations, that the 2015 claims were also barred by the five-year statute of repose, and that Maryland Electrical lacked standing to bring the 2016 claims. ECF 45. This Court granted the motion, deciding that Maryland Electrical's claims were barred by the two-year statute of limitations. ECF 58, 59. The Court also noted that Maryland Electrical did not have standing to challenge any statement made in 2016. ECF 58 at 6 n.1. The Ninth Circuit reversed, holding that York County filed its complaint within the statute of limitations and remanding for consideration of Defendants' other arguments, including that Maryland Electrical filed its complaint beyond the statute of repose. *York Cnty. on Behalf of York Ret. Fund v. HP, Inc.*, 65 F.4th 459, 466–68 (9th Cir. 2023). The Ninth Circuit declined to address whether, for purposes of the statute of repose, the "critical" date is November 5, 2020 (when York County filed its complaint), or April 21, 2021 (when Maryland Electrical filed its complaint). *Id.* at 466 & n.3. But the Ninth Circuit acknowledged that this question is "vital to determining whether the complaint is barred by the statute of repose." *Id.* at n.3.

On remand, Defendants again moved to dismiss on multiple grounds. ECF 69. Two are relevant here. First, because Maryland Electrical filed its complaint in April 2021, the five-year statute of repose bars the 2015 claims. ECF 69 at 14–20. Second, because it sold all its HP stock in 2015, Maryland Electrical lacks standing to bring the 2016 claims. ECF 69.

The Court declined to dismiss Maryland Electrical's complaint. ECF 80. The Court decided that York County's original complaint was filed within the statute of repose, and that Maryland Electrical's complaint, which was filed outside the statute of repose, related back to York County's complaint under Rule 15. ECF 80 at 11–16. The Court reasoned that Defendants' right of repose "never vested because York County initiated the action within the repose period." ECF 80 at 15. The Court declined to follow Second Circuit decisions holding that the relation-back doctrine does not apply to statutes of repose. In the Court's view, those cases are distinguishable because the first-filed complaints there were dismissed for lack of standing. ECF 80 at 14–15. As for Maryland Electrical's standing to bring the 2016 claims, the Court held that because the statute of repose does not bar the 2015 claims, Maryland Electrical has standing to bring the 2016 claims under the concept of class standing. ECF 80 at 7.

### III.    ARGUMENT

Section 1292(b) review is warranted when an order "involves a controlling question of law as to

4

which there is substantial ground for difference of opinion" and "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). This Court's motion-to-dismiss ruling satisfies those requirements. The Court ruled that Rule 15's relation-back doctrine allows a new lead plaintiff to bring a new class complaint after a statute of repose has run. If the Ninth Circuit decided that issue in Defendants' favor, this case would end. Maryland Electrical's claims relating to the challenged 2015 statements would be barred by the statute of repose, and Maryland Electrical has conceded that it would in that case lack standing to challenge the 2016 statements. There is also ample room for debate on this controlling statute-of-repose question. The Court's ruling is in tension with Supreme Court precedent, and courts of appeals and district courts throughout the country have split over whether the relation-back doctrine applies to statutes of repose in class actions (either at all or specifically to the addition of new plaintiffs). The Ninth Circuit has yet to decide that important and recurring issue, and this case presents an ideal vehicle for it to do so.

### A.  The Court ruled on a controlling question of law, and interlocutory review of that ruling could materially advance the ultimate termination of this litigation.

Section 1292(b)'s "controlling question of law" and materiality requirements are "closely related." *Lakeland Vill. Homeowners Ass'n v. Great Am. Ins. Grp.*, 727 F. Supp. 2d 887, 896 (E.D. Cal. 2010). That is because "all that must be shown . . . for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation," *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981)—for example, by "'appreciably shorten[ing] the time, effort, or expense of conducting' the district court proceedings." *ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1131 (9th Cir. 2022).

The Court decided a controlling legal question here: whether an amended class-action complaint brought by a new lead plaintiff outside the statute of repose can relate back to an earlier, timely class complaint brought by a different plaintiff. If the Ninth Circuit answers that question in Defendants' favor, this case would end. If the statute of repose bars Maryland Electrical's claims based on alleged 2015 misstatements, then its complaint would have to be dismissed. As Maryland Electrical concedes and this Court has ruled, Maryland Electrical lacks standing to bring claims based on alleged 2016 misstatements. *See* Oral Argument at 2:31-3:04, *York Cnty.*, 65 F.4th 459, *available at*

https://www.ca9.uscourts.gov/media/video/?20230206/22-15501 (conceding that Maryland Electrical lacks individual standing to challenge any statement made in 2016 because it did not own any HP stock after 2015); ECF 66 at 10 (conceding same in writing); ECF 58 at 6 n.1 (order granting Defendants' first motion to dismiss and correctly concluding that Maryland Electrical "lacks standing to challenge [the] statements" made "after Plaintiff sold all of its HP shares" in late 2015). The parties and Court also agree that Maryland Electrical can challenge the 2016 statements based on "class standing" only if it has a viable 2015 claim. In other words, Maryland Electrical's ability to bring any claims based on the 2016 statements depends on whether the statute of repose bars its claims based on the 2015 statements. If the statute of repose bars the latter, then Maryland Electrical cannot bring the former—and would have no viable claims left.

Recognizing that timeliness is a threshold, case-dispositive issue, district courts regularly certify for interlocutory appeal orders that turn on the applicability of statutes of repose, and appellate courts regularly agree to consider that issue on interlocutory appeal. *E.g.*, *Martin v. Goodrich Corp.*, 95 F.4th 475 (7th Cir. 2024); *Sec'y, U.S. Dep't of Lab. v. Preston*, 873 F.3d 877, 880 (11th Cir. 2017); *Nat'l Credit Union Admin. Bd. v. Nomura Home Equity Loan, Inc.*, 764 F.3d 1199 (10th Cir. 2014); *Budler v. Gen. Motors Corp.*, 400 F.3d 618 (8th Cir. 2005). The Ninth Circuit recently reversed an order denying a motion to dismiss under a statute of repose. *Bennett v. United States*, 44 F.4th 929 (9th Cir. 2022). And the Third Circuit granted interlocutory review to decide whether the relation-back doctrine applies to Exchange Act class claims otherwise barred by a statute of repose. *Se. Pa. Transp. Auth. v. Orrstown Fin. Servs. Inc.*, 12 F.4th 337 (3d Cir. 2021) (*SEPTA*); *infra* at 10–11. Certification is warranted here, too.

**B.    There is at least room for debate about whether the relation-back doctrine applies to class-action complaints that are amended after a statute of repose has run.**

There is "substantial ground for difference of opinion" when "novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions." *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). It is especially clear that judges might disagree about a legal issue when they *already have* disagreed—when "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). A split among district courts likewise supports certification under Section 1292(b). *Asis Internet Servs. v.*

*Active Response Grp.*, 2008 WL 4279695, at *3 (N.D. Cal. Sept. 16, 2008). Here, the Ninth Circuit has not decided whether a class-action complaint that is amended outside a statute of repose can relate back to an earlier, timely class complaint brought by a different plaintiff. This Court decided the answer is yes, but the Ninth Circuit could reach a different conclusion. For one thing, this Court's order is at least in tension with—if not outright contrary to—Supreme Court precedent. For another, courts of appeals and district courts are split as to whether the relation-back doctrine can save amendments to class complaints made outside a statute of repose. Because "fair-minded jurists" regularly "reach contradictory conclusions" on this issue, which the Ninth Circuit has not addressed, certification is warranted here. *Reese*, 643 F.3d at 688.

### 1. The Court's order is in tension with Supreme Court precedent holding that statutes of repose are absolute.

The Supreme Court has not answered the precise question presented here—whether a class complaint brought outside a repose period by a new lead plaintiff can relate back to a timely class complaint brought by a different plaintiff. But it has held that statutes of repose are "unqualified," "complete," and "fixed," and that they provide an "absolute bar" on liability, subject to "no exception." *California Pub. Emps.' Ret. Sys. v. ANZ Secs., Inc.*, 582 U.S. 497, 505, 506, 507 (2017) (*CalPERS*). The Ninth Circuit might well rely on that precedent to hold that the relation-back doctrine cannot be used to bring a class complaint outside a repose period.

The Supreme Court has repeatedly emphasized that statutes of repose are not subject to judicial exceptions. *E.g.*, *CTS Corp. v. Waldburger*, 573 U.S. 1, 8–9 (2014). Unlike a statute of limitations, which may be subject to equitable tolling, *id.*, a statute of repose is "fixed" and cannot be tolled or otherwise delayed, *id.* at 17. Indeed, the Court has emphasized that statutes of repose remain absolute "even in cases of extraordinary circumstances." *Id.* at 9. The Court has made clear that statutes of repose reflect a deliberate legislative decision that "as a matter of policy there should be a specific time beyond which a defendant should no longer be subjected to protracted liability." *Id.* In other words, the whole point of a statute of repose is to establish a complete "cutoff" of a defendant's liability after some fixed period of time. *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 363 (1991).

The Supreme Court has applied this rule to class actions. In *CalPERS*, the Court held that filing a

7

class-action complaint cannot toll a statute of repose.  Unlike statutes of limitations, statutes of repose "grant complete peace to defendants" by offering them "full and final security" after the relevant period. 582 U.S. at 510–11.  The Court was emphatic that statutes of repose provide "a complete defense."  *Id.* at 505–08.

The question in *CalPERS* was whether the holding of *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 553 (1974)—that filing a timely class-action complaint tolls the statute of limitations "for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status"—applies to statutes of repose.  *CalPERS*, 582 U.S. at 510–511. The Court held that it does not, because statutes of repose are "unqualified," and thus "supersede[] the courts' residual authority and foreclose[] the extension of the statutory period based on equitable principles."  *Id.* at 508.  The Court rejected the plaintiff's argument that, under *American Pipe*, "the bringing of the class action would make any subsequent action raising the same claims timely."  *Id.* at 514.  If that were true, the Court explained, then it would not have needed to create a tolling rule in *American Pipe*:  "it would have sufficed for the Court to note the date on which the class action was filed and deem all subsequent individual actions proper, regardless of when filed."  *Id.* at 514–15.  Yet *American Pipe* "reasoned that the class complaint in that case 'was filed with 11 days yet to run' in the statutory period, so the motions for intervention were timely only if filed within 11 days after the denial of class certification."  *Id.*

As discussed below, several lower courts have relied on *CalPERS* and other Supreme Court decisions emphasizing the absolute nature of statutes of repose in holding that the relation-back doctrine does not permit amendments to complaints outside the repose period.  The Ninth Circuit could well do the same, holding that Maryland Electrical is barred by the statute of repose from bringing any claims based on the alleged 2015 statements.  Thus, certification is appropriate.

**2.    Circuit courts and district courts have split on the question whether the relation-back doctrine applies to statutes of repose.**

Circuit and district courts are deeply divided over whether and under what circumstances Rule 15(c)'s relation-back doctrine may be used to amend a class complaint after a statute of repose has run. Some courts have held that the relation-back doctrine cannot be used in the statute-of-repose context at

8

all; others have held that the doctrine may be used to add new details to a timely complaint but not to add new parties or claims; and still others, including this Court, have held that it may be used to add new plaintiffs to a timely complaint. That split confirms that the issue is contestable and worthy of certification.

### a. The Second Circuit has held that the relation-back doctrine does not apply to statutes of repose in putative class actions.

Two Second Circuit decisions have held that putative class members cannot use the relation-back doctrine to amend class complaints after a statute of repose has run. And the Ninth Circuit could rely on those decisions to conclude that the relation-back doctrine doesn't permit a new lead plaintiff to bring claims outside the repose period.

In 2013, the Second Circuit held that absent class members cannot use the relation-back doctrine to amend a class complaint and intervene as named parties after the statute of repose has run. *Police & Fire Ret. Sys. of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 100–01 (2d Cir. 2013). The court reasoned that a statute of repose "'extinguishes a plaintiff's cause of action after the passage of a fixed period of time'" and thus is subject only to "'legislatively created exceptions.'" *Id.* at 106.

Three years later, the Second Circuit clarified that an untimely assertion of claims by a lead plaintiff in a securities class action cannot relate back, under Federal Rule of Civil Procedure 17(a)(3), to an earlier, timely class complaint. *DeKalb Cnty. Pension Fund v. Transocean Ltd.*, 817 F.3d 393, 412–13 (2d Cir. 2016). The court reasoned that Rule 17(a)(3) applies only if "an *honest mistake* has been made in selecting the proper plaintiff." *Id.* at 412. That was not the case in *DeKalb*, where the lead plaintiff could, "'through minimal diligence,'" have filed a timely motion to intervene or its own timely action. *Id.*

Principles articulated in both decisions support dismissal here. *IndyMac* suggests that no claim asserted by a later-filing plaintiff outside the repose period is timely. *DeKalb* suggests that a lead-plaintiff motion and subsequent complaint filed after the repose period has run cannot relate back to an earlier timely class complaint. Under *DeKalb*, would-be plaintiffs are required to exercise diligence to protect their claims after a different plaintiff has filed a complaint within the repose period: they must move to intervene or file claims within the repose period. Maryland Electrical could easily have taken

9

such protective actions here—especially because it is represented by the same counsel as York County.

This Court distinguished *IndyMac* and *DeKalb* (which it found the "more closely analogous" of the two cases) because the claims of the first-filing plaintiffs in those cases were ultimately dismissed on standing grounds—and that is not the case here. ECF 80 at 13, 15. But the Ninth Circuit could disagree about the significance of that factual distinction. That court might well extract from *IndyMac* and *DeKalb*, the most closely analogous circuit-court decisions, the broader principle that the relation-back doctrine does not apply to statutes of repose, or that it does not permit new parties to assert otherwise untimely claims.

> **b.** **The Third and Tenth Circuits have held that the relation-back doctrine may be used to add new factual details—but not necessarily new *plaintiffs*—to class complaints.**

*IndyMac* and *DeKalb* are not the only circuit-court cases on which the Ninth Circuit might reasonably rely in disagreeing with this Court's ruling. The Third and Tenth Circuits have held that the relation-back doctrine may be used to add new factual details to class complaints but not necessarily to add new parties. These decisions too show that reasonable jurists may disagree over the application of procedural relation-back rules to substantive repose rights.

The Tenth Circuit recently held that if a plaintiff files a class complaint within the statute of repose, then an untimely amendment may relate back to the timely complaint if it "adds no parties or causes of action." *Hogan v. Pilgrim's Pride Corp.*, 73 F.4th 1150, 1157–58 (10th Cir. 2023). In *Hogan*, the amended complaint kept the same parties and claims but "added factual allegations to support Plaintiff's existing claims." *Id.* at 1155. Those amendments related back to the original complaint because they did "no more than restate the original claim with greater particularity" and "amplify the details of the transaction alleged in the preceding pleading." *Id.* at 1158.

The Third Circuit has also held that an amended complaint may relate back to a complaint filed within the statute of repose, but only if the amendments altered "details" of the original complaint and—critically—if the same plaintiff brought the original and amended complaints. *SEPTA*, 12 F.4th at 349–50. The Third Circuit repeatedly emphasized that it would not "reach whether a plaintiff may use relation back in this context to add new parties." *Id.* at 350; *accord id.* at 352 n.12.

This Court cited *SEPTA* for the proposition that Defendants' right of repose "never vested"

because York County filed its complaint "within the repose period." ECF 80 at 15. But *SEPTA* held that class-action defendants *do* have a vested right of repose against any *plaintiff* who has not sued before the statute of repose runs. 12 F.4th at 350–51. Maryland Electrical is just such a plaintiff. Similarly, *Hogan* held that amendments made outside a repose period may relate back to a timely complaint when the amendments do not add new parties. 73 F.3th at 1155, 1157. Here, of course, Maryland Electrical's amendment did add a new party—Maryland Electrical itself. For those reasons, this Court's order is at least in tension with *Hogan* and *SEPTA*.

### c.      District courts have also split on this issue.

Most district courts to address the issue have held that plaintiffs cannot use the relation-back doctrine to add new parties or claims after a repose period has run in a class action. *E.g.*, *Silvercreek Mgmt., Inc. v. Citigroup, Inc.*, 248 F. Supp. 3d 428, 451–52 (S.D.N.Y. 2017); *Taylor v. Trevino*, 569 F. Supp. 3d 414, 431 (N.D. Tex. 2021); *Sjunde AP-Fonden v. Gen. Elec. Co.*, 417 F. Supp. 3d 379, 391 (S.D.N.Y. 2019); *Barilli v. Sky Solar Holdings, Ltd.*, 389 F. Supp. 3d 232, 263–64 (S.D.N.Y. 2019); *Bensinger v. Denbury Res. Inc.*, 31 F. Supp. 3d 503, 510 (E.D.N.Y. 2014); *Harris v. OSI Fin. Servs., Inc.*, 595 F. Supp. 2d 885, 898 (N.D. Ill. 2009). Many of these decisions have emphasized the absolute nature of statutes of repose, whose purpose is to mark a final end to the threat of new plaintiffs and claims. For example:

- In *De Vito v. Liquid Holdings Group, Inc.*, 2018 WL 6891832 (D.N.J. Dec. 31, 2018), the court relied heavily on *CalPERS* in deciding that the relation-back doctrine could not be used to add a new named plaintiff to a securities class-action complaint after the statute of repose had run. The court reasoned that "relation-back is in tension with the principle that a statute of repose is a rigid and essential limitation on the scope of the cause of action itself—an 'absolute bar on a defendant's temporal liability.'" *Id.* at *24. The court further noted that Rule 15(c) exists "to prevent parties against whom claims are made from taking unjust advantage of otherwise inconsequential pleading errors to sustain a limitations defense." *Id.* (quoting Fed. R. Civ. P. 15 advisory committee's note to 1991 amendment). Because the plaintiff in *De Vito* tried to use the relation-back doctrine to add a new plaintiff rather than correct an honest pleading error, "relation-back under Rule 15(c)" was unavailable. *Id.*

11

- In *JRS Partners, GP v. Leech Tishman Fuscaldo & Lampl, LLC*, 615 F. Supp. 3d 750, 765 (M.D. Tenn. 2022), the court relied on *CalPERS* to hold that applying the relation-back doctrine to statutes of repose to permit the assertion of new claims would "torpedo the very purpose of statutes of repose, which is to 'give more explicit and certain protection to defendants.'" *Id.*  Statutes of repose can accomplish their goal of giving "*complete* peace to a defendant as to liability . . . only to the extent that such expiration extinguishes such liability *completely*—as opposed to merely *generally*, subject to one or more exceptions such as the application of relationship-back doctrine." *Id.*

- Similarly, a court in this District recently held that the relation-back doctrine cannot be used to add a new defendant to a complaint outside a statute of repose.  In *United States ex rel. Osinek v. Permanente Medical Group, Inc.*, 2022 WL 16943886 (N.D. Cal. Nov. 14, 2022), the court acknowledged that although some courts have allowed use of the relation-back doctrine to add new factual details to a complaint outside the statute of repose, it was not aware of any decision holding that the relation-back doctrine may be used to add a new party.  *Id.* at *10–11.

Some district courts have held that statutes of repose do not bar *all* amendments to complaints after a statute of repose has run.  Those courts, like the courts in *Hogan* and *SEPTA*, allow plaintiffs to use the relation-back doctrine to add factual details to existing allegations in a timely complaint.  *E.g.*, *United States ex rel. Carter v. Halliburton Co.*, 315 F.R.D. 56, 64 (E.D. Va. 2016) (explaining that categorically barring use of relation-back against statutes of repose would "have anomalous results" because it "would preclude all amendments," including those that do "nothing more than add specificity or clarify a complaint"); *In re Sharps Run Assocs., L.P.*, 157 B.R. 766, 784–85 (D.N.J. 1993) (ruling that statutes of repose do not necessarily bar use of the relation-back doctrine where amendments add new details but not new parties or claims).

This Court's order, by contrast, permits the prosecution of claims by a plaintiff who never filed a timely action.  Two other courts have done the same.  *In re LexinFintech Holdings Ltd. Sec. Litig.*, 2021 WL 5530949, at *17–18 (D. Or. Nov. 24, 2021); *Martin v. Altisource Residential Corp.*, 2019 WL 2762923, at *6 (D.V.I. July 2, 2019).

DEFENDANTS' MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL
Case No. 4:20-cv-07835-JSW

That district courts have taken three different approaches to the question presented here, and that this Court's approach is in the minority, underscores that certification is warranted. *See Asis Internet Servs.*, 2008 WL 4279695, at *3 (split among district courts favors certification under Section 1292(b)).

**3.    The Ninth Circuit might conclude that the Rules Enabling Act prohibits applying Rule 15 or Rule 23 in a way that would alter the substantive rights created by statutes of repose.**

Another reason for certification is that there is at least room for disagreement about whether allowing use of the relation-back doctrine to circumvent a repose period violates the Rules Enabling Act. Rights granted by Congress may be taken away by Congress or the Constitution, but not by judge-made procedural rules. Although the Rules Enabling Act grants the Supreme Court "the power to prescribe general rules of practice and procedure," including the Federal Rules of Civil Procedure, those rules cannot "abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072(a), (b). Because statutes of repose create a substantive right of freedom from the threat of litigation, many courts have held that the Rules Enabling Act prohibits using Rule 15's relation-back doctrine to alter that right.

In *IndyMac*, the Second Circuit held that allowing a plaintiff to use the relation-back doctrine to evade a statute of repose would "necessarily enlarge or modify a substantive right and violate the Rules Enabling Act." 721 F.3d at 109. In *De Vito*, the District of New Jersey ruled that permitting relation back in a case like this one "would violate the Rules Enabling Act because it would abridge a party's right to be free from suit under [a] statute of repose, which is a substantive entitlement." 2018 WL 6891832, at *24. And in *Barilli*, the Southern District of New York ruled that "to allow a plaintiff to utilize Rule 15(c) to avoid the statute of repose would significantly abridge the substantive, statutory rights of Defendants in violation of the Rules Enabling Act." 389 F. Supp. 3d at 264.

The reasoning in these decisions applies just as much to Rule 23, which does not "so much as mention the extension or suspension of statutory time bars." *CalPERS*, 582 U.S. at 509. If this were a single-plaintiff case rather than a putative class action, there could be no doubt that the statute of repose would create "an absolute bar"—subject to "no exception[s]"—to Defendants' liability as to the 2015 claims. *Id.* at 505–07. The Ninth Circuit might well decide that the fact that this is a putative class action should not deprive Defendants of repose rights they would enjoy in an individual action. After all, absent class members (including Maryland Electrical, before it came into the case) are strangers to a class action

13

before it is certified; they are not parties in any sense. *Smith v. Bayer Corp.*, 564 U.S. 299, 313 (2011). Only the plaintiffs are. *Moser v. Benefytt, Inc.*, 8 F.4th 872, 878 (9th Cir. 2021). For the same reason, a defendant cannot move to dismiss the claims of unnamed putative class members because, before certification, they "are not before the court." *Id.*

Granted, absent class members receive the benefit of *American Pipe* tolling, but the Supreme Court has unequivocally held that *American Pipe* tolling does not apply to statutes of repose, which "grant complete peace to defendant" and are not subject to equitable exceptions. *CalPERS*, 582 U.S. at 510–11. Rule 23 is a procedural tool designed to facilitate the aggregated adjudication of claims. The Ninth Circuit could therefore conclude that absent class members must bring any new class complaints within the statute of repose, and that Maryland Electrical's filing of an amended complaint outside the five-year repose period impermissibly diminished Defendants' substantive repose rights. 28 U.S.C. § 1658(b)(2). Put another way, the Ninth Circuit might conclude that Maryland Electrical was erroneously given the chance to escape the statute of repose simply because this is a putative class action rather than a traditional action. Certification would provide an opportunity to decide whether application of the relation-back doctrine to statutes of repose impermissibly supercharges Rule 23 and runs afoul of the Rules Enabling Act, as many district courts have held.

### IV.    CONCLUSION

This Court should certify for interlocutory appeal its order denying in part Defendants' renewed motion to dismiss.

Dated:  April 26, 2024

**GIBSON, DUNN & CRUTCHER LLP**

*/s/ Brian M. Lutz*
BRIAN M. LUTZ SBN 255976
MICHAEL J. KAHN, SBN 303289
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone:  415.393.8200
Facsimile:  415.393.8306
BLutz@gibsondunn.com
MJKahn@gibsondunn.com

LISSA M. PERCOPO (*pro hac vice*)

14

1050 Connecticut Ave., N.W.
Washington, D.C. 20036
Telephone:  202.887.3770
Facsimile:  202.530.9528
lpercopo@gibsondunn.com

**SIDLEY AUSTIN LLP**
SARA B. BRODY, SBN 130222
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone:  415.772.1200
sbrody@sidley.com


*Counsel for Defendants HP Inc., Dion J. Weisler,*
*Catherine A. Lesjak, Enrique Lores, and Richard Bailey*


By:  */s/ Katherine Henderson*

**WILSON SONSINI GOODRICH & ROSATI**

KATHERINE HENDERSON, SBN 242676
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105-1101
Telephone:  415.947.2065
khenderson@wsgr.com

*Counsel for Defendant Catherine A. Lesjak*


### ATTESTATION (CIVIL LOCAL RULE 5-1(i)(3))

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the signatories.

Dated:  April 26, 2024                               **GIBSON, DUNN & CRUTCHER LLP**

*/s/ Brian M. Lutz*
BRIAN M. LUTZ