**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| YORK COUNTY ON BEHALF OF THE COUNTY OF YORK RETIREMENT FUND, <br><br> Plaintiff, <br><br> v. <br><br> HP INC., et al., <br><br> Defendants. | Case No. 4:20-cv-07835-JSW <br><br> **[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(B)** |

On April 26, 2024, Defendants HP Inc., Dion J. Weisler, Catherine A. Lesjak, Enrique Lores, and Richard Bailey filed a motion for certification under 28 U.S.C. § 1292(b).  Defendants seek interlocutory review of the Court's order granting in part and denying in part their renewed motion to dismiss.  ECF 80.  They contend that the order presents a legal question worthy of immediate appellate review: "whether the relation-back doctrine applies to claims otherwise barred by a statute of repose and, if so, whether it permits the assertion of claims by a new plaintiff outside the repose period."  The Court, having fully reviewed and considered all papers and arguments submitted in support of and in opposition to the motion, hereby grants the motion and certifies its order for interlocutory appeal.

Interlocutory appeal under Section 1292(b) is appropriate if the Court's order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and if "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  The Court's order meets those requirements, so certification is appropriate.

The statute-of-repose question on which the Court ruled is a controlling, purely legal question—and one that could end this case.  *See In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981) (ruling that "all that must be shown . . . for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation"); *ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130–31 (9th Cir. 2022) (ruling that a legal question is controlling if its resolution would "'appreciably shorten the time, effort, or expense of conducting' the district court proceedings").  Here, Maryland Electrical is pursuing claims related to challenged statements made in both 2015 and 2016.[1]  The claims about statements in 2015 are barred by the statute of repose unless the relation-back doctrine saves them.  And Maryland Electrical lacks standing to bring claims about statements made in 2016 because it sold all its HP stock in 2015.  In its order, the Court held that Maryland Electrical may bring its 2016 claims only as tagalong class claims alongside its 2015 claims.  If the Ninth Circuit holds on interlocutory review that the statute of repose bars Maryland Electrical's attack on the 2015 statements,

---

[1] Defendants argue that Maryland Electrical's claims related to Defendants' alleged statements made before April 21, 2016, are barred by the statute of repose.  Defendants allegedly made those statements on November 5, 2015, November 24, 2015, December 16, 2015, February 24, 2016, March 1, 2016, and March 3, 2016.  Defendants refer to these statements as the "2015 statements" or the "2015 claims" for ease of reference.  The Court does the same here.

Maryland Electrical would have no standing to bring only the 2016 claims, and the case would come to an end.

There is also substantial ground for difference of opinion on whether the relation-back doctrine may be used to circumvent a statute of repose—either at all or specifically to name a new party after the repose period has run. *See Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (holding that there is "substantial ground for difference of opinion" when "novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions"); *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (explaining that certification for interlocutory appeal is appropriate when "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point"). The Court's ruling is at least in tension with Supreme Court decisions holding that statutes of repose are absolute. *See California Pub. Emps.' Ret. Sys. v. ANZ Secs., Inc.*, 582 U.S. 497, 505, 506, 507 (2017) (holding that statutes of repose are "unqualified," "complete," and "fixed," and that they provide an "absolute bar" on liability, subject to "no exception"); *CTS Corp. v. Waldburger*, 573 U.S. 1, 8–9 (2014) (holding that statutes of repose are "fixed" and subject to no exceptions); *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 363 (1991) (holding that a statute of repose establishes a complete "cutoff" of a defendant's liability after a defined period of time). The Ninth Circuit could reasonably rely on that precedent to enforce the statute of repose here, barring the 2015 claims, thus ending the litigation outright.

In addition, there is deep division among lower courts over whether the relation-back doctrine applies to statutes of repose at all and, if so, under what circumstances. Some courts, including circuit courts in closely analogous cases, have held that statutes of repose bar any amendments to class complaints outside of the repose period. *See DeKalb Cnty. Pension Fund v. Transocean Ltd.*, 817 F.3d 393, 412–13 (2d Cir. 2016) (holding that an untimely assertion of claims by a lead plaintiff in a securities class action cannot relate back, under Federal Rule of Civil Procedure 17(a)(3), to an earlier, timely class complaint); *Police & Fire Ret. Sys. of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 106 (2d Cir. 2013) (holding that a statute of repose "'extinguishes a plaintiff's cause of action after the passage of a fixed period of time'" and thus is subject only to "'legislatively created exceptions'"). Other courts have held that the relation-back doctrine can apply to statutes of repose to add new factual allegations or to fix innocent pleading

errors, but not to add new parties. *E.g.*, *Hogan v. Pilgrim's Pride Corp.*, 73 F.4th 1150, 1157–58 (10th Cir. 2023). A third group of courts, including this one, have held the relation-back doctrine may be used even to add a new party—here, a new lead plaintiff—outside the repose period. *See In re LexinFintech Holdings Ltd. Sec. Litig.*, 2021 WL 5530949, at *17–18 (D. Or. Nov. 24, 2021); *Martin v. Altisource Residential Corp.*, 2019 WL 2762923, at *6 (D.V.I. July 2, 2019). Reasonable judges therefore can—and often do—reach different conclusions on this controlling and recurring legal issue, which the Ninth Circuit has not addressed.

Finally, some courts addressing this issue have enforced statutes of repose by invoking the Rules Enabling Act, which prohibits using any Federal Rule of Civil Procedure to abridge a party's substantive rights. *E.g.*, *IndyMac*, 721 F.3d at 109 (holding that allowing a plaintiff to use the relation-back doctrine to evade a statute of repose would "necessarily enlarge or modify a substantive right and violate the Rules Enabling Act"). The Ninth Circuit could join those courts and hold that neither Rule 15(c) nor Rule 23 may be used to expand Maryland Electrical's substantive rights or curtail the rights of Defendants.

In short, this case presents an important and recurring question about statutes of repose, and courts can—and regularly do—disagree about the answer. The Ninth Circuit has yet to weigh in, and this case presents an ideal opportunity for it to do so. Section 1292(b) was designed to ensure the availability of appellate review in cases like this one—those presenting significant and highly debatable legal questions that, if decided in the one party's favor, could end the case. Accordingly, the Court certifies its order for interlocutory appeal under 28 U.S.C. § 1292(b).

**IT IS HEREBY ORDERED** that Defendants' motion to certify for interlocutory review the Court's order granting in part and denying in part Defendants' renewed motion to dismiss this case (ECF 80) is GRANTED.

**IT IS SO ORDERED.**

DATE: _____                              _____

Hon. Jeffrey S. White
United States District Judge