ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (168593)
DARRYL J. ALVARADO (253213)
RACHEL A. COCALIS (312376)
T. ALEX B. FOLKERTH (338140)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
dalvarado@rgrdlaw.com
rcocalis@rgrdlaw.com
afolkerth@rgrdlaw.com

Lead Counsel for Lead Plaintiff Maryland Electrical
Industry Pension Fund and Named Plaintiff York County on
behalf of the County of York Retirement Fund

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| YORK COUNTY ON BEHALF OF THE COUNTY OF YORK RETIREMENT FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>                                    Plaintiff,<br><br>     vs.<br><br>HP INC., et al.,<br><br>                                    Defendants. | Case No. 4:20-cv-07835-JSW (LJC)<br><br><u>CLASS ACTION</u><br><br>LEAD PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. §1292(b)<br><br>DATE:        June 7, 2024<br>TIME:        9:00 a.m.<br>CTRM:       5, 2nd Floor<br>JUDGE:      The Hon. Jeffrey S, White |

4896-0943-8909.v1

**TABLE OF CONTENTS**

**Page**

I.      ISSUE TO BE DECIDED ...................................................................................................1

II.     INTRODUCTION ............................................................................................................1

III.    RELEVANT BACKGROUND ........................................................................................3

IV.     ARGUMENT ....................................................................................................................4

        A.      Defendants Fail to Identify a Controlling Question of Law ...................................5

        B.      Defendants Fail to Identify Substantial Grounds for Difference of Opinion
                About the Court's Order ........................................................................................8

        C.      Defendants Fail to Establish that an Immediate Appeal Will Materially
                Advance the Ultimate Termination of This Litigation ..........................................14

V.      CONCLUSION..................................................................................................................15

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Alila-Katita v. U.S. Bank Nat'l Ass'n*,
  2016 WL 11187256 (N.D. Cal. Nov. 10, 2016) ....................................................................11

*Am. Pipe & Constr. Co. v. Utah*,
  414 U.S. 538 (1974)................................................................................................................2

*Asis Internet Servs. v. Active Response Grp.*,
  2008 WL 4279695 (N.D. Cal. Sept. 16, 2008) ....................................................................12

*Astiana v. Dreyer's Grand Ice Cream, Inc.*,
  2012 WL 4892391 (N.D. Cal. Oct. 12, 2012)......................................................................13

*Barahona v. Union Pac. R.R. Co.*,
  881 F.3d 1122 (9th Cir. 2018) .............................................................................................13

*Barilli v. Sky Solar Holdings, Ltd.*,
  389 F. Supp. 3d 232 (S.D.N.Y. 2019)............................................................................12, 13

*Bensinger v. Denbury Res. Inc.*,
  31 F. Supp. 3d 503 (E.D.N.Y. 2014) ...................................................................................12

*C.W. v. Epic Games, Inc.*,
  2020 WL 6064422 (N.D. Cal. Oct. 14, 2020).....................................................................14

*Carrillo v. Schneider Logistics Trans-Loading & Distrib., Inc.*,
  2014 WL 1155403 (C.D. Cal. Mar. 21, 2014).......................................................................6

*Chavez v. Blue Sky Nat. Beverage Co.*,
  2011 WL 13153874 (N.D. Cal. Sept. 27, 2011) .................................................................5, 8

*Cipollone v. Liggett Grp., Inc.*,
  505 U.S. 504 (1992)................................................................................................................9

*Coopers & Lybrand v. Livesay*,
  437 U.S. 463 (1978)................................................................................................................5

*Couch v. Telescope Inc.*,
  611 F.3d 629 (9th Cir. 2010) ........................................................................................ *passim*

*CTS Corp. v. Waldburger*,
  573 U.S. 1 (2014)....................................................................................................................9

*Cunha v. Hansen Nat. Corp.*,
  2012 WL 12886194 (C.D. Cal. Oct. 22, 2012)....................................................................14

**Page**

*Dekalb Cnty. Pension Fund v. Transocean Ltd.*,
817 F.3d 393 (2d Cir. 2016)........................................................................................................9

*Finjan, Inc. v. Check Point Software Techs., Inc.*,
2020 WL 1929250 (N.D. Cal. Apr. 21, 2020) ...........................................................................5

*Flores v. Velocity Express, LLC*,
2015 WL 4463639 (N.D. Cal. July 21, 2015).........................................................................13

*Friedman v. 24 Hour Fitness USA, Inc.*,
2009 WL 545783 (C.D. Cal. Mar. 3, 2009).............................................................................15

*Friends of Yosemite Valley v. Kempthorne*,
520 F.3d 1024 (9th Cir. 2008) ........................................................................................6, 7, 14

*Gonzalez v. S. F. Hilton, Inc.*,
2023 WL 8438574 (N.D. Cal. Dec. 5, 2023)............................................................................5

*Harris v. OSI Fin. Servs., Inc.*,
595 F. Supp. 2d 885 (N.D. Ill. 2009) .....................................................................................12

*Heaton v. Soc. Fin., Inc.*,
2016 WL 232433 (N.D. Cal. Jan. 20, 2016).........................................................................5, 6

*Henley v. Jacobs*,
2019 WL 8333448 (N.D. Cal. Oct. 25, 2019)...........................................................................7

*Herrera v. Wells Fargo, N.A.*,
2020 WL 7051097 (C.D. Cal. Oct. 8, 2020)...........................................................................12

*Hogan v. Pilgrim's Pride Corp.*,
73 F.4th 1150 (10th Cir. 2023) ...........................................................................2, 9, 10, 11

*In re Cement Antitrust Litig.*,
673 F.2d 1020 (9th Cir. 1981), *aff'd sub nom.*
*Ariz. v. Ash Grove Cement Co.*,
459 U.S. 1190 (1981)..............................................................................................................1, 5

*In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*,
966 F. Supp. 2d 1031 (C.D. Cal. 2013) ..................................................................................15

*In re LexinFintech Holdings Ltd. Sec. Litig.*,
2021 WL 5530949 (D. Or. Nov. 24, 2021)...........................................................................13

**Page**

*In re NIO, Inc. Sec. Litig.*,
2023 WL 5048615 (E.D.N.Y. Aug. 8, 2023)................................................................................2, 9

*In re Sharps Run Assocs., L.P.*,
157 B.R. 766 (D.N.J. 1993) ...........................................................................................................12

*In re Snap Inc. Sec. Litig.*,
2018 WL 3816764 (C.D. Cal. Aug. 8, 2018)..............................................................2, 5, 6, 7

*In re Soc. Media Adolescent Addiction/Pers. Inj. Prod. Liab. Litig.*,
2024 WL 1205486 (N.D. Cal. Feb. 2, 2024) ...........................................................................15

*In re Tahoe Res., Inc. Sec. Litig.*,
2020 WL 1433514 (D. Nev. Mar. 23, 2020) ...........................................................................13

*James v. Price Stern Sloan, Inc.*,
283 F.3d 1064 (9th Cir. 2002) .......................................................................................................4

*JRS Partners, GP v. Leech Tishman Fuscaldo & Lampl, LLC*,
615 F. Supp. 3d 750 (M.D. Tenn. 2022)....................................................................................12

*Jud. Watch, Inc. v. Griswold*,
2022 WL 3681986 (D. Colo. Aug. 25, 2022) .............................................................................6

*Martin v. Altisource Residential Corp.*,
2019 WL 2762923 (D.V.I. July 2, 2019)....................................................................................13

*Nacarino v. Chobani, LLC*,
2022 WL 833328 (N.D. Cal. Mar. 21, 2022)..............................................................................6

*Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*,
721 F.3d 95 (2d Cir. 2013)................................................................................................. *passim*

*Ret. Sys. v. ANZ Sec., Inc.*,
582 U.S. 497 (2017)............................................................................................................. *passim*

*Se. Pa. Transp. Auth. v. Orrstown Fin. Servs. Inc.*,
12 F.4th 337 (3d Cir. 2021) ................................................................................................9, 10, 11

*Silvercreek Mgmt., Inc. v. Citigroup, Inc.*,
248 F. Supp. 3d 428 (S.D.N.Y. 2017)........................................................................................12

*Sjunde AP-Fonden v. Gen. Elec. Co.*,
417 F. Supp. 3d 379 (S.D.N.Y. 2019)........................................................................................12

**Page**

*Smith v. Levine Leichtman Cap. Partners, Inc.*,
   2011 WL 13152867 (N.D. Cal. Mar. 9, 2011)......................................................................15

*SolarCity Corp. v. Salt River Project Agric
   Improvement & Power Dist.*,
   859 F.3d 720 (9th Cir. 2017) .................................................................................................5

*Steering Comm. v. United States*,
   6 F.3d 572 (9th Cir. 1993) ....................................................................................................7

*U.S. Rubber Co. v. Wright*,
   359 F.2d 784 (9th Cir. 1966) ............................................................................................2, 8

*United States ex rel. Carter v. Halliburton Co.*,
   315 F.R.D. 56 (E.D. Va. 2016),
   *aff'd*, 866 F.3d 199 (4th Cir. 2017).....................................................................................12

*United States v. Acad. Mortg. Corp.*,
   2018 WL 6592782 (N.D. Cal. Dec. 14, 2018).......................................................................5

*United States v. Bentson*,
   947 F.2d 1353 (9th Cir. 1991) .............................................................................................11

*York Cnty. on Behalf of Cnty. of York Ret. Fund v. HP, Inc.*,
   65 F.4th 459 (9th Cir. 2023) .........................................................................................2, 3, 8

**STATUTES, RULES, AND REGULATIONS**

28 U.S.C
   §1292(b)............................................................................................................... *passim*

Federal Rules of Civil Procedure
   Rule 15 ..................................................................................................................................7
   Rule 15(a)......................................................................................................................2, 4, 9
   Rule 15(c)............................................................................................................................10
   Rule 15(c)(1)(C)..................................................................................................................12
   Rule 23 ..................................................................................................................................7

## I.    ISSUE TO BE DECIDED

Whether the extraordinary remedy of certification for interlocutory appeal under 28 U.S.C §1292(b) is justified where: (i) the Court's Order Granting in Part and Denying in Part Renewed Motion to Dismiss (ECF 80) ("Order") does not involve controlling issues of law; (ii) substantial grounds do not exist for a difference of opinion about the ruling; and (iii) an immediate appeal will delay rather than materially advance the ultimate termination of the litigation.

## II.    INTRODUCTION

Desperate to avoid litigating this case on the merits, Defendants have filed a Hail Mary Motion to Certify Order for Interlocutory Appeal Under 28 U.S.C. §1292(b) (ECF 83) ("Motion" or "Mtn.").[1]  Although the action was filed more than ***three-and-a-half years ago*** and concerns conduct that took place ***eight years ago***, Defendants seek to erect yet another procedural roadblock to avoid answering for their conduct.  But after successfully concealing their fraudulent conduct for years until the SEC Order, losing in the Ninth Circuit, and losing their renewed motion to dismiss, it is now time for the parties to test the Complaint's claims on the evidence.

That is particularly the case here, where Defendants fail to meet the extraordinarily high burden for obtaining an immediate interlocutory appeal under §1292(b).  Indeed, only "'***exceptional circumstances*** justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment,'" and thus, Defendants must satisfy ***all three*** of the §1292(b) elements.  *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981), *aff'd sub nom. Ariz. v. Ash Grove Cement Co.*, 459 U.S. 1190 (1981).  No such exceptional circumstances exist here, as Defendants have failed to satisfy ***any*** of the required elements.

First, the issue Defendants seek to present to the Ninth Circuit regarding the Court's ruling – which pertains only to the misrepresentation claim – does not involve "a controlling question of law."  28 U.S.C. §1292(b).  "[T]his litigation will proceed in substantially the same form and scope whether or not Plaintiffs' [misrepresentation] claims are litigated" because the Complaint's §10(b)

---

[1]    Unless otherwise noted, all emphasis is added and citations are omitted, and capitalized terms herein have the same meaning as in Plaintiffs' Memorandum of Law in Opposition to Defendants' Renewed Motion to Dismiss the Consolidated Complaint (ECF 74).

scheme liability and §20(a) control-person claims remain. *In re Snap Inc. Sec. Litig.*, 2018 WL 3816764, at *1 (C.D. Cal. Aug. 8, 2018). Accordingly, because "the legal question presented for review is 'relevant to only one of several causes of action alleged,'" Defendants have failed to establish a controlling question of law. *Id.* (quoting *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966)). In addition, Defendants' musing about the Ninth Circuit's interest in their proposed question is belied by the facts. Defendants asked the Ninth Circuit to affirm dismissal on the very repose question they now seek to appeal, the Parties filed more than 30 pages of briefing and devoted a substantial amount of their oral argument before the Ninth Circuit on this question, and the Ninth Circuit "***decline[d] to rule . . . the statute of repose***." *See York Cnty. on Behalf of Cnty. of York Ret. Fund v. HP, Inc.*, 65 F.4th 459, 468 (9th Cir. 2023).

Second, there is no fundamental disagreement regarding the question the Court resolved: whether a "[L]ead [P]laintiff appointed after the statute of repose [may file an amended complaint] under Rule 15(a) [where] (1) the action was timely initiated; (2) by a plaintiff with Article III standing; and (3) the fraud claims raised and defendants named in the amended complaint were encompassed by the original complaint." Order at 16. Indeed, this is because HP, Weisler, and Lesjak's "right [to repose] ***never vested*** because York County initiated the action within the repose period," and "Maryland Electrical merely added additional detail to the ***existing claims***" timely brought on behalf of Lead Plaintiff and ***all*** putative Class members in York County's complaint. Order at 15-16. As the Court correctly observed, "[t]he Consolidated Complaint did not add claims of fraud for the first time, but rather adopted the allegations already within the original complaint." Order at 15-16; *see also Hogan v. Pilgrim's Pride Corp.*, 73 F.4th 1150, 1161 (10th Cir. 2023) ("[A]s we have explained, filing the SAC did not constitute bringing a claim."). Rather, through the Complaint, Lead Plaintiff merely restated its and the Class's claims, which had been originally brought by York County in the first complaint. *See, e.g.*, *In re NIO, Inc. Sec. Litig.*, 2023 WL 5048615, at *4 (E.D.N.Y. Aug. 8, 2023) ("'***[F]iling of a timely class action complaint commences the action for all members of the class as subsequently determined,' meaning the unnamed class members have already brought their claims unless they are excluded from any class definition or opt out of the class***.") (quoting *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 550 (1974)). Further,

while Defendants attempt to manufacture a circuit split, they cannot run from their prior admission that the circuit opinions they now rely on "*do not conflict with*" one another.  ECF 75 at 11.

Third, an immediate appeal will not materially advance the ultimate termination of this litigation because the Complaint's §10(b) scheme liability claim against HP (for the full Class Period) and Bailey (after April 21, 2016) and §20(a) claim against all Defendants remain.  Further, discovery will proceed in the same scope and manner because the facts underlying Defendants' unchallenged scheme overlap with the alleged misstatements.  As Defendants recognize, the Complaint's scheme liability claim "is *indistinguishable* from Plaintiff's misstatement claim."  ECF 69-1 at 3.  Thus, certification of Defendants' question will only delay resolution of this litigation.

At bottom, Defendants have failed to establish any of the applicable factors warranting certification – let alone all three.  Their Motion must be denied.

## III.    RELEVANT BACKGROUND

On November 5, 2020, named plaintiff York County on behalf of the County of York Retirement Fund ("York County") filed the initial class complaint in this action.  ECF 1.  Pursuant to the PSLRA, on January 4, 2021, Maryland Electrical Industry Pension Fund ("Lead Plaintiff" or "Maryland Electrical") filed a motion to be appointed lead plaintiff in this action.  ECF 19.  Maryland Electrical's motion was granted on February 11, 2021 (ECF 30), and it filed the Consolidated Complaint on April 21, 2021.

On June 21, 2021, Defendants filed a motion to dismiss the Complaint.  ECF 45.  York County and Maryland Electrical opposed the motion.  ECF 50.  Thereafter, Defendants filed a reply in further support of their motion.  ECF 53.  On March 3, 2022, the Court granted Defendants' motion on statute of limitations grounds.  ECF 58.  York County and Lead Plaintiff appealed the Court's order.  ECF 60.  On April 11, 2023, the Ninth Circuit reversed the statute of limitations ruling and "decline[d] to rule on Maryland Electrical's standing as lead plaintiff, the statute of repose or the adequacy of Maryland Electrical's complaint."  *York Cnty.*, 65 F.4th at 468.

On July 21, 2023, Defendants filed a renewed motion to dismiss (ECF 69), which Lead Plaintiff and York County opposed on August 18, 2023 (ECF 74).  Following supplemental briefing (ECFs 78-79), the Court granted in part and denied in part Defendants' renewed motion.  ECF 80.

LEAD PLAINTIFF'S MEMO OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO CERTIFY
ORDER FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. §1292(b) - 4:20-cv-07835-JSW (LJC)    - 3 -
4896-0943-8909.v1

With regard to the Complaint's §10(b) misrepresentation claim, the Court rejected Defendants' repose argument in its entirety as to HP, Lesjak, and Weisler, holding that "Defendants would have had a right of repose from a *new suit* five years after making the allegedly fraudulent statements. *That right never vested because York County initiated the action within the repose period*." Order at 15; *see also id.* at 34-35 ("*The action is not barred by the statute of repose as to Defendants HP, Weisler, or Lesjak*."). Further, the Court explained: "The Consolidated Complaint did not add claims of fraud for the first time, but rather adopted the allegations already within the original complaint. It was *nothing more than a continuation of the litigation already in progress*." Order at 15-16; *see also id.* at 16 ("Maryland Electrical merely added additional detail to the existing claims.").

After holding that Defendants' right to repose never vested, the Court separately held:

> [A]mendments to a complaint brought in an action arising under the 1934 Act by a lead plaintiff appointed after the statute of repose relate back to the date of the original complaint under Rule 15(a) if: (1) the action was timely initiated; (2) by a plaintiff with Article III standing; and (3) the fraud claims raised and defendants named in the amended complaint were encompassed by the original complaint.

Order at 16. The Court reasoned that relation-back was appropriate in part because "Defendants [HP, Weisler, and Lesjak] were well aware of the forthcoming entry of a lead plaintiff . . . and requested to forego responding to the complaint until a lead plaintiff was appointed. Defendants' expectations were not disturbed." *Id.*

Finally, the Court held "statements made [by Lores and Bailey, who were not named in the initial compliant,] before [April 21, 2016] are outside of the statute of repose, and Lores and Bailey may not be held liable for them." ECF 80 at 17. One month later, Defendants filed their Motion.

## IV.    ARGUMENT

Section 1292(b) is a disfavored "departure from the normal rule that only final judgments are appealable." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). Accordingly, §1292(b) motions "must be construed narrowly." *Id.* As the Ninth Circuit has warned:

> If non-final decisions were generally appealable, cases could be interrupted and trials postponed indefinitely as enterprising appellants bounced matters between the district and appellate courts. Costs would be inflated by such a multiplication of proceedings, and district courts would be inhibited in their ability to manage

litigation efficiently[.]    Moreover, "piecemeal appeals would undermine the independence of the district judge."

*SolarCity Corp. v. Salt River Project Agric. Improvement & Power Dist.*, 859 F.3d 720, 723 (9th Cir. 2017).  Therefore, "[c]ertification for interlocutory appeal should be applied ***sparingly and only granted in exceptional situations*** in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *Gonzalez v. S. F. Hilton, Inc.*, 2023 WL 8438574, at *1 (N.D. Cal. Dec. 5, 2023) (White, J.) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)); *Cement Antitrust Litig.*, 673 F.2d at 1026; *see also Chavez v. Blue Sky Nat. Beverage Co.*, 2011 WL 13153874, at *9 (N.D. Cal. Sept. 27, 2011) (White, J.) (same).  If the district court certifies an appeal, the court of appeals decides whether to accept it.  *See* 28 U.S.C. §1292(b).

Certification pursuant to §1292(b) is only appropriate if the moving party satisfies its heavy burden to show ***all three*** of the following criteria: "[1] a controlling question of law [; 2] as to which there is substantial ground for difference of opinion[;] and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. §1292(b); *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (Certification "requires the district court to expressly find in writing that all three §1292(b) requirements are met.").  Even if the movant meets these requirements, "a district court's decision to grant or deny certification is entirely discretionary," and a decision to deny certification is "unreviewable." *Finjan, Inc. v. Check Point Software Techs., Inc.*, 2020 WL 1929250, at *3 (N.D. Cal. Apr. 21, 2020).  None of these factors warrant an immediate appeal here.

A.    **Defendants Fail to Identify a Controlling Question of Law**

"The touchstone of the analysis under Section 1292(b) is whether there is a controlling legal question the resolution of which 'would more speedily terminate the litigation.'" *Snap*, 2018 WL 3816764, at *1.  This "touchstone" is not satisfied where the "litigation will proceed in substantially the same form and scope whether or not" the movant ultimately succeeds on appeal.  *Id.*; *see also Heaton v. Soc. Fin., Inc.*, 2016 WL 232433, at *6 (N.D. Cal. Jan. 20, 2016) (no "controlling question of law" where "a [favorable appellate] decision would only dispose of one claim, not the entire suit"); *United States v. Acad. Mortg. Corp.*, 2018 WL 6592782, at *5 (N.D. Cal. Dec. 14, 2018)

(question is not controlling if the resolution would merely "'shorten the time, effort or expense of the lawsuit'"). "Indeed, this is precisely why courts have consistently rejected interlocutory review where the legal question presented for review is 'relevant to only one of several causes of action alleged.'" *Snap*, 2018 WL 3816764, at *1; *see also Carrillo v. Schneider Logistics Trans-Loading & Distrib., Inc.*, 2014 WL 1155403, at *4 (C.D. Cal. Mar. 21, 2014) (holding that where plaintiff had multiple alternative theories of liability, non-dispositive legal question was "not a 'controlling' question").

Because Defendants do not challenge the scheme liability claim, they cannot establish a "controlling question of law" – that is, even a successful appeal "would only dispose of one claim, not the entire suit." *Heaton*, 2016 WL 232433, at *6; *see also Jud. Watch, Inc. v. Griswold*, 2022 WL 3681986, at *5 (D. Colo. Aug. 25, 2022) (no controlling question where "[e]ven if the [appellate court] agrees" with the movant, "the case would not be dismissed").[2] To be sure, the Court upheld the scheme claim and the §20(a) claim, and Defendants do not seek interlocutory appeal of those rulings. *See* Order at 19 ("The Consolidated Complaint Alleges a Scheme Liability Claim Under Rule 10b-5(a) and (c) as to Bailey and HP . . . ."); *see also id.* at 35 ("Defendants' Motion to Dismiss Maryland Electrical's Section 20(a) claim is denied.").[3]

Relatedly, there is no "'controlling question'" where the case will proceed "on largely the very same facts" as unchallenged claims. *Snap*, 2018 WL 3816764, at *1. Here, the facts

---

[2] Even courts that note the question need not be case dispositive find no controlling legal question where the case would still proceed regardless of a successful appeal. *See, e.g.*, *Nacarino v. Chobani, LLC*, 2022 WL 833328, at *1-*2 (N.D. Cal. Mar. 21, 2022) (noting question "need not be dispositive of the entire lawsuit" but finding no controlling legal question because "irrespective of the appeal herein, this Court must still reach the question of Defendant's liability").

[3] Specifically, the Court upheld the scheme claim as to HP for the entirety of the Class Period and as to Bailey on or after April 21, 2016 (*i.e.*, five years before Lead Plaintiff brought a scheme claim against Bailey and he was named as an individual defendant in the Complaint). *See* Order at 34 ("The action is not barred by the statute of repose as to Defendant[] HP . . . ."), *id.* at 35 ("The statute of repose shields Defendant[] . . . Bailey from liability for actions . . . prior to April 21, 2016."). Similarly, the Court upheld the §20(a) claim as to Defendants HP, Weisler, and Lesjak for the entirety of the Class Period and as to Bailey and Lores on or after April 21, 2016. *Id.* at 34 (claims against HP, Weisler, and Lesjak not barred by the statute of repose); *id.* at 35 (Lores and Bailey shielded from individual "liability for actions" taken "prior to April 21, 2016"). "Arguments not raised by [Defendants] in [their] opening brief [regarding these claims] are deemed waived." *See Friends of Yosemite Valley v. Kempthorne*, 520 F.3d 1024, 1033 (9th Cir. 2008).

underlying the unchallenged scheme overlap with the alleged misstatements – in other words, the statements are misleading ***because of*** the deceptive conduct comprising the scheme. *See* Order at 28 ("By omitting the scheme, Defendants 'hid the ball' and misrepresented HP's true health."); *id.* at 29 ("[T]hese statements defied a known trend that Supplies channel inventory was increasing due to the acceleration scheme."). Accordingly, "given the substantial overlap between claims, discovery will be almost identical across all claims" such that even if Defendants prevailed on appeal, it would "not alter in any meaningful way the evidence that will be developed for trial." *Snap*, 2018 WL 3816764, at *2.

Further, "[t]he controlling question of law in an interlocutory appeal generally is a purely legal one that can be resolved quickly ***without delving into a particular case's facts***." *Henley v. Jacobs*, 2019 WL 8333448, at *2 (N.D. Cal. Oct. 25, 2019) (citing *Steering Comm. v. United States*, 6 F.3d 572, 575-76 (9th Cir. 1993)). Defendants' multiple and inconsistent variations of their manufactured "controlling question of law" require deeply case-specific, fact-bound inquiries (and, in any event, they are not subject to substantial differences of opinion, as described below). *Compare* Mtn. at 1 ("[W]hether a class-action complaint brought by a new lead plaintiff outside the statute of repose can relate back to an earlier, timely class complaint brought by a different plaintiff."); *with id.* at 13 (Whether "the Rules Enabling Act prohibits applying Rule 15 or Rule 23 in a way that would alter substantive rights created by statutes of repose . . . ."). Further, Defendants' divergent iterations of the purported "controlling question of law" are ***not questions the Court ruled upon in the Order***.[4]

Defendants cite a handful of inapt cases to speculate that the Ninth Circuit will likely agree to hear this interlocutory appeal because appellate courts "regularly agree to consider [repose] on interlocutory appeal." Mtn. at 6. To the contrary, the Ninth Circuit ***already heard*** Defendants'

---

[4] Notably, Defendants' renewed motion to dismiss did not move to dismiss on relation back grounds, noting only in a parenthetical that *IndyMac* prohibited the use of relation back by absent class members that sought to intervene after the statute of repose to "revive claims that were dismissed from the class complaint for want of jurisdiction." ECF 69 at 12; *Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 101 (2d Cir. 2013). Thus, the argument was "waived." *See Friends of Yosemite Valley*, 520 F.3d at 1033. This is likely because Defendants agreed to forego responding to the initial complaint and did not object to the Court's Order granting Lead Plaintiff permission to file the Complaint. ECF 11 at 1; ECF 17 at 1.

repose arguments – spanning more than 30 pages of the parties' appellate briefs and discussed extensively at oral argument – and "decline[d]" to address this issue. *See York Cnty.*, 65 F.4th at 468 ("We decline to rule on . . . the statute of repose . . . ."); *see also Chavez*, 2011 WL 13153874, at \*9 (White, J.) ("[T]he Ninth Circuit has already ***declined to hear this precise issue on appeal***. Accordingly, Defendants' request to certify an interlocutory appeal is DENIED.").  Further, Judge Bybee was skeptical of Defendants' repose argument, remarking: "***My problem with [Defendants'] argument is the York filing***.  That does complicate things. . . . ***If the claims aren't different and Maryland is within York's original filing*** and Maryland could be – the District Court could decide at a later period that Maryland was a better representative than York for whatever reason, ***what's the issue***?"  Oral Argument at 15:35-38; 21:07-23.  In sum, because Defendants fail to establish the first §1292(b) factor, their Motion must be denied.

**B.  Defendants Fail to Identify Substantial Grounds for Difference of Opinion About the Court's Order**

In the Ninth Circuit, courts find "a substantial ground for difference of opinion exists where '***the circuits are in dispute on the question*** and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'"  *Couch*, 611 F.3d at 633.  In addition, "[i]t is well settled that 'the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion.'"  *Id.* at 634; *see also id.* at 633 ("'[J]ust because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal.'"); *see also U.S. Rubber Co.*, 359 F.2d at 785 (the fact that a question of law is "uncertain" is insufficient to justify immediate appellate review).

Here, Defendants do not argue that "'complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'"  *Couch*, 611 F.3d at 633; *see generally* Mtn.  Instead, hoping to create a dispute where none exists, Defendants claim that two Supreme Court rulings involving the statute of repose in different factual contexts are "in tension with" the Court's ruling.  Mtn. at 7-8 (citing *Cal. Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.*, 582 U.S.

497 (2017) ("*CalPERS*")); *CTS Corp. v. Waldburger*, 573 U.S. 1 (2014)).  To the contrary, *CalPERS*'s holding that "the term 'action' must be given its 'ordinary understanding'" mandated this Court's finding that the Complaint was not barred by the statute of repose because "by every measure and by the common understanding of the term 'civil action,' this action was commenced on November 5, 2020."  Order at 9-10 (quoting *CalPERS*, 582 U.S. at 514).[5]  *CTS Corp.* also supports this Court's Order because it holds that statutory language must be given its "'ordinary meaning.'" *CTS Corp.*, 573 U.S. at 20 (quoting *Cipollone v. Liggett Grp., Inc.*, 505 U.S. 504, 548 (1992)) (Scalia, Thomas, and Alito, JJ. concurring in part and concurring in the judgment).  Further, the plaintiffs in *CTS Corp.* initially brought the action 14 years ***after*** the defendants' right to repose had vested.  573 U.S. at 1.  Here, by contrast, Defendants' "right ***never vested*** because York County initiated the action [, including the class claims stated therein] within the repose period," and "Maryland Electrical merely added additional detail to the[ir] existing claims."  Order at 15-16.

Next, Defendants cite *Hogan*, 73 F.4th 1150, *Se. Pa. Transp. Auth. v. Orrstown Fin. Servs. Inc.*, 12 F.4th 337 (3d Cir. 2021) ("SEPTA"), *IndyMac*, 721 F.3d at 95, and *Dekalb Cnty. Pension Fund v. Transocean Ltd.*, 817 F.3d 393 (2d Cir. 2016), to claim that "[c]ircuit . . . courts are deeply divided over" the relevant question.  Mtn. at 8-11.  The problem for Defendants is that ***none*** of these cases address – let alone conflict with – the question this Court resolved:  Whether

> amendments to a complaint brought in an action arising under the 1934 Act by a lead plaintiff appointed after the statute of repose [can] relate back to the date of the original complaint under Rule 15(a) if: (1) the action was timely initiated; (2) by a plaintiff with Article III standing; and (3) the fraud claims raised and defendants named in the amended complaint were encompassed by the original complaint.

Order at 16; *see also* ECF 74 at 7-9 (discussing the relevant facts of Defendants' authority).

---

[5]   As Lead Plaintiff has explained *ad nauseum*, *CalPERS* is readily distinguishable. *See, e.g.*, ECF 79 at 3 & n.3; ECF 74 at 8-9 & n.5.  In *CalPERS*, the Supreme Court rejected the argument that the filing of a class action "included individual actions," as CalPERS had ***opted out*** of the timely-filed class action and belatedly attempted to file a ***new, separate, individual action***.  582 U.S. at 515; *see also NIO*, 2023 WL 5048615, at *4 n.3 ("Defendants' attempt to extend *CalPERS* to this new context, barring the claims of the unnamed class members who choose to remain members of the ongoing class action, therefore fails.").  Here, Lead Plaintiff did not opt out of this action and did not file an individual action.  Rather, as this Court found, the Lead Plaintiff restated its and the putative Class's existing claims, which were first brought in this action by York County.

To create the appearance of a dispute, however, Defendants twist these circuit opinions. For example, Defendants claim that in *Hogan*, the Tenth Circuit held "an untimely amendment may relate back to the timely complaint if it 'add[s] no parties or causes of action,'" and "the amended complaint kept the same parties and claims." Mtn. at 10. That is incorrect. "Mr. Hogan was the ***sole*** plaintiff named in the original complaint. ***George James Fuller was identified as the lead plaintiff in both amended versions of the complaint***, but [, like here,] Mr. Hogan remained the only plaintiff named in the case caption." *Hogan*, 73 F.4th at 1152 n.1. In any event, in *Hogan*, the Tenth Circuit merely noted that it did not address an issue – "claim[s] raised for the first time" – that was not before it. 73 F.4th at 1157 ("A ***claim*** raised for the first time in an amendment to a complaint may well be barred by the statute.").

Next, Defendants cite *SEPTA* to claim that the Third Circuit permits amendments after the repose period "***only if*** . . . the same plaintiff brought the original and amended complaints." Mtn. at 10. But that argument fails because the Third Circuit simply "d[id] not reach whether a plaintiff may use relation back in this context to add new parties" as the issue was not before them, and thus, left it "for another time." *See SEPTA*, 12 F.4th at 350 & n.12; *see also id.* at 350 ("Rule 15(c) encourages courts to decide cases on the merits, rather than a technicality, if a plaintiff merely seeks to amend a timely filed complaint after the statutory deadline has expired. While Defendants insist this principle conflicts with the protection from liability afforded by statutes of repose, we see no such conflict."). More to the point, the Court's Order relied on, and is consistent with, the holdings in *Hogan* and *SEPTA*. *See* Order at 16 (Finding Defendants here, like the defendants in *Hogan*, "anticipated further proceedings in the action after the original complaint was filed" because "[s]o long as the case remained open, Defendants had no vested right to repose.") (citing *Hogan*, 73 F.4th at 1160-61); *id.* at 15 (holding Defendants' "right never vested because York County initiated the action within the repose period," and "'the expiration of a repose period creates a vested right to be free from liability only as against those plaintiffs who do not have a pending action under the statute at that time'") (quoting *SEPTA*, 12 F.4th at 341).[6]

---

[6]   Similarly, these cases, like the Order, do not conflict with *CalPERS*. *See, e.g.*, *SEPTA*, 12 F.4th at 349, 352 ("*CalPERS*, however, does not help Defendants [because] the tolling at issue there

Defendants also claim that *DeKalb* and *IndyMac* conflict with *Hogan* and *SEPTA*. Mtn. at 8-11. But in their reply in further support of their renewed motion to dismiss, Defendants correctly conceded that *Hogan* and *SEPTA* "***do not conflict with DeKalb and IndyMac***," and that *SEPTA* "***expressly reconciled its holding with IndyMac*.**" ECF 75 at 11. Defendants cannot now run away from this judicial admission. *See United States v. Bentson*, 947 F.2d 1353, 1356 (9th Cir. 1991). "A judicial admission is binding before both the trial and appellate courts. Having stated . . . that" the cases "do not conflict," Defendants "may not now claim that the[y] [do conflict]." *Id.*; ECF 75 at 5.

In any event, *IndyMac* and *DeKalb* do not conflict with the Court's Order. Indeed, Defendants concede that "[t]his Court distinguished *IndyMac* and *DeKalb* . . . because the claims of the first-filing plaintiffs in those cases were ultimately dismissed on standing grounds – ***and that is not the case here*.**" Mtn. at 10; *see also* Order at 15 ("Maryland Electrical attempts to distinguish *IndyMac* and *DeKalb* on the basis that, in each of those actions, the first-filing plaintiff's complaint was dismissed for lack of standing, whereas York County's complaint was never dismissed. ***This argument seems to comport with subsequent decisions from the Second Circuit*.**").

That Defendants disagree with this Court's determination that *IndyMac* and *DeKalb* are inapposite is no reason to grant their §1292(b) motion. "Although the Court distinguished [two] of the cases on which [the movant] relied, '[a] party's strong disagreement with the Court's ruling is not sufficient for there to be a "substantial ground for difference."'" *Alila-Katita v. U.S. Bank Nat'l Ass'n*, 2016 WL 11187256, at *5 (N.D. Cal. Nov. 10, 2016) (White, J.) (third alteration in original) (quoting *Couch*, 611 F.3d at 633).

Defendants' next argument – that district courts are split on the Court's ruling (Mtn. at 11-12) – is equally unavailing. First, the Ninth Circuit made clear in *Couch* that the relevant inquiry

---

would have been a true exception to the statute of repose . . . ***a defendant does not have a substantive right to repose when – as here – a plaintiff brings an action against the defendants containing the claims at issue during the repose period*.**"); *Hogan*, 73 F.4th at 1157 (Holding that "the natural reading of the language 'bring a right of action that involves a claim' [from §1658] is to initiate or commence a claim. . . . It would therefore be a peculiar interpretation of ***bring a right of action that involves*** a claim to say that it encompasses ***continuing to pursue*** a claim," and noting "*CalPERS* . . . do[es] not alter this analysis because tolling pertains to the time within which a plaintiff must first bring a suit or a claim and, as we have explained, filing the SAC did not constitute bringing a claim.") (emphasis in original).

is whether there is a "*circuit*" split, not a district-court split. *See Couch*, 611 F.3d at 633 (holding "a substantial ground for difference of opinion exists where '***the circuits are in dispute on the question*** and the court of appeals of the circuit has not spoken on the point'"); *see also Herrera v. Wells Fargo, N.A.*, 2020 WL 7051097, at *4 (C.D. Cal. Oct. 8, 2020) (holding a district-court split does not establish a substantial ground for difference of opinion in light of *Couch*). Regardless, none of Defendants' cases are on point. For example, in *De Vito v. Liquid Holdings Grp., Inc.*, like in *DeKalb* and *IndyMac* but unlike here, "***no party asserted a viable claim within the statute-of-repose period*.*" 2018 WL 6891832, at *22 (D.N.J. Dec. 31, 2018). As to *United States ex rel. Osinek v. Permanente Med. Grp., Inc.*, "the situation before the Court [was] where a plaintiff has ***added a new defendant*,*" and the plaintiff "ha[d] made a conclusory argument that the prerequisites of Rule 15(c)(1)(C) have been satisfied." 2022 WL 16943886, at *10-*11 (N.D. Cal. Nov. 14, 2022). And *Barilli v. Sky Solar Holdings, Ltd.*, 389 F. Supp. 3d 232 (S.D.N.Y. 2019) and *JRS Partners, GP v. Leech Tishman Fuscaldo & Lampl, LLC*, 615 F. Supp. 3d 750 (M.D. Tenn. 2022), merely hold that amended complaints cannot bring claims that had never been brought before the "expiration of the statute of repose."[7] *Barilli,* 389 F. Supp. 3d at 264; *JRS Partners, GP*, 615 F. Supp. 3d at 765. If anything, these cases provide further support for the Court's ruling. Here, the Court also prohibited the addition of new defendants prior to April 21, 2016, and found that the Complaint "merely added additional detail to the existing claims." Order at 16. Further, Defendants concede that the only district court cases that have addressed the relevant question here, "have done the same" as the

---

[7]    Defendants' other authorities are either similarly distinguishable ***or support this Court's Order***. Mtn. at 11-12. *See In re Sharps Run Assocs., L.P.*, 157 B.R. 766, 784-85 (D.N.J. 1993) (Holding that a crossclaim by "***receiver***" could relate back because: (i) it sought the same relief "which had been demanded in [***a different party's***] complaint;" (ii) "defendants [were] named in the original complaint before the [repose period] expired," and "the nature and scope of the claim were fully set forth in that pleading," and thus "Defendants had neither the reality nor expectation of repose."); *United States ex rel. Carter v. Halliburton Co.*, 315 F.R.D. 56, 63 (E.D. Va. 2016), ("find[ing] that the statute of repose [and Rules Enabling Act] do[] not prevent relation back"), *aff'd*, 866 F.3d 199 (4th Cir. 2017); *Silvercreek Mgmt., Inc. v. Citigroup, Inc.*, 248 F. Supp. 3d 428, 451 (S.D.N.Y. 2017) (concerning a new claim against a new defendant filed after the repose period); *Sjunde AP-Fonden v. Gen. Elec. Co.*, 417 F. Supp. 3d 379, 389 (S.D.N.Y. 2019) (allowing an amended complaint to include new details, but not new claims after the repose period); *Bensinger v. Denbury Res. Inc.*, 31 F. Supp. 3d 503, 510 (E.D.N.Y. 2014) (same); *Harris v. OSI Fin. Servs., Inc.*, 595 F. Supp. 2d 885, 898 (N.D. Ill. 2009) (concerning the addition of a new defendant after the repose period); *Asis Internet Servs. v. Active Response Grp.*, 2008 WL 4279695, at *3 (N.D. Cal. Sept. 16, 2008) (predating *Couch*, and thus, overruled).

Court. Mtn. at 12 (citing *In re LexinFintech Holdings Ltd. Sec. Litig.*, 2021 WL 5530949, at *17-*18 (D. Or. Nov. 24, 2021); *Martin v. Altisource Residential Corp.*, 2019 WL 2762923, at *6 (D.V.I. July 2, 2019)). At bottom, these non-binding decisions do not establish a substantial difference of opinion warranting an immediate appeal.

Finally, citing *IndyMac*, *Devito*, *Barilli*, and *CalPERS*, Defendants suggest there is a substantial difference of opinion on whether the Order violates the Rules Enabling Act. Mtn. at 13-14. As an initial matter, although Defendants filed **two** motions to dismiss the Complaint, **two** replies, one statement of recent decision, and a supplemental brief in support of their motions, they **never** raised the Rules Enabling Act. *See* ECFs 45, 53, 69, 75-76, 78. Section 1292(b) does not allow a mulligan. *In re Tahoe Res., Inc. Sec. Litig.*, 2020 WL 1433514, at *4 (D. Nev. Mar. 23, 2020) ("Plaintiff argues that Defendants did not raise the . . . doctrine as a legal argument in its motion to dismiss, and it therefore cannot be a basis for the Court to certify its order for interlocutory appeal. The Court agrees."); *see also id.* at *5 ("The Court will not certify for interlocutory review an issue that was never addressed, as to do so would elide the distinction between interlocutory appeals and appeals after final judgment.") (citing *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1130 (9th Cir. 2018)). In any event, as explained above, *IndyMac*, *Devito*, *Barilli*, and *CalPERS* do not conflict with the Court's Order, and thus, Defendants' new-found concerns about the Rules Enabling Act are inapt here. *Astiana v. Dreyer's Grand Ice Cream, Inc.*, 2012 WL 4892391, at *3 (N.D. Cal. Oct. 12, 2012) (finding no substantial difference of opinion where cases "did not address the issue here" and defendant "cited no opinion on point"); *Couch*, 611 F.3d at 633-34 (same).

In sum, because "defendants have not provided a single case that conflicts with the district court's construction or application of" repose and relation-back or demonstrated the "'circuits are in dispute on the question'" at issue, their Motion should be denied. *Couch*, 611 F.3d at 633-34 (finding district court erred in granting §1292(b) motion because there was not a substantial ground for difference of opinion); *see also Flores v. Velocity Express, LLC*, 2015 WL 4463639, at *3 (N.D. Cal. July 21, 2015) (finding no substantial ground for difference of opinion where defendants "have not cited a single case that conflicts with the holding in the order at issue"); *Astiana*, 2012 WL

4892391, at *3 (same).  Because the second requirement for a §1292(b) appeal is not satisfied, the Motion should be denied.

### C.    Defendants Fail to Establish that an Immediate Appeal Will Materially Advance the Ultimate Termination of This Litigation

Finally, Defendants must establish that an immediate appeal will "materially advance the ultimate termination of the litigation." 28 U.S.C. §1292(b).  Importantly, the termination of some of the claims in an action is insufficient to support certification where other claims would survive. *C.W. v. Epic Games, Inc*., 2020 WL 6064422, at *4 (N.D. Cal. Oct. 14, 2020).  Further, because "[i]nterlocutory appeals are very time consuming" "[c]ertification will not be granted when a movant conclusorily asserts that a favorable appeal will terminate the case." *Cunha v. Hansen Nat. Corp.*, 2012 WL 12886194, at *8 (C.D. Cal. Oct. 22, 2012).

Here, Defendants baldly assert that "the case would be at an end" "if the Ninth Circuit holds on interlocutory review that the statute of repose bars Maryland Electrical's attack on the 2015 statements." Mtn. at 2.  Nonsense.  Even if the Court certifies Defendants' question for appeal, ***and*** the Ninth Circuit agrees to hear the appeal, ***and*** the panel reverses the Court's Order regarding the 2015 statements, the Complaint's §10(b) scheme liability claim against HP and Bailey and §20(a) claim against all Defendants will proceed.  Tellingly, Defendants' Motion is silent as to these claims, despite the Court's clear Order sustaining them.[8]  *See* Order at 34-35.

Moreover, as discussed above, even a successful appeal will not materially narrow the scope or duration of discovery.  Here, not only do the elements of Lead Plaintiff's scheme and misrepresentation claim overlap, but the facts underlying the unchallenged scheme also overlap with the alleged misstatements.  Indeed, Defendants claim that the "scheme liability claim, . . . is indistinguishable from Plaintiff's misstatement claim." ECF 69-1 at 3.  As such, Defendants have failed to satisfy the third §1292(b) requirement.  *See, e.g.*, *Epic Games*, 2020 WL 6064422, at *4 (denying motion where, like here, some of the claims would remain irrespective of an immediate appeal, and "[t]he Court also cannot say – nor does defendant appear to argue – that permitting

---

[8]    Any argument regarding these claims on reply is "waived." *See Friends of Yosemite Valley*, 520 F.3d at 1033.

appeal of [certain] claims would materially narrow the scope or duration of discovery, as many of the same factual issues would arise in either event"); *see also In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 966 F. Supp. 2d 1031, 1046 (C.D. Cal. 2013) (denying motion because "even if the Ninth Circuit reinstated the NSA claims, discovery would proceed in largely the same fashion" and would not affect "the remaining Section 11 claims"); *Smith v. Levine Leichtman Cap. Partners, Inc.*, 2011 WL 13152867, at *2 (N.D. Cal. Mar. 9, 2011) (White, J.) (denying motion where the movant "fail[ed] to demonstrate that granting an interlocutory appeal here would avoid protracted and expensive litigation"); *Friedman v. 24 Hour Fitness USA, Inc.*, 2009 WL 545783, at *2 (C.D. Cal. Mar. 3, 2009) (denying §1292(b) motion where "a substantial amount of litigation remains in this case regardless of the correctness of the Court's ruling").  Accordingly, the Motion should be denied.  *In re Soc. Media Adolescent Addiction/Pers. Inj. Prod. Liab. Litig.*, 2024 WL 1205486, at *2 (N.D. Cal. Feb. 2, 2024) ("Because the court finds that defendants fail to satisfy their burden to establish the third requirement of section 1292(b), the court declines to address the statute's first two requirements.").

## V.    CONCLUSION

For the foregoing reasons, Lead Plaintiff respectfully requests that the Court deny Defendants' Motion.

DATED:  May 10, 2024

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
DARRYL J. ALVARADO
RACHEL A. COCALIS
T. ALEX B. FOLKERTH

s/ Darryl J. Alvarado
DARRYL J. ALVARADO

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
dalvarado@rgrdlaw.com
rcocalis@rgrdlaw.com
afolkerth@rgrdlaw.com

Lead Counsel for Lead Plaintiff Maryland Electrical Industry Pension Fund and Named Plaintiff York County on behalf of the County of York Retirement Fund