ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (168593)
DARRYL J. ALVARADO (253213)
RACHEL A. COCALIS (312376)
T. ALEX B. FOLKERTH (338140)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
dalvarado@rgrdlaw.com
rcocalis@rgrdlaw.com
afolkerth@rgrdlaw.com

Lead Counsel for Lead Plaintiff Maryland Electrical
Industry Pension Fund and Named Plaintiff York County on
behalf of the County of York Retirement Fund

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| YORK COUNTY ON BEHALF OF THE COUNTY OF YORK RETIREMENT FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>HP INC., et al.,<br><br>Defendants. | Case No. 4:20-cv-07835-JSW (LJC)<br><br>CLASS ACTION<br><br>[PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. §1292(b) |

4855-0463-3533.v1

This action was filed on November 5, 2020. ECF 1. Thereafter, the Court appointed Maryland Electrical Industry Pension Fund as Lead Plaintiff, and the Consolidated Complaint for Violation of the Federal Securities Laws ("Complaint") was filed on April 21, 2021. ECFs 30, 37. On June 21, 2021, Defendants HP Inc., Dion J. Weisler, Catherine A. Lesjak, Enrique Lores, and Richard Bailey (collectively, "Defendants") filed a Motion to Dismiss the Consolidated Complaint for Violation of the Federal Securities Laws. ECF 45. On March 3, 2022, the Court granted Defendants' motion on statute of limitations grounds. ECF 58. On April 11, 2023, the Ninth Circuit reversed the Court's decision. *York Cnty. on Behalf of Cnty. of York Ret. Fund v. HP, Inc.*, 65 F.4th 459, 468 (9th Cir. 2023). On July 21, 2023, Defendants filed a Renewed Motion to Dismiss the Consolidated Complaint for Violation of the Federal Securities Laws. ECF 69. The Court granted in part and denied in part Defendants' renewed motion. ECF 80. As it related to Defendants' timeliness argument, the Court held "*[t]he action is not barred by the statute of repose as to Defendants HP, Weisler, or Lesjak*."[1] Further, the Court explained that with regard to HP, Weisler and Lesjak: "The Consolidated Complaint did not add claims of fraud for the first time, but rather adopted the allegations already within the original complaint. It was *nothing more than a continuation of the litigation already in progress*." Order at 15-16; *see also id.* at 16 ("Maryland Electrical merely added additional detail to the existing claims."). The Court then separately held:

> [A]mendments to a complaint brought in an action arising under the 1934 Act by a lead plaintiff appointed after the statute of repose relate back to the date of the original complaint under Rule 15(a) if: (1) the action was timely initiated; (2) by a plaintiff with Article III standing; and (3) the fraud claims raised and defendants named in the amended complaint were encompassed by the original complaint.

Order at 16. Relation-back was proper because "Defendants [HP, Weisler, and Lesjak] were well aware of the forthcoming entry of a lead plaintiff . . . and requested to forego responding to the complaint until a lead plaintiff was appointed. Defendants' expectations were not disturbed." *Id.* The Court also denied Defendants' motion to dismiss the "scheme liability claim under Section 10(b) and Rule 10b-5(a) and (c) against Bailey and HP" and the "Section 20(a) claim . . . because the

---

[1] The Court also held "statements made [by Lores and Bailey, who were not named in the initial compliant,] before [April 21, 2016] are outside of the statute of repose, and Lores and Bailey may not be held liable for them." ECF 80 at 17; *see also id.* at 35 ("The statute of repose shields Defendants Lores and Bailey from liability for actions or statements prior to April 21, 2016.").

Section 10(b) claim survives, in part." *Id.* at 35. Thereafter, Defendants filed a Motion to Certify Order for Interlocutory Appeal Under 28 U.S.C. §1292(b) (ECF 83) ("Motion"). The Court, having fully reviewed and considered all papers and arguments submitted in support of and in opposition to the Motion, denies the Motion in its entirety.

Section 1292(b) is a disfavored "departure from the normal rule that only final judgments are appealable." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). "Certification for interlocutory appeal should be applied *sparingly and only granted in exceptional situations* in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *Gonzalez v. S. F. Hilton, Inc.*, 2023 WL 8438574, at *1 (N.D. Cal. Dec. 5, 2023) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)); *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981), *aff'd sub nom. Ariz. v. Ash Grove Cement Co.*, 459 U.S. 1190 (1981)). Thus, certification pursuant to §1292(b) is only appropriate if Defendants satisfy their heavy burden to show *all three* of the following criteria: "[1] a controlling question of law [; 2] as to which there is substantial ground for difference of opinion[;] and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. §1292(b); *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). They have failed to do so here.

First, Defendants have not established that the question they seek to present to the Ninth Circuit is "a controlling question of law." 28 U.S.C. §1292(b). "[T]his litigation will proceed in substantially the same form and scope whether or not Plaintiffs' [misrepresentation] claims are litigated" because the Complaint's §10(b) scheme liability and §20(a) control-person claims remain. *In re Snap Inc. Sec. Litig.*, 2018 WL 3816764, at *1 (C.D. Cal. Aug. 8, 2018). Accordingly, because "the legal question presented for review is 'relevant to only one of several causes of action alleged,'" Defendants have failed to establish a controlling question of law. *Id.* (quoting *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966)); *see also Heaton v. Soc. Fin., Inc.*, 2016 WL 232433, at *6 (N.D. Cal. Jan. 20, 2016); *United States v. Acad. Mortg. Corp.*, 2018 WL 6592782, at *5 (N.D. Cal. Dec. 14, 2018). Further, the Motion is denied because the Ninth Circuit has already "*decline[d] to rule [on] . . . the statute of repose*." *See York Cnty. on Behalf of Cnty. of York Ret. Fund v. HP, Inc.*, 65 F.4th 459, 468 (9th Cir. 2023); *see also Chavez v. Blue Sky Nat. Beverage Co.*, 2011 WL

13153874, at \*9 (N.D. Cal. Sept. 27, 2011) ("[T]he Ninth Circuit has already *declined to hear this precise issue on appeal*. Accordingly, Defendants' request to certify an interlocutory appeal is DENIED.").

Second, Defendants have failed to satisfy their burden to show "a substantial ground for difference of opinion exists" by establishing that "'*the circuits are in dispute on the question* and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" *Couch*, 611 F.3d at 633. Here, there is no fundamental disagreement regarding the question the Court resolved: whether a "[L]ead [P]laintiff appointed after the statute of repose [may file an amended complaint] under Rule 15(a) [where] (1) the action was timely initiated; (2) by a plaintiff with Article III standing; and (3) the fraud claims raised and defendants named in the amended complaint were encompassed by the original complaint." Order at 16. As this Court previously held, HP, Weisler, and Lesjak's "right [to repose] *never vested* because York County initiated the action within the repose period," and "Maryland Electrical merely added additional detail to the *existing claims*" timely brought on behalf of Lead Plaintiff and *all* putative Class members in York County's complaint. Order at 15-16; *see also Hogan v. Pilgrim's Pride Corp.*, 73 F.4th 1150, 1161 (10th Cir. 2023) ("[A]s we have explained, filing the SAC did not constitute bringing a claim."); *In re NIO, Inc. Sec. Litig.*, 2023 WL 5048615, at \*4 (E.D.N.Y. Aug. 8, 2023) ("'[F]iling of a timely class action complaint commences the action for *all* members of the class as subsequently determined,' meaning the *unnamed class members have already brought their claims* unless they are excluded from any class definition or opt out of the class.") (quoting *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 550 (1974)).

The Court carefully considered the circuit opinions that Defendants rely on and none of them are on point or conflict with the Court's Order. "Although the Court distinguished [some] of the cases on which [the movant] relied, '[a] party's strong disagreement with the Court's ruling is not sufficient for there to be a "substantial ground for difference."'" *Alila-Katita v. U.S. Bank Nat'l Ass'n*, 2016 WL 11187256, at \*5 (N.D. Cal. Nov. 10, 2016) (third alteration in original) (quoting *Couch*, 611 F.3d at 633); *see also Couch*, 611 F.3d at 633-34 (holding because "defendants have not

provided a single case that conflicts with the district court's construction or application of" repose and relation-back or demonstrated the "'circuits are in dispute on the question'" a §1292(b) appeal is not appropriate); *Flores v. Velocity Express, LLC*, 2015 WL 4463639, at *3 (N.D. Cal. July 21, 2015) (no substantial ground for difference of opinion where defendants "have not cited a single case that conflicts with the holding in the order at issue"); *Astiana v. Dreyer's Grand Ice Cream, Inc.*, 2012 WL 4892391, at *3 (N.D. Cal. Oct. 12, 2012) (same). Defendants' argument that the there is a substantial difference of opinion on whether the Order violates the Rules Enabling Act also fails. First, "Defendants did not raise the . . . doctrine as a legal argument in its motion to dismiss, and it therefore cannot be a basis for the Court to certify its order for interlocutory appeal." *In re Tahoe Res., Inc. Sec. Litig.*, 2020 WL 1433514, at *4 (D. Nev. Mar. 23, 2020). Second, Defendants' authority does not conflict with the Court's Order. *See Couch*, 611 F.3d at 633-34; *see also Astiana*, 2012 WL 4892391, at *3. Accordingly, Defendants have failed to satisfy their burden to establish the second requirement of §1292(b).

Finally, Defendants have failed to establish that an immediate appeal will materially advance the ultimate termination of this litigation because the Complaint's §10(b) scheme liability claim against HP (for the full Class Period) and Bailey (after April 21, 2016) and §20(a) claim against all Defendants remain. Discovery will also proceed in the same scope and manner because the facts underlying Defendants' unchallenged scheme overlap with the alleged misstatements. Accordingly, Defendants have failed to satisfy their burden to establish the third requirement of §1292(b). *See C.W. v. Epic Games, Inc.*, 2020 WL 6064422, at *4 (N.D. Cal. Oct. 14, 2020) (denying motion where, like here, some of the claims would remain irrespective of an immediate appeal, and "[t]he Court also cannot say – nor does defendant appear to argue – that permitting appeal of [certain] claims would materially narrow the scope or duration of discovery, as many of the same factual issues would arise in either event"); *see also In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 966 F. Supp. 2d 1031, 1046 (C.D. Cal. 2013) (denying motion because "even if the Ninth Circuit reinstated the NSA claims, discovery would proceed in largely the same fashion" and would not affect "the remaining Section 11 claims"); *Smith v. Levine Leichtman Cap. Partners, Inc.*, 2011 WL 13152867, at *2 (N.D. Cal. Mar. 9, 2011) (denying motion where the movant "fail[ed] to

demonstrate that granting an interlocutory appeal here would avoid protracted and expensive litigation").

**IT IS HEREBY ORDERED** that:

Defendants' Motion to Certify Order for Interlocutory Appeal Under 28 U.S.C. §1292(b) is DENIED.

**IT IS SO ORDERED**.

DATED: _____   _____

THE HONORABLE JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE