**GIBSON, DUNN & CRUTCHER LLP**
BRIAN M. LUTZ, SBN 255976
MICHAEL J. KAHN, SBN 303289
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone:  415.393.8200
Facsimile:  415.393.8306
BLutz@gibsondunn.com
MJKahn@gibsondunn.com

LISSA M. PERCOPO (*pro hac vice*)
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
Telephone:  202.887.3770
Facsimile:  202.530.9528
lpercopo@gibsondunn.com

**SIDLEY AUSTIN LLP**
SARA B. BRODY, SBN 130222
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone:  415.772.1200
sbrody@sidley.com

*Counsel for Defendants HP Inc., Dion J.
Weisler, Catherine A. Lesjak, Enrique Lores*,
*and Richard Bailey*

*Additional counsel on signature page*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| YORK COUNTY ON BEHALF OF THE COUNTY OF YORK RETIREMENT FUND, *Individually and on Behalf of All Others Similarly Situated*,<br><br>             Plaintiff,<br><br>      v.<br><br>HP INC., et al.,<br><br>             Defendants. | Case No. 4:20-cv-07835-JSW<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)**<br><br>Date:   June 7, 2024<br>Time:   9:00 a.m.<br>Location:  Courtroom 5, 2nd Floor<br>Judge:  Hon. Jeffrey S. White |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...................................................................................................................1

II. ARGUMENT ......................................................................................................................2

    A.    Whether relation back applies to class-action complaints filed after a statute of repose has run is a controlling question whose resolution could end this case. ............................2

    B.    Reasonable minds can and do disagree over whether the relation-back doctrine applies here. ...........................................................................................................................5

    C.    Maryland Electrical's other arguments are meritless..........................................................8

        1.    It is irrelevant that the Ninth Circuit declined to reach the repose issue. ................8

        2.    Defendants did not waive their Rules Enabling Act argument.............................8

        3.    No "judicial admission" stands in the way of certification...................................10

III. CONCLUSION...................................................................................................................11

**TABLE OF AUTHORITIES**

**Cases**                                                                                   **Page(s)**

*Allen v. R & H Oil & Gas Co.*,
   63 F.3d 1326 (5th Cir. 1995) ...............................................................................................7

*Am. Title Ins. Co. v. Lacelaw Corp.*,
   861 F.2d 224 (9th Cir. 1988) ............................................................................................10

*Asis Internet Servs. v. Active Response Grp.*,
   2008 WL 4279695 (N.D. Cal. Sept. 16, 2008) ...................................................................7

*Cal. Pub. Emps.' Ret. Sys. v. ANZ Secs., Inc.*,
   582 U.S. 497 (2017)............................................................................................................5

*Campaign Legal Ctr. v. Iowa Values*,
   2024 WL 81278 (D.D.C. Jan. 8, 2024) ..............................................................................7

*Couch v. Telescope Inc.*,
   611 F.3d 629 (9th Cir. 2010) .........................................................................................7, 10

*DeKalb Cnty. Pension Fund v. Transocean Ltd.*,
   817 F.3d 393 (2d Cir. 2016)................................................................................................6

*De Vito v. Liquid Holdings Grp., Inc.*,
   2018 WL 6891832 (D.N.J. Dec. 31, 2018).........................................................................7

*Fasano v. Fed. Rsrv. Bank of N.Y.*,
   457 F.3d 274 (3d Cir. 2006)................................................................................................7

*Hi-Tech Pharms., Inc. v. HBS Int'l Corp.*,
   910 F.3d 1186 (11th Cir. 2018) ..........................................................................................9

*Hogan v. Pilgrim's Pride Corp.*,
   73 F.4th 1150 (10th Cir. 2023) ...........................................................................................6

*In re LexinFintech Holdings Ltd. Sec. Litig.*,
   2021 WL 5530949 (D. Or. Nov. 24, 2021)........................................................................7

*In re Marqeta, Inc.*,
   2022 WL 3566447 (N.D. Cal. Aug. 18, 2022) ...................................................................4

*In re NVIDIA Corp. Sec. Litig.*,
   768 F.3d 1046 (9th Cir. 2014) ............................................................................................3

*In re Partida*,
   862 F.3d 909 (9th Cir. 2017) ..............................................................................................9

*In re Teva Secs. Litig.*,
   2021 WL 1197805 (D. Conn. Mar. 30, 2021) ....................................................................3

*Lam Rsch. Corp. v. Schunk Semiconductor*,
    65 F. Supp. 3d 863 (N.D. Cal. 2014) ................................................................................10

*MacDonald v. Gen. Motors Corp.*,
    110 F.3d 337 (6th Cir. 1997) ...........................................................................................10

*Mei Xing Yu v. Hasaki Rest., Inc.*,
    874 F.3d 94 (2d Cir. 2017)..................................................................................................7

*Muniz v. Sabol*,
    517 F.3d 29 (1st Cir. 2008) ................................................................................................7

*Overton v. MaCauley*,
    822 Fed.Appx. 341 (6th Cir. 2020) .....................................................................................4

*Planned Parenthood of Greater Wash. and N. Idaho v. U.S. Dep't of Health & Hum. Servs.*,
    946 F.3d 1100 (9th Cir. 2020) ............................................................................................8

*Police & Fire Ret. Sys. of Detroit v. IndyMac MBS, Inc.*,
    721 F.3d 95 (2d Cir. 2013).............................................................................................6, 9

*Recycle for Change v. City of Oakland*,
    856 F.3d 666 (9th Cir. 2017) .............................................................................................4

*Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) ........................................7

*Roth v. Foris Ventures, LLC*,
    86 F.4th 832 (9th Cir. 2023) ..............................................................................................8

*Se. Pa. Transp. Auth. v. Orrstown Fin. Servs. Inc.*,
    12 F.4th 337 (3d Cir. 2021) ...........................................................................................6, 7

*United States v. Bentson*,
    947 F.2d 1353 (9th Cir. 1991) ..........................................................................................10

*United States v. Pallares-Galan*,
    359 F.3d 1088 (9th Cir. 2004) ............................................................................................9

*Yee v. City of Escondido*,
    503 U.S. 519 (1992)............................................................................................................9

*York Cnty. v. HP, Inc.*,
    65 F.4th 459 (9th Cir. 2023) .........................................................................................2, 8

**Statutes**

28 U.S.C. § 1292(b) ...................................................................................................................5

DEFENDANTS' REPLY I/S/O MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL
Case No. 4:20-cv-07835-JSW

## I.    INTRODUCTION

Maryland Electrical does not deny that Defendants' motion presents an important and unsettled question about the application of statutes of repose in putative class actions. Nor does Maryland Electrical deny that courts often certify questions about statutes of repose for interlocutory review. Instead, it invents reasons why immediate appellate review would be inappropriate. None are persuasive.

Maryland Electrical's lead argument is that a decision on the issue presented would not actually resolve the entire case. It announces, repeatedly, that the parties would still be fighting over its "scheme" claim even if its misrepresentation claim fell by the wayside. But Maryland Electrical never explains *why*. The claims span the same period and were asserted as part of the same complaint on the same date. If Defendants' supposed misrepresentations cannot serve as the direct basis of a timely claim, they cannot be repackaged as a "scheme" to evade the statute of repose. That statute is absolute—there is no artful-pleading exception.

Likewise, Maryland Electrical does little to explain *why* courts could not reasonably disagree about the applicability of the statute of repose here. In Maryland Electrical's view, it makes no difference that many courts have decided some version of the question presented here, including in securities cases, and that they have answered the question in different ways. Maryland Electrical argues instead that the issue arose in different circumstances in those cases. But the question is not whether the issue was presented in identical circumstances in all cases; it is whether the courts in those cases invoked principles that, if applied here, could change the result. Maryland Electrical has nothing to say about that. It does not address (1) the fact that absent class members are strangers to putative class actions before a class is certified; (2) the distinction between adding new factual detail to a timely complaint and adding a new *plaintiff*; or (3) the risk that the filing of a complaint by a new plaintiff in a putative class action after the statute of repose has run might run afoul of the Rules Enabling Act, which forbids relying on Rule 15 or Rule 23 to enlarge a plaintiff's right to sue (or, put differently, to abridge a defendant's right to repose).

Rather than engage with these important issues, Maryland Electrical raises various procedural objections, all meritless. Consider two examples. First, it says Defendants waived arguments about relation back by not raising them affirmatively in their motion to dismiss. That makes no sense. The relation-back doctrine is invoked by plaintiffs confronting timeliness problems, not by defendants moving

to dismiss complaints under statutes of limitations or repose. That is what happened here: Maryland Electrical raised relation back in opposing Defendants' motion to dismiss. Second, Maryland Electrical argues that the Ninth Circuit, in declining to address the statute-of-repose issue the last time around, signaled it would not accept interlocutory review on that issue. But the Ninth Circuit gave a reason for leaving that issue (and others) unaddressed: Its usual practice of not addressing questions not decided below. Now the issue has been resolved by this Court, removing that impediment to appellate review.

Maryland Electrical complains that, with interlocutory review, this case will remain stuck for even longer at the pleadings stage. But that is a consequence of decisions made by York County and Maryland Electrical—York County's decision to file its complaint on the last possible day and Maryland Electrical's decision to enter the case more than five years after selling out of HP's stock. Whether that entry came too late is a dispositive threshold issue that can and should be resolved by the Ninth Circuit before the parties proceed to the merits.

The Court should certify its motion-to-dismiss order for interlocutory appeal.

## II.   ARGUMENT

### A.   Whether relation back applies to class-action complaints filed after a statute of repose has run is a controlling question whose resolution could end this case.

Maryland Electrical's complaint asserts claims that are barred by the statute of repose unless some exception to the statute applies. This Court decided that one exception does apply: relation back. Maryland Electrical does not contend that the Ninth Circuit has decided whether relation back can rescue an otherwise untimely class complaint. If the Ninth Circuit had done so, both the briefing and the resolution of the repose issue on appeal would have been simple. Instead, the Ninth Circuit recognized that this issue is "complicated" and involves "new areas of law," Oral Argument at 23:35-23:42, *York Cnty. v. HP, Inc.* (No. 22-15501), https://www.ca9.uscourts.gov/media/video/?20230206/22-15501/, and then directed this Court to address the issue in the first instance on remand, *York Cnty v. HP, Inc.*, 65 F.4th 459, 468 (9th Cir. 2023). Nor does Maryland Electrical dispute that courts often certify timeliness issues generally, and repose issues specifically, for interlocutory review. *See* Mot. at 6. Maryland Electrical thus does not dispute that this Court's motion-to-dismiss ruling presents an unsettled question of law of a kind that is often decided on Section 1292(b) review.

Instead, Maryland Electrical urges that reversal on the repose question would not end this case. According to Maryland Electrical, it has asserted "§ 10(b) scheme liability and § 20(a) control-person claims" that must be decided by this Court sooner or later, with or without certification.  Opp. at 1–3, 5–7, 14.  But Maryland Electrical never *explains* why those claims—which were asserted in the same complaint and cover the same period as its misrepresentation claims—are not subject to the same statute of repose.

Start with the Section 20(a) claim, which, as the parties have recognized, rises and falls with Maryland Electrical's Section 10(b) claim.  *See* ECF 69 at 26–27; ECF 74 at 35; ECF 75 at 20.  That mirrors the way courts have approached the issue.  Section 20(a) claims require proof of a "primary violation of underlying federal securities laws," so courts generally "focus[] on" allegations of such a primary violation.  *In re NVIDIA Corp. Secs. Litig.*, 768 F.3d 1046, 1052 (9th Cir. 2014).

That leaves the scheme claim, which presents two problems.  *First*, it depends on supposed misrepresentations and conduct that happened more than five years before the Maryland Electrical filed suit in April 2021.  *See, e.g.*, ECF 37 ¶¶ 2, 5, 9, 197.  If a claim premised on pre-April 2016 misrepresentations is time-barred, the same must be true for a claim premised on a "scheme" covering the same period.  In fact, Maryland Electrical concedes as much, explaining in a footnote that the statute of repose applies equally to scheme claims.  Opp. at 6 n.3.  This concession is fatal because Maryland Electrical, having sold all of its stock in 2015, lacks standing to challenge any purported misconduct *after* April 2016 (i.e., within the repose period).  ECF 58 at 6 n.1.  *Second*, Maryland Electrical's own brief makes clear that the "scheme" hinges on Defendants' alleged misstatements:  "As Defendants recognize, the Complaint's scheme liability claim 'is **indistinguishable**' from Plaintiff's misstatement claim.'"  Opp. at 3; *see also id.* at 6–7, 14 (making similar points).  If the misstatement claim is barred by the statute of repose, then so is the "indistinguishable" scheme claim.  Maryland Electrical does not address this point. But courts presented with the issue reject efforts "to evade a statute of repose through a simple, semantic pleading trick"—repackaging misstatements as a "scheme."  *In re Teva Secs. Litig.*, 2021 WL 1197805, at *6 (D. Conn. Mar. 30, 2021).

In addition to relying on the "indistinguishable" scheme claim, Maryland Electrical argues that for three reasons, this Court's decision does not turn on a controlling question of law whose resolution could

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL
Case No. 4:20-cv-07835-JSW

materially advance the termination of this case.  None of those reasons has merit.

*First*, Maryland Electrical says that "deeply case-specific, fact-bound inquiries" stand in the way of resolving whether the statute of repose bars its complaint.  Opp. 7.  But Maryland Electrical does not identify any such "inquiries."  The parties have consistently briefed the applicability of the statute of repose as a purely legal issue.  *See* ECF 69 at 7-13; ECF 74 at 6-11; ECF 75 at 2-6.  This Court decided the issue on the same premise, never suggesting that any factual disputes bear on the applicability of the statute of repose.  *See* ECF 80 at 8-19.  Nor is there anything unusual about that; Defendants cited half a dozen statute-of-repose cases decided by courts of appeals on section 1292(b) review, all at the pleadings stage.  Mot. at 6.  Those cases, and the many others like them, confirm that the question here is purely legal.

*Second*, Maryland Electrical contends in a footnote that Defendants "waived" their argument on relation back because their "renewed motion to dismiss did not move to dismiss on relation back grounds." Opp. at 7 n.4.  This argument has a waiver problem of its own:  Courts generally disregard cursory points made in footnotes.  *E.g.*, *Recycle for Change v. City of Oakland*, 856 F.3d 666, 673 (9th Cir. 2017); *see also, e.g.*, *In re Marqeta, Inc.*, 2022 WL 3566447, at *3 n.1 (N.D. Cal. Aug. 18, 2022).  The bigger problem with Maryland Electrical's waiver argument is that it makes no sense.  Defendants had no reason to bring up relation back in their motion to dismiss.  Defendants' point was a simple one:  The statute of repose is five years, and Maryland Electrical's complaint was filed more than five years after the statements it had standing to challenge were made, so the complaint is time-barred.  ECF 69 at 8-9.  Maryland Electrical brought up relation back in its opposition, arguing (in a single sentence) that the doctrine made an otherwise untimely complaint timely.  ECF 74 at 10.  Defendants appropriately responded to that theory in their reply.  ECF 75 at 5-6.  That is the right order of operations—and one consistently endorsed by courts.  *See, e.g.*, *Overton v. MaCauley*, 822 F. App'x 341, 345 (6th Cir. 2020) ("appellants need not anticipate affirmative defenses in their opening briefs to avoid forfeiture").

*Third*, Maryland Electrical makes another waiver argument—that this Court may not certify its order for interlocutory review "[b]ecause Defendants do not challenge the scheme liability claim."  Opp. at 6; *see also id.* at 14 & n.8.  But Defendants moved to dismiss the entire complaint and make clear in their motion to certify that "this case would end" in the event of a reversal by the Ninth Circuit.  Mot. at

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL
Case No. 4:20-cv-07835-JSW

5; *accord id.* at 2–3, 6.

**B.    Reasonable minds can and do disagree over whether the relation-back doctrine applies here.**

Maryland Electrical devotes much of its opposition to restating the Court's reasoning and insisting that it is correct.  But Defendants did not file a motion for reconsideration.  Nor are they arguing that interlocutory review is appropriate simply because they "disagree" with the Court's order.  Opp. at 11.  Defendants argue that "there is substantial ground for difference of opinion" over that legal ruling.  28 U.S.C. § 1292(b).  There are three reasons why that is so, and Maryland Electrical does not meaningfully respond to any of them.

*First*, courts could reasonably decide that the relation-back doctrine does not apply to statutes of repose at all because the Supreme Court has held that such statutes are "unqualified," "complete," "fixed," and provide an "absolute bar" to liability, subject to "no exception."  *Cal. Pub. Emps.' Ret. Sys. v. ANZ Secs., Inc.*, 582 U.S. 497, 505, 506, 507 (2017) (*CalPERS*).  Maryland Electrical appears to be of two minds about *CalPERS*.  It argues that *CalPERS* "mandated" this Court's ruling *and* that *CalPERS* is "readily distinguishable."  Opp. at 9 & n.5.  That Maryland Electrical itself cannot decide which side *CalPERS* supports is proof that reasonable minds can disagree on the question presented here.

Maryland Electrical next claims that what matters under *CalPERS* is when an "action" was filed, which here was in November 2020, when York County filed the first complaint.  Opp. at 9.  But the Supreme Court's discussion of what qualifies as the "action" at least arguably forecloses Maryland Electrical's later-filed complaint.  In *CalPERS*, when the plaintiff opted out of a putative class and then filed an individual complaint outside the repose period, it argued that its individual complaint was timely because both complaints were part of the same "action."  582 U.S. at 513–14.  The Supreme Court disagreed, explaining that the untimely individual complaint was brought "in a separate forum, on a separate date, by a separate named party."  *Id.* at 514.  Here, too, Maryland Electrical's untimely complaint was brought "on a separate date, by a separate named party"—Maryland Electrical itself.  That York County had filed its own earlier complaint makes no difference.  Like the initial and later plaintiffs in *CalPERS*, York County and Maryland Electrical are legal strangers, and Maryland Electrical has no right to claim that York County held its place in line.  On that reasoning, Maryland Electrical's untimely

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL
Case No. 4:20-cv-07835-JSW

complaint was not part of the same "action" as a complaint filed on a different date by a different plaintiff, and it would be subject to dismissal under the statute of repose.

*Second*, the Ninth Circuit might rely on other circuits' decisions to conclude that even if the relation-back doctrine could be used to add new factual details to an existing complaint, it cannot be used to add a new *party* outside the repose period—which is what Maryland Electrical did here.  The Second Circuit has suggested that no claims asserted outside a repose period are timely.  *See DeKalb Cnty. Pension Fund v. Transocean Ltd.*, 817 F.3d 393, 412–13 (2d Cir. 2016); *Police & Fire Ret. Sys. of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 100–01 (2d Cir. 2013).  It has explained that use of the relation-back doctrine to allow plaintiffs to continue bringing claims outside the repose period would "necessarily enlarge or modify a substantive right and violate the Rules Enabling Act."  *IndyMac*, 721 F.3d at 109.

The Tenth Circuit recently took a more moderate approach, holding that if a plaintiff files a class complaint within the statute of repose, then an untimely amendment may relate back to the timely complaint—provided the amendment does "no more" than add detail.  *Hogan v. Pilgrim's Pride Corp.*, 73 F.4th 1150, 1157–58 (10th Cir. 2023).  *Hogan* strongly suggested, however, that the relation-back doctrine would not apply if an amended complaint added new "parties or causes of action."  *Id.* at 1157; *see also Se. Pa. Transp. Auth. v. Orrstown Fin. Servs. Inc.*, 12 F.4th 337, 351–52 (3d Cir. 2021) (*SEPTA*) (holding that class-action defendants have a vested right of repose against any plaintiff who has not sued before the statute of repose runs).

Maryland Electrical argues that the Court's order "is consistent with" *Hogan* and *SEPTA* (Opp. at 10) and does not conflict with *IndyMac* or *Dekalb* (Opp. at 11).  But Maryland Electrical's efforts to distinguish and harmonize these cases reveals why certification is appropriate.  Maryland Electrical observes that in *Hogan*, the same plaintiff appeared in the original and the amended complaint.  Opp. at 10.  That is Defendants' point:  *Hogan* allowed the same plaintiff to add factual detail to an existing complaint outside the repose period so long as it "add[ed] no parties."  *Hogan*, 73 F.4th at 1157; Opp. at 10.  Here, of course, Maryland Electrical *did* add a new party (itself) outside the repose period.  *Hogan* shows that a reasonable judge could draw the line at using relation back to add new parties outside the repose period.  *SEPTA* shores up the point.  The Third Circuit there observed that adding a new party outside the repose period is a "tougher" issue that would require different analysis.  12 F.4th at 350.

*SEPTA* shows that the legal issue on which the Court ruled here is more complicated than Maryland Electrical suggests.

*Third*, the Ninth Circuit might examine the split among district courts and determine that the better-reasoned decisions hold that the relation-back doctrine does not apply to statutes of repose. Maryland Electrical denies the existence of any split at all and argues that, in any event, a split among district courts is irrelevant to whether certification is appropriate. Opp. at 12–13. It is wrong on both counts.

Start with the split. Some cases squarely hold that the relation-back doctrine cannot be used to add a new named plaintiff to a securities complaint after the repose period has run. *E.g.*, *De Vito v. Liquid Holdings Grp., Inc.*, 2018 WL 6891832 at \*24 (D.N.J. Dec. 31, 2018). *De Vito* was emphatic that "relation-back is in tension with the principle that a statute of repose is a rigid and essential limitation on the scope of the cause of action itself— an 'absolute bar on a defendant's temporal liability.'" *Id.* And some decisions squarely hold the opposite—that a new lead plaintiff may prosecute claims outside the repose period. *E.g.*, *In re LexinFintech Holdings Ltd. Sec. Litig.*, 2021 WL 5530949, at \*17–18 (D. Or. Nov. 24, 2021).

Maryland Electrical is also mistaken in arguing that this split has no bearing on the propriety of Section 1292(b) review. Opp. at 11–12. In support of that argument, Maryland Electrical cites *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). But *Couch* said no such thing. To be sure, *Couch* explained that, "traditionally," courts "will find that a substantial ground for difference of opinion exists" if, among other things, the "circuits are in dispute" over the issue presented. *Id.* But the court nowhere suggested that a district-court split is irrelevant for purposes of certifying an order for interlocutory appeal. To the contrary, many courts have held the opposite. *See, e.g.*, *Mei Xing Yu v. Hasaki Rest., Inc.*, 874 F.3d 94, 96 (2d Cir. 2017); *Muniz v. Sabol*, 517 F.3d 29, 32 (1st Cir. 2008); *Fasano v. Fed. Rsrv. Bank of N.Y.*, 457 F.3d 274, 279 (3d Cir. 2006); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1330 (5th Cir. 1995); *Campaign Legal Ctr. v. Iowa Values*, 2024 WL 81278, at \*4–\*9 (D.D.C. Jan. 8, 2024); *Asis Internet Servs. v. Active Response Grp.*, 2008 WL 4279695, at \*3 (N.D. Cal. Sept. 16, 2008). And that makes sense: The relevant question under section 1292(b) is whether "fair-minded jurists might reach contradictory conclusions." *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). District judges are, of course, jurists.

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL
Case No. 4:20-cv-07835-JSW

Maryland Electrical next argues that the district-court decisions Defendants cite are either "non-binding" or "provide further support" for the Court's ruling. Opp. at 12–13; *see also id.* at 12 n.7 (insisting that "Defendants' other authorities are either similarly distinguishable *or support this Court's Order*"). Again, Maryland Electrical misses the point: For purposes of certification under section 1292(b), the question is not whether the Court's order conflicts with a "binding" decision. If it did, then either the Ninth Circuit or the Supreme Court would have spoken on the issue, and Defendants might have filed a motion for reconsideration instead of a motion for certification. The point here is that no binding precedent exists and that relevant district-court decisions reach different conclusions. Certification would allow the Ninth Circuit to weigh in on that debate and provide needed guidance for district courts and parties.

### C.     Maryland Electrical's other arguments are meritless.

#### 1.     It is irrelevant that the Ninth Circuit declined to reach the repose issue.

Maryland Electrical implies that the Ninth Circuit would decline interlocutory review here because it did not reach the statute-of-repose issue in its decision addressing the statute of limitations. Opp. at 2, 3, 7–8 (insisting that "the Ninth Circuit *already heard* Defendants' repose arguments" and declined to address them). But the Ninth Circuit declined to address the repose issue only because this Court had not yet done so. *York Cnty.*, 65 F.4th at 463. The Ninth Circuit explained that "an appellate court does not decide issues that the trial court did not decide"; it therefore expressed "no opinion" on the repose issue and left it for this Court to "address in the first instance." *Id.* at 468 (citing *Planned Parenthood of Greater Wash. and N. Idaho v. U.S. Dep't of Health & Hum. Servs.*, 946 F.3d 1100, 1111 (9th Cir. 2020)). That approach fits with the Ninth Circuit's general practice. *E.g.*, *Roth v. Foris Ventures, LLC*, 86 F.4th 832, 838 (9th Cir. 2023) (declining to address issue left unresolved by district court in securities case because, "'[a]s a federal court of appeals, we must always be mindful that we are a court of review, not first view'").

#### 2.     Defendants did not waive their Rules Enabling Act argument.

Maryland Electrical does not respond to Defendants' argument that the Rules Enabling Act prohibits use of the relation-back doctrine to redeem a class-action complaint filed outside a statute of repose. Instead, it claims Defendants waived that argument by not raising it in earlier briefing. Opp. at 13. Maryland Electrical is wrong, and this Court may consider the Rules Enabling Act in deciding whether to certify its motion-to-dismiss ruling for interlocutory review.

"As the Supreme Court has made clear, it is claims that are deemed waived or forfeited, not arguments." *United States v. Pallares-Galan*, 359 F.3d 1088, 1095 (9th Cir. 2004). For that reason, a new argument may always be made so long as it "supports" a legal claim that was already raised. *In re Partida*, 862 F.3d 909, 912 (9th Cir. 2017). In other words, once a "claim is properly presented, a party can make *any argument* in support of that claim." *Yee v. City of Escondido*, 503 U.S. 519, 534 (1992) (emphasis added); *see also Hi-Tech Pharms., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1194 (11th Cir. 2018) (explaining that parties waive "positions and issues," not "individual arguments").

Here, the legal issue is whether Maryland Electrical's complaint is barred by the statute of repose. Defendants properly raised that issue in their renewed motion to dismiss, and the Court ruled on the issue in its order. Conflict between that order and the Rules Enabling Act is just another *argument* concerning that same issue—whether the statute of repose bars Maryland Electrical's complaint.

Waiver is also a curious charge given how the Rules Enabling Act came into this case. Defendants had no reason to raise it affirmatively. They did so in response to this Court's ruling that the relation-back doctrine saves Maryland Electrical's complaint from the statute of repose. If the relation-back doctrine is an exception to the statute of repose, then the Rules Enabling Act is an exception to the exception. What is more, Maryland Electrical itself barely raised the relation-back doctrine in opposing Defendants' renewed motion to dismiss. In just one sentence, Maryland Electrical argued in the alternative that its "Complaint 'relates back' to the date of York County's complaint under Rule 15(c)." ECF 74 at 24. To counter that argument, Defendants argued on reply that the "Second Circuit squarely rejected the same argument in *IndyMac*." ECF 75 at 5. And *IndyMac*, in turn, held that allowing a plaintiff to use the relation-back doctrine to evade a statute of repose would "necessarily enlarge or modify a substantive right and violate the Rules Enabling Act." 721 F.3d at 109. In short, it makes perfect sense how and when Defendants raised the Rules Enabling Act.

By relying on its wavier objection, Maryland Electrical misses the big picture: The fact that some courts have relied on the Rules Enabling Act in declining to apply the relation-back doctrine in the repose context is another reason certification is appropriate. The Court's order implicates complex issues involving the interaction of the statute of repose, the relation-back doctrine, and the Rules Enabling Act. The Court's order thus presents precisely the sort of "novel and difficult" issues that are best addressed

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL
Case No. 4:20-cv-07835-JSW

through interlocutory appeal. *Couch*, 611 F.3d at 633.

### 3. No "judicial admission" stands in the way of certification.

According to Maryland Electrical, Defendants "claim that *DeKalb* and *IndyMac* conflict with *Hogan* and *SEPTA*," but that claim conflicts with a "judicial admission" in another brief that Defendants "cannot now run away from." Opp. at 11. Maryland Electrical's argument is wrong on both the law and the facts.

The legal flaw in Maryland Electrical's argument is that there is no such thing as a "judicial admission" about the meaning of a case. "'Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact.'" *See Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988). A comment about a case does not satisfy that standard because "statements of law or legal argument . . . fall outside the concept of judicial admissions." *Lam Rsch. Corp. v. Schunk Semiconductor*, 65 F. Supp. 3d 863, 870 (N.D. Cal. 2014); *see also, e.g.*, *MacDonald v. Gen. Motors Corp.*, 110 F.3d 337, 341 (6th Cir. 1997) ("legal conclusions" do not "constitute binding judicial admissions"). Maryland Electrical's only supposedly contrary authority is *United States v. Bentson*, 947 F.2d 1353 (9th Cir. 1991). Opp. at 11. But *Bentson* has nothing to do with a judicial admission about a legal argument. There, the Ninth Circuit held that a defendant convicted of willful failure to file income-tax returns made a binding judicial admission when he "stated in open court that he was not claiming that he filed valid tax returns"; given that admission, he could not later "claim that the government failed to prove he did not file valid tax returns." 947 F.2d at 1356.

The factual problem with Maryland Electrical's "judicial admission" argument is that Defendants never claimed in their motion to certify that *DeKalb* and *IndyMac* conflict with *Hogan* and *SEPTA* on the issue presented here. Defendants argued that the Ninth Circuit could reasonably conclude that *all four decisions* conflict with this Court's motion-to-dismiss ruling. *See* Mot. at 10 (explaining, before discussing *Hogan* and *SEPTA*, that "*IndyMac* and *DeKalb* are not the only circuit-court cases on which the Ninth Circuit might reasonably rely in disagreeing with this Court's ruling"). True, the reasoning in those four cases is not identical, and *Hogan* and *SEPTA* departed from *IndyMac* and *Dekalb* by allowing plaintiffs to add factual details to their own timely complaints outside the repose period. But the Ninth

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL
Case No. 4:20-cv-07835-JSW

Circuit might reasonably read all four decisions as consistent on the question presented here: whether a *new party* may file an untimely complaint outside the repose period. And that is precisely why this Court should certify its order for interlocutory appeal.

### III.   CONCLUSION

This Court should certify for interlocutory appeal its order denying in part Defendants' renewed motion to dismiss.

Dated:  May 17, 2024

**GIBSON, DUNN & CRUTCHER LLP**

*/s/ Brian M. Lutz*
BRIAN M. LUTZ SBN 255976
MICHAEL J. KAHN, SBN 303289
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone:  415.393.8200
Facsimile:  415.393.8306
BLutz@gibsondunn.com
MJKahn@gibsondunn.com

LISSA M. PERCOPO (*pro hac vice*)
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
Telephone:  202.887.3770
Facsimile:  202.530.9528
lpercopo@gibsondunn.com

**SIDLEY AUSTIN LLP**
SARA B. BRODY, SBN 130222
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone:  415.772.1200
sbrody@sidley.com

*Counsel for Defendants HP Inc., Dion J. Weisler, Catherine A. Lesjak, Enrique Lores, and Richard Bailey*

By: */s/ Katherine Henderson*

**WILSON SONSINI GOODRICH & ROSATI**

KATHERINE HENDERSON, SBN 242676

11

One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105-1101
Telephone:  415.947.2065
khenderson@wsgr.com

*Counsel for Defendant Catherine A. Lesjak*

**ATTESTATION (CIVIL LOCAL RULE 5-1(i)(3))**

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the signatories.

Dated:  May 17, 2024

**GIBSON, DUNN & CRUTCHER LLP**

*/s/ Brian M. Lutz*
BRIAN M. LUTZ

12

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL
Case No. 4:20-cv-07835-JSW