**GIBSON, DUNN & CRUTCHER LLP**
BRIAN M. LUTZ, SBN 255976
MICHAEL J. KAHN, SBN 303289
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone:  415.393.8200
Facsimile:  415.393.8306
BLutz@gibsondunn.com
MJKahn@gibsondunn.com

LISSA M. PERCOPO (*pro hac vice*)
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
Telephone:  202.887.3770
Facsimile:  202.530.9528
lpercopo@gibsondunn.com

*Counsel for Defendants HP Inc., Dion J.*
*Weisler, Catherine A. Lesjak, Enrique Lores,*
*and Richard Bailey*

*Additional counsel on signature page*

**SIDLEY AUSTIN LLP**
SARA B. BRODY, SBN 130222
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone:  415.772.1200
sbrody@sidley.com

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

YORK COUNTY ON BEHALF OF THE
COUNTY OF YORK RETIREMENT FUND,
*Individually and on Behalf of All Others Similarly*
*Situated*,

　　　　　　Plaintiff,

　　　v.

HP INC., et al.,

　　　　　　Defendants.

Case No. 4:20-cv-07835-JSW

**DEFENDANTS' ANSWER TO**
**PLAINTIFF'S CONSOLIDATED**
**COMPLAINT FOR VIOLATION OF THE**
**FEDERAL SECURITIES LAWS**

Gibson, Dunn &
Crutcher LLP

Defendants HP Inc. ("HP"), Dion J. Weisler, Catherine A. Lesjak, Enrique Lores, and Richard Bailey (collectively, "Defendants")[1], through their undersigned counsel, hereby answer the Consolidated Complaint, ECF No. 37, filed by Plaintiff Maryland Electrical Industry Pension Fund on April 21, 2021.

As indicated below, the Court's March 27, 2024 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss the Consolidated Complaint, ECF No. 80, dismissed several of Plaintiff's claims and allegations. Defendants are not required to respond to allegations that the Court has dismissed and, on that basis, deny those allegations. Any allegation not explicitly admitted is denied. Defendants do not, by noting or admitting that the Consolidated Complaint purports to characterize or quote particular documents, admit the truth of any assertion in the referenced document. Moreover, headings and footnotes contained within the Consolidated Complaint are not substantive allegations to which an answer is required. To the extent headings are substantive allegations to which an answer is required, Defendants deny the allegations. To the extent footnotes in the Consolidated Complaint are deemed to be substantive allegations, then the response to the paragraph in which the footnote is found is Defendants' response to the footnote as well. In answer to the Consolidated Complaint, Defendants further specifically respond as follows:

1. Defendants need not respond to the allegations in paragraph 1 inasmuch as they constitute Plaintiff's representations of its legal conclusions and claims, its own actions and beliefs, and the actions of its counsel. To the extent that these allegations are deemed to be factual and require a response, Defendants deny them.

2. Defendants need not respond to the allegations in paragraph 2 inasmuch as they relate to claims that the Court dismissed in its March 27, 2024 order, and on that basis deny them. Defendants

---

[1] Mr. Bailey and Mr. Lores understand that all claims against them have been dismissed by the Court. Specifically, the Court held that (1) Plaintiff can only bring claims against Messrs. Bailey and Lores based on alleged misconduct that occurred after April 21, 2016 (ECF 80 at 35), but (2) Plaintiff lacks standing to challenge any such alleged misconduct because it sold all of its HP stock in 2015 (ECF 58 at 6 n.1). However, Defendants understand that Plaintiff may disagree. Accordingly, out of an abundance of caution, Mr. Bailey and Mr. Lores hereby answer the Complaint and deny the claims again them.

DEFENDANTS' ANSWER TO PLAINTIFF'S CONSOLIDATED COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

CASE NO. 4:20-CV-07835-JSW.

Gibson, Dunn & Crutcher LLP

need not respond to the allegations in paragraph 2 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny them.

3. Defendants need not respond to the allegations in paragraph 3 inasmuch as they constitute legal conclusions. To the extent the allegations in paragraph 3 purport to describe what third parties, such as unidentified analysts and investors, "were keenly focused on," Defendants lack sufficient knowledge or information to respond, and on that basis deny them. To the extent that these allegations are deemed to be factual and require a response, Defendants admit that Hewlett-Packard Company split into two separate public companies in November 2015, with HP Inc. maintaining the Printing and Personal Systems businesses. To the extent the allegations in paragraph 3 purport to characterize or quote statements made by Mr. Weisler or an unidentified "HP analyst," Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements, and respectfully refer the Court to the call transcript and the unidentified analyst report for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the factual allegations in paragraph 3.

4. Defendants need not respond to the allegations in paragraph 4 inasmuch as they relate to claims that the Court dismissed in its March 27, 2024 order, and on that basis deny them. Defendants admit that on September 15, 2015, HP held a Security Analyst Meeting. To the extent the allegations in paragraph 4 purport to characterize or quote statements made by Messrs. Weisler and Lores and Ms. Lesjak at that meeting, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements, and respectfully refer the Court to the meeting transcript for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 4.

5. Defendants need not respond to the allegations in paragraph 5 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants aver that inasmuch as the allegations in paragraph 5 purport to characterize or quote statements from the SEC Settlement, the SEC Settlement speaks for itself, and Defendants

Gibson, Dunn & Crutcher LLP

respectfully refer the Court to the SEC Settlement for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 5.

6. Defendants need not respond to the allegations in paragraph 6 inasmuch as they relate to claims that the Court dismissed in its March 27, 2024 order, and on that basis deny them. Defendants need not respond to the allegations in paragraph 6 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants aver that inasmuch as the allegations in paragraph 6 purport to characterize or quote statements Defendants made to investors, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements, and respectfully refer the Court to the public filings and call transcripts themselves for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 6.

7. Defendants need not respond to the allegations in paragraph 7 inasmuch as they relate to claims that the Court dismissed in its March 27, 2024 order, and on that basis deny them. Defendants need not respond to the allegations in paragraph 7 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants admit that Mr. Weisler was involved with Quarterly Business Reviews for HP's Printing segment. Defendants further admit that Ms. Lesjak was CFO of HP during the alleged Class Period and that the Finance Department conducted various operational reviews and prepared flash reports regarding various metrics. To the extent the allegations in paragraph 7 purport to characterize or quote statements made by Messrs. Lores and Weisler and Ms. Lesjak to investors, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements, and respectfully refer the Court to the public filings and call transcripts themselves for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the factual allegations in paragraph 7.

8. Defendants need not respond to the allegations in paragraph 8 inasmuch as they relate to claims that the Court dismissed in its March 27, 2024 order, and on that basis deny them. Defendants need not respond to the allegations in paragraph 8 inasmuch as they constitute legal conclusions. To

Gibson, Dunn &
Crutcher LLP

the extent that these allegations are deemed to be factual and require a response, Defendants deny them.

9. Defendants need not respond to the allegations in paragraph 9 inasmuch as they relate to claims that the Court dismissed in its March 27, 2024 order, and on that basis deny them. Defendants need not respond to the allegations in paragraph 9 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny them.

10. Defendants need not respond to the allegations in paragraph 10 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations other than to admit that on September 30, 2020, HP entered into a Settlement with the SEC, which did not include any finding of wrongdoing or scienter, and the Settlement resolved the SEC's investigation upon payment of $6,000,000. Except as expressly admitted, Defendants deny the allegations in paragraph 10.

11. Defendants need not respond to the allegations in paragraph 11 inasmuch as they constitute legal conclusions. To the extent a response is required, Defendants admit that Plaintiff purports to bring this action as a putative class action seeking remedies under §§ 10(b) and 20(a) of the 1934 Act, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") and Rule l0b-5 promulgated thereunder (17 C.F.R. § 240.10b-5). Defendants deny that Plaintiff's claims have merit, deny the action should proceed as a class action, and deny that the class period is appropriate.

12. Defendants need not respond to the allegations in paragraph 12 inasmuch as they constitute legal conclusions. To the extent a response is required, Defendants admit that Plaintiff purports to assert claims pursuant to §§ 10(b) and 20(a) of the 1934 Act (15 U.S.C. §§ 78j(b) and 78t(a)), and SEC Rule 10b-5(a)-(c) promulgated thereunder (17 C.F.R. § 240.10b-5), and purports to plead jurisdiction pursuant to 28 U.S.C. § 1331 and § 27 of the 1934 Act.

13. Defendants need not respond to the allegations in paragraph 13 inasmuch as they constitute legal conclusions. To the extent a response is required, Defendants admit that Plaintiff purports to plead venue pursuant to 28 U.S.C. § 1391(b) and § 27 of the 1934 Act, and that venue is

Gibson, Dunn &
Crutcher LLP

DEFENDANTS' ANSWER TO PLAINTIFF'S CONSOLIDATED COMPLAINT FOR VIOLATION OF THE
FEDERAL SECURITIES LAWS
CASE NO. 4:20-CV-07835-JSW.

proper in this judicial district. Except as expressly admitted, Defendants deny the allegations in paragraph 13.

14. Defendants need not respond to the allegations in paragraph 14 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants admit that they used certain instrumentalities of interstate commerce in connection with HP's business. Except as expressly admitted, Defendants deny the factual allegations in paragraph 14.

15. Defendants need not respond to the allegations in paragraph 15 inasmuch as they constitute legal conclusions. To the extent the allegations in paragraph 15 purport to describe Plaintiff and its actions, Defendants lack sufficient knowledge or information to respond, and on that basis deny them. Defendants otherwise deny the factual allegations in paragraph 15.

16. Defendants admit the allegations in paragraph 16 and footnote 1.

17. Defendants admit the allegations in paragraph 17.

18. Defendants admit the allegations in paragraph 18.

19. Defendants admit the allegations in paragraph 19.

20. To the extent the allegations in paragraph 20 purport to quote from Mr. Bailey's executive biography, the executive biography speaks for itself, and Defendants respectfully refer the Court to the biography for a complete and accurate account of the statements made. Defendants admit that Mr. Bailey was the President of HP's APJ region from November 6, 2015 through June 21, 2016, and that he was appointed to that role by Mr. Weisler, to whom he reported during the purported Class Period. Except as expressly admitted, Defendants deny the factual allegations in paragraph 20.

21. Defendants need not respond to the allegations in paragraph 21 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny them.

22. Defendants need not respond to the allegations in paragraph 22 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require

6

DEFENDANTS' ANSWER TO PLAINTIFF'S CONSOLIDATED COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS
CASE NO. 4:20-CV-07835-JSW.

Gibson, Dunn & Crutcher LLP

a response, Defendants deny them.

23. Defendants need not respond to the allegations in paragraph 23 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny them.

24. Defendants admit that Hewlett-Packard Company split into two separate public companies on or about November 1, 2015, with HP Inc. maintaining the Printing and Personal Systems businesses. Defendants admit that HP Inc. and Hewlett Packard Enterprise Company ("HPE") operate and trade as two separate companies, and that HPE retained HPC's enterprise technology infrastructure, software, services, and financing businesses. To the extent the allegations in paragraph 24 purport to characterize or quote statements made by Mr. Lores and Ms. Lesjak at the September 15, 2015 Security Analyst Meeting, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements, and respectfully refer the Court to the meeting transcript for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the factual allegations in paragraph 24 and footnote 2.

25. Defendants admit the allegations in paragraph 25.

26. To the extent the allegations in paragraph 26 purport to characterize or quote statements made in an article published by *The Wall Street Journal* and in an unidentified analyst report, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements, and respectfully refer the Court to the article and report themselves for a complete and accurate account of the statements made. To the extent the allegations in paragraph 26 purport to characterize or quote statements made by Messrs. Lores and Weisler, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements, and respectfully refer the Court to the call transcripts for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 26 and footnote 3.

27. To the extent the allegations in paragraph 27 purport to characterize or quote statements made by Ms. Lesjak at an analyst meeting or by an unidentified analyst in a report, Defendants deny

DEFENDANTS' ANSWER TO PLAINTIFF'S CONSOLIDATED COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

CASE NO. 4:20-CV-07835-JSW.

Gibson, Dunn & Crutcher LLP

that such quotations or characterizations fully or accurately reflect the content of those statements, and respectfully refer the Court to the meeting transcript and the analyst report for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 27.

28. To the extent the allegations in paragraph 28 purport to characterize or quote statements made by Mr. Lores during an analyst meeting, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements, and respectfully refer the Court to meeting transcript for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 28.

29. Defendants need not respond to the allegations in paragraph 29 inasmuch as they constitute legal conclusions. To the extent the allegations in paragraph 29 purport to describe the actions or understanding of third parties, Defendants lack sufficient knowledge or information to respond, and on that basis deny them. Defendants otherwise deny the factual allegations in paragraph 29.

30. Defendants admit that one of the models HP used for its Printing Supplies business from November 2015 through June 2016 was a "push" model, and that HP had contractual relationships with "Tier 1" distributors. Except as expressly admitted, Defendants deny the factual allegations in paragraph 30.

31. Defendants admit that one way that HP measured its channel inventory levels was by using a Weeks of Supply ("WOS") metric. Defendants admit that Ms. Lesjak was Chief Financial Officer of HP during the Class Period. Defendants admit that the finance team prepared reports regarding various metrics. Except as expressly admitted, Defendants deny the factual allegations in paragraph 31.

32. Defendants admit that HP provided investors with information regarding certain metrics, such as "Weeks of Supply," from time to time during the Class Period. To the extent the allegations in paragraph 32 purport to characterize HP's public disclosures, the public disclosures speak for themselves, and Defendants respectfully refer the Court to the public disclosures for a complete and

DEFENDANTS' ANSWER TO PLAINTIFF'S CONSOLIDATED COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

CASE NO. 4:20-CV-07835-JSW.

Gibson, Dunn & Crutcher LLP

accurate account of the statements made. To the extent the allegations in paragraph 32 purport to describe the "underst[anding]" of an undefined "market," Defendants lack sufficient knowledge or information to respond, and on that basis deny them. Except as expressly admitted, Defendants deny the factual allegations in paragraph 32.

33. To the extent the allegations in paragraph 33 purport to describe what unidentified analysts understood or "paid particular attention to," Defendants lack sufficient knowledge or information to respond, and on that basis deny them. Defendants otherwise deny the factual allegations in paragraph 33.

34. Defendants need not respond to the allegations in paragraph 34 inasmuch as they relate to claims that the Court dismissed in its March 27, 2024 order, and on that basis deny them. Defendants admit that on October 4, 2015, Deutsche Bank hosted an investor meeting with Mr. Weisler. To the extent the allegations in paragraph 34 purport to characterize or quote statements made in the October 8, 2015 Deutsche Bank report, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements, and respectfully refer the Court to the report for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 34.

35. Defendants need not respond to the allegations in paragraph 35 inasmuch as they relate to claims that the Court dismissed in its March 27, 2024 order, and on that basis deny them. Defendants need not respond to the allegations in paragraph 35 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny them.

36. Defendants admit that on September 15, 2015, HP held a Security Analyst Meeting. To the extent the allegations in paragraph 36 purport to characterize or quote statements made by Messrs. Weisler and Lores and Ms. Lesjak at the Security Analyst Meeting, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements, and respectfully refer the Court to the meeting transcript for a complete and accurate account of the statements made. To the extent the allegations in paragraph 36 purport to describe what unidentified

Gibson, Dunn & Crutcher LLP

analysts "recognized," Defendants lack sufficient knowledge or information to respond, and on that basis deny them. Except as expressly admitted, Defendants deny the allegations in paragraph 36.

37. To the extent the allegations in paragraph 37 purport to characterize or quote statements made by Ms. Lesjak and Messrs. Weisler and Lores at the Security Analyst Meeting, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements, and respectfully refer the Court to the meeting transcript for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 37.

38. To the extent the allegations in paragraph 38 purport to characterize or quote statements made by Mr. Lores at the Security Analyst Meeting, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements, and respectfully refer the Court to the meeting transcript for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 38.

39. To the extent the allegations in paragraph 39 purport to characterize or quote statements made by Ms. Whitman at the Security Analyst Meeting, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements and respectfully refer the Court to the meeting transcript for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 39.

40. To the extent the allegations in paragraph 40 purport to characterize or quote statements made by Messrs. Lores and Weisler at the Security Analyst Meeting, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements and respectfully refer the Court to the meeting transcript for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 40.

41. To the extent the allegations in paragraph 41 purport to characterize or quote statements made in various analyst reports, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements and respectfully refer the Court to the reports themselves for a complete and accurate account of the statements made. Defendants otherwise deny

DEFENDANTS' ANSWER TO PLAINTIFF'S CONSOLIDATED COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

CASE NO. 4:20-CV-07835-JSW.

Gibson, Dunn & Crutcher LLP

the factual allegations in paragraph 41.

42.    Denied.

43.    Defendants admit that on November 24, 2015, HP held an earnings call. To the extent the allegations in paragraph 43 purport to characterize or quote statements made at that earnings call, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements and respectfully refer the Court to the call transcript for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 43.

44.    Defendants admit that on November 24, 2015, HP held an earnings call. To the extent the allegations in paragraph 44 purport to characterize or quote statements made by Mr. Weisler and Ms. Lesjak at that call, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements and respectfully refer the Court to the call transcript for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 44.

45.    To the extent the allegations in paragraph 45 purport to describe what unidentified analysts "interpreted" regarding HP's November 24, 2015 earnings call, Defendants lack sufficient knowledge or information to respond, and on that basis deny them. To the extent the allegations in paragraph 45 purport to characterize or quote statements made in a November 25, 2015 Trefis analyst report and a November 25, 2015 FBN Securities analyst report, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements and respectfully refer the Court to the reports themselves for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 45.

46.    Defendants need not respond to the allegations in paragraph 46 inasmuch as they relate to claims that the Court dismissed in its March 27, 2024 order, and on that basis deny them. To the extent a response is required, Defendants aver that inasmuch as the allegations in paragraph 46 purport to characterize or quote statements from the March 1, 2016 Morgan Stanley Technology, Media & Telecom Conference and HP's May 25, 2016 earnings call, the conference and earnings call transcripts

DEFENDANTS' ANSWER TO PLAINTIFF'S CONSOLIDATED COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

CASE NO. 4:20-CV-07835-JSW.

Gibson, Dunn & Crutcher LLP

speak for themselves, and Defendants respectfully refer the Court to the transcripts themselves for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 46.

47. Defendants need not respond to the allegations in paragraph 47 inasmuch as they relate to claims that the Court dismissed in its March 27, 2024 order, and on that basis deny them. To the extent the allegations in paragraph 47 purport to characterize or quote Deutsche Bank's March 20, 2016 report, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements, and Defendants respectfully refer the Court to the report for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 47.

48. Defendants need not respond to the allegations in paragraph 48 inasmuch as they relate to claims that the Court dismissed in its March 27, 2024 order, and on that basis deny them. Defendants admit that on May 25, 2016, HP held an earnings call. To the extent the allegations in paragraph 48 purport to characterize or quote statements made by Ms. Lesjak at that earnings call, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements and respectfully refer the Court to the call transcript for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 48.

49. Defendants need not respond to the allegations in paragraph 49 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny them.

50. Defendants need not respond to the allegations in paragraph 50 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants aver that inasmuch as the allegations in paragraph 50 and footnote 4 purport to characterize HP's Standards of Business Conduct or its contracts with distributors, HP's Standards of Business Conduct and distribution contracts speak for themselves, and the Defendants respectfully refer the court to the materials themselves for a complete and accurate account of the statements made.

12

Gibson, Dunn & Crutcher LLP

Defendants otherwise deny the factual allegations in paragraph 50 and footnote 4.

51. Denied.

52. Defendants need not respond to the allegations in paragraph 52 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants admit that HP sometimes offered discounts to distributors in the APJ region. Except as expressly admitted, Defendants deny the factual allegations in paragraph 52 and footnote 5.

53. Denied.

54. Denied.

55. To the extent the allegations in paragraph 55 purport to characterize QBR presentations and internal HP documents, these documents speak for themselves, and Defendants respectfully refer the Court to the documents themselves for a complete and accurate account of the statements made. To the extent the allegations in paragraph 55 and footnote 6 purport to characterize or quote the SEC Settlement, the SEC Settlement speaks for itself, and Defendants respectfully refer the Court to the SEC Settlement for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 55 and footnote 6.

56. Defendants need not respond to the allegations in paragraph 56 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants aver that inasmuch as the allegations in paragraph 56 purport to characterize or quote the SEC Settlement, the SEC Settlement speaks for itself, and Defendants respectfully refer the Court to the SEC Settlement for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 56.

57. Defendants need not respond to the allegations in paragraph 57 inasmuch as they constitute legal conclusions. To the extent the allegations in paragraph 57 purport to characterize or quote the SEC Settlement, the SEC Settlement speaks for itself, and Defendants respectfully refer the Court to the SEC Settlement for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 57.

Gibson, Dunn & Crutcher LLP

13

58. Defendants need not respond to the allegations in paragraph 58 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants aver that inasmuch as the allegations in paragraph 58 purport to characterize or quote the SEC Settlement, the SEC Settlement speaks for itself, and Defendants respectfully refer the Court to the SEC Settlement for a complete and accurate account of the statements made. To the extent the allegations in paragraph 58 purport to characterize the motivations of "Tier 2 partners," Defendants lack knowledge as to those motivations, and on that basis deny the allegations. Defendants otherwise deny the factual allegations in paragraph 58 and footnote 7.

59. Defendants need not respond to the allegations in paragraph 59 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants aver that inasmuch as the allegations in paragraph 59 purport to characterize or quote the SEC Settlement, the SEC Settlement speaks for itself, and Defendants respectfully refer the Court to the SEC Settlement for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 59.

60. Defendants need not respond to the allegations in paragraph 60 inasmuch as they relate to claims that the Court dismissed in its March 27, 2024 order, and on that basis deny them. Defendants need not respond to the allegations in paragraph 60 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants aver that inasmuch as the allegations in paragraph 60 purport to characterize or quote statements made during earnings calls, the transcripts of those calls speak for themselves, and Defendants respectfully refer the Court to the transcripts for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 60.

61. Defendants aver that inasmuch as the allegations in paragraph 61 purport to characterize or quote statements made by Messrs. Weisler and Lores and Ms. Lesjak during earnings calls, the transcripts of those calls speak for themselves, and Defendants respectfully refer the Court to the transcripts for a complete and accurate account of the statements made. Defendants otherwise deny

DEFENDANTS' ANSWER TO PLAINTIFF'S CONSOLIDATED COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

CASE NO. 4:20-CV-07835-JSW.

Gibson, Dunn & Crutcher LLP

the factual allegations in paragraph 61.

62.    Defendants admit that Ms. Lesjak was CFO of HP during the alleged Class Period. To the extent the allegations in paragraph 62 purport to characterize or quote statements made by Mr. Weisler and Ms. Lesjak during earnings calls, the transcripts of those calls speak for themselves, and Defendants respectfully refer the Court to the transcripts for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the factual allegations in paragraph 62.

63.    Defendants admit that HP engaged in multi-day Quarterly Business Reviews during the alleged Class Period. To the extent the allegations in paragraph 63 purport to characterize QBR presentations and internal HP documents, these documents speak for themselves, and Defendants respectfully refer the Court to the documents for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the factual allegations in paragraph 63.

64.    Defendants admit that Ms. Lesjak was CFO of HP during the alleged Class Period and that the Finance Department conducted various operational reviews and published "flash" reports. To the extent the allegations in paragraph 64 purport to characterize Mr. Lores's statement at the June 21, 2016 Printing Update Conference Call, Mr. Lores's statement speaks for itself, and Defendants respectfully refer the Court to the call transcript for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the factual allegations in paragraph 64.

65.    Defendants admit that HP had a predictive tool called the "Four Box Model." Except as expressly admitted, Defendants deny the factual allegations in paragraph 65.

66.    Defendants need not respond to the allegations in paragraph 66 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny them.

67.    Defendants need not respond to the allegations in paragraph 67 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny them.

15

DEFENDANTS' ANSWER TO PLAINTIFF'S CONSOLIDATED COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

CASE NO. 4:20-CV-07835-JSW.

Gibson, Dunn & Crutcher LLP

68.    Defendants need not respond to the allegations in paragraph 68 inasmuch as they constitute legal conclusions.  To the extent that these allegations are deemed to be factual and require a response, Defendants admit that Ms. Lesjak had responsibilities related to certain Supplies business metrics.  To the extent the allegations in paragraph 68 purport to characterize or quote statements made by Mr. Weisler, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements and respectfully refer the Court to the meeting transcript for a complete and accurate account of the statements made.  Except as expressly admitted, Defendants deny the factual allegations in paragraph 68.

69.    Defendants need not respond to the allegations in paragraph 69 and footnote 8 inasmuch as they constitute legal conclusions.  To the extent that these allegations are deemed to be factual and require a response, Defendants admit that on June 21, 2016, HP held a Printing Update Conference Call, that on October 13, 2016 and October 12, 2017 HP held securities analyst meetings.  To the extent the allegations in paragraph 69 and footnote 8 purport to characterize or quote statements made by Mr. Weisler and Ms. Lesjak at the June 21, 2016 Printing Update Conference Call, and by Mr. Lores during the  October 13, 2016 and October 12, 2017 securities analyst meetings, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements and respectfully refer the Court to the call and meeting transcripts for a complete and accurate account of the statements made.  Except as expressly admitted, Defendants deny the allegations in paragraph 69 and footnote 8.

70.    Defendants need not respond to the allegations in paragraph 70 inasmuch as they constitute legal conclusions.  To the extent that these allegations are deemed to be factual and require a response, Defendants admit that on June 21, 2016, HP held a Printing Update Conference Call.  To the extent the allegations in paragraph 70 purport to characterize or quote statements made by Messrs. Weisler and Lores on that call, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements and respectfully refer the Court to the call transcript for a complete and accurate account of the statements made.  Except as expressly admitted, Defendants

Gibson, Dunn & Crutcher LLP

deny the allegations in paragraph 70.

71.    Defendants admit that on June 21, 2016, HP held a Printing Update Conference Call. To the extent the allegations in paragraph 71 purport to characterize or quote statements made by Ms. Lesjak on that call, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements and respectfully refer the Court to the call transcript for a complete and accurate account of the statements made.  Except as expressly admitted, Defendants deny the allegations in paragraph 71.

72.    Defendants aver that inasmuch as the allegations purport to characterize or quote the UBS Securities analyst's report, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements, and Defendants respectfully refer the Court to the report for a complete and accurate account of the statements made.  Defendants otherwise deny the factual allegations in paragraph 72.

73.    Defendants admit that HP and the SEC reached a settlement, with HP not admitting to any wrongdoing but agreeing to pay a $6,000,000 sum to the SEC.  To the extent the allegations in paragraph 73 purport to characterize or quote the SEC Settlement, the SEC Settlement speaks for itself, and Defendants respectfully refer the Court to the SEC Settlement for a complete and accurate account of the statements made.  Except as expressly admitted, Defendants deny the allegations in paragraph 73.

74.    Defendants aver that inasmuch as the allegations in paragraph 74 purport to characterize or quote the SEC Settlement, the SEC Settlement speaks for itself, and Defendants respectfully refer the Court to the SEC Settlement for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 74.

75.    Defendants aver that inasmuch as the allegations in paragraph 75 purport to characterize or quote the SEC Settlement, the SEC Settlement speaks for itself, and Defendants respectfully refer the Court to the SEC Settlement for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 75.

DEFENDANTS' ANSWER TO PLAINTIFF'S CONSOLIDATED COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

CASE NO. 4:20-CV-07835-JSW.

Gibson, Dunn & Crutcher LLP

76. Defendants need not respond to the allegations in paragraph 76 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants aver that inasmuch as the allegations in paragraph 76 purport to characterize or quote the SEC Settlement, the SEC Settlement speaks for itself, and Defendants respectfully refer the Court to the SEC Settlement for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 76.

77. Defendants aver that inasmuch as the allegations in paragraph 77 purport to characterize or quote the SEC Settlement, the SEC Settlement speaks for itself, and Defendants respectfully refer the Court to the SEC Settlement for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 77.

78. Defendants aver that inasmuch as the allegations in paragraph 78 purport to characterize or quote the SEC Settlement, the SEC Settlement speaks for itself, and Defendants respectfully refer the Court to the SEC Settlement for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 78 and footnote 9.

79. Defendants aver that inasmuch as the allegations in paragraph 79 purport to characterize or quote the SEC Settlement, the SEC Settlement speaks for itself, and Defendants respectfully refer the Court to the SEC Settlement for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 79.

80. Defendants aver that inasmuch as the allegations in paragraph 80 purport to characterize or quote the SEC Settlement, the SEC Settlement speaks for itself, and Defendants respectfully refer the Court to the SEC Settlement for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 80.

81. Defendants aver that inasmuch as the allegations in paragraph 81 purport to characterize or quote the SEC Settlement, the SEC Settlement speaks for itself, and Defendants respectfully refer the Court to the SEC Settlement for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 81.

Gibson, Dunn & Crutcher LLP

82.    Defendants aver that inasmuch as the allegations in paragraph 82 purport to characterize or quote the SEC Settlement, the SEC Settlement speaks for itself, and Defendants respectfully refer the Court to the SEC Settlement for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 82.

83.    Defendants aver that inasmuch as the allegations in paragraph 83 purport to characterize or quote the SEC Settlement, the SEC Settlement speaks for itself, and Defendants respectfully refer the Court to the SEC Settlement for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 83.

84.    Defendants aver that inasmuch as the allegations in paragraph 84 purport to characterize or quote the SEC Settlement, the SEC Settlement speaks for itself, and Defendants respectfully refer the Court to the SEC Settlement for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 84.

85.    Defendants aver that inasmuch as the allegations in paragraph 85 purport to characterize or quote the SEC Settlement, the SEC Settlement speaks for itself, and Defendants respectfully refer the Court to the SEC Settlement for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 85.

86.    Defendants aver that inasmuch as the allegations in paragraph 86 and footnote 10 purport to characterize or quote the SEC Settlement, the SEC Settlement speaks for itself, and Defendants respectfully refer the Court to the SEC Settlement for a complete and accurate account of the statements made.  Defendants otherwise deny the factual allegations in paragraph 86 and footnote 10.

87.    Defendants aver that inasmuch as the allegations in paragraph 87 purport to characterize or quote the SEC Settlement, the SEC Settlement speaks for itself, and Defendants respectfully refer the Court to the SEC Settlement for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 87.

88.    Defendants aver that inasmuch as the allegations in paragraph 88 purport to characterize

DEFENDANTS' ANSWER TO PLAINTIFF'S CONSOLIDATED COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

CASE NO. 4:20-CV-07835-JSW.

Gibson, Dunn & Crutcher LLP

or quote the SEC Settlement, the SEC Settlement speaks for itself, and Defendants respectfully refer the Court to the SEC Settlement for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 88.

89.    Defendants need not respond to the allegations in paragraph 89 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants aver that inasmuch as the allegations in paragraph 89 purport to characterize the SEC Settlement, the SEC Settlement speaks for itself, and Defendants respectfully refer the Court to the SEC Settlement for a complete and accurate account of the statements made. Defendants otherwise deny the allegations in paragraph 89 and footnotes 11, 12, and 13.

90.    To the extent the allegations in paragraph 90 purport to describe what third parties such as unidentified analysts and investors "were keenly focused on," Defendants lack sufficient knowledge or information to respond, and on that basis deny them. Defendants admit that on September 15, 2015, HP held a Security Analyst Meeting. To the extent the allegations in paragraph 90 purport to characterize or quote statements made at that call, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements and respectfully refer the Court to the call transcript for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 90.

91.    To the extent that Plaintiff purports to quote statements made in the November 5, 2015 Deutsche Bank report, Defendants deny that such quotations fully or accurately reflect the contents of the November 5, 2015 Deutsche Bank report, and respectfully refer the Court to the report itself for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 91.

92.    Defendants need not respond to the allegations in paragraph 92 inasmuch as they constitute legal conclusions. To the extent the allegations in paragraph 92 purport to describe what third parties were "intensely focused and reliant upon," Defendants lack sufficient knowledge or information to respond, and on that basis deny them. Defendants otherwise deny the factual allegations

20

Gibson, Dunn & Crutcher LLP

in paragraph 92.

93.    Defendants need not respond to the allegations in paragraph 93 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants aver that inasmuch as the allegations in paragraph 93 purport to characterize or quote the SEC Settlement, the SEC Settlement speaks for itself, and Defendants respectfully refer the Court to the SEC Settlement itself for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 93.

94.    Defendants need not respond to the allegations in paragraph 94 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny them.

95.    Defendants admit that on November 5, 2015, HP filed a Form 8-K with the SEC. To the extent the allegations in paragraph 95 seek to quote or characterize the contents of the November 5, 2015 Form 8-K, and the previously-filed consolidated financial statements, accompanying notes, and Management's Discussion and Analysis of Financial Condition and Results of Operations from the Form 10-Q for the third quarter of fiscal year 2015, ended July 31, 2015, those documents speak for themselves, and Defendants respectfully refer the Court to the public disclosures for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 95.

96.    Defendants need not respond to the allegations in paragraph 96 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants admit that on November 24, 2015, HP issued an earnings release and held an earnings call, during which Mr. Weisler and Ms. Lesjak spoke. To the extent the allegations in paragraph 96 seek to paraphrase or characterize the contents of the November 24, 2015 earnings release or the statements made during the November 24, 2015 earnings call, the earnings release and call transcript speak for themselves, and Defendants respectfully refer the Court to the earnings release and the call transcript for a complete and accurate account of the statements made. Except as expressly

Gibson, Dunn & Crutcher LLP

admitted, Defendants deny the allegations in paragraph 96.

97.     Defendants admit that on November 24, 2015, HP issued an earnings release.  To the extent the allegations in paragraph 97 seek to paraphrase or characterize the contents of the November 24, 2015 earnings release, the release speaks for itself, and Defendants respectfully refer the Court to the release for a complete and accurate account of the statements made.  Except as expressly admitted, Defendants deny the allegations in paragraph 97.

98.     Defendants admit that on November 24, 2015, HP held an earnings call.  To the extent the allegations in paragraph 98 purport to characterize or quote statements made by Mr. Weisler, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements and respectfully refer the Court to the call transcript for a complete and accurate account of the statements made.  Except as expressly admitted, Defendants deny the allegations in paragraph 98.

99.     Defendants admit that on November 24, 2015, HP held an earnings call.  To the extent the allegations in paragraph 99 purport to characterize or quote statements made by Mr. Weisler and Ms. Lesjak, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements and respectfully refer the Court to the call transcript for a complete and accurate account of the statements made.  Except as expressly admitted, Defendants deny the allegations in paragraph 99.

100.    Defendants admit that on November 24, 2015, HP held an earnings call.  To the extent the allegations in paragraph 100 purport to quote statements made by Ms. Lesjak, Defendants deny that such quotations fully or accurately reflect the content of those statements and respectfully refer the Court to the call transcript for a complete and accurate account of the statements made.  Except as expressly admitted, Defendants deny the allegations in paragraph 100.

101.    To the extent that Plaintiff purports to quote or characterize statements made in analyst reports in paragraph 101, Defendants deny that such quotations or characterizations fully or accurately reflect the contents of those reports and respectfully refer the Court to the reports themselves for a complete and accurate account of the statements made.  Defendants otherwise deny the factual

22

Gibson, Dunn & Crutcher LLP

allegations in paragraph 101.

102.    Defendants need not respond to the allegations in paragraph 102 inasmuch as they constitute legal conclusions.  To the extent that these allegations are deemed to be factual and require a response, Defendants admit that on December 16, 2015, HP filed a Form 10-K with the SEC signed by Mr. Weisler and Ms. Lesjak.  To the extent the allegations in paragraph 102 seek to quote or characterize the contents of the December 16, 2015 Form 10-K, the Form 10-K speaks for itself, and Defendants respectfully refer the Court to the Form 10-K itself for a complete and accurate account of the statements made.  Except as expressly admitted, Defendants deny the allegations in paragraph 102.

103.    Defendants need not respond to the allegations in paragraph 103 inasmuch as they constitute legal conclusions.  To the extent that these allegations are deemed to be factual and require a response, Defendants admit that on February 24, 2016, HP issued an earnings release and held an earnings call.  To the extent the allegations in paragraph 103 seek to paraphrase or characterize the contents of the February 24, 2016 earnings release or the statements made by Mr. Weisler and Ms. Lesjak during the February 24, 2016 earnings call, the earnings release and call transcript speak for themselves, and Defendants respectfully refer the Court to the earnings release and call transcript for a complete and accurate account of the statements made.  Except as expressly admitted, Defendants deny the allegations in paragraph 103.

104.    Defendants admit that on February 24, 2016, HP issued an earnings release.  To the extent the allegations in paragraph 104 seek to paraphrase or characterize the contents of the February 24, 2016 earnings release, the release speaks for itself, and Defendants respectfully refer the Court to the release for a complete and accurate account of the statements made.  Except as expressly admitted, Defendants deny the allegations in paragraph 104.

105.    Defendants admit that on February 24, 2016, HP held an earnings call.  To the extent the allegations in paragraph 105 purport to quote statements made by Mr. Weisler, Defendants deny that such quotations fully or accurately reflect the content of those statements and respectfully refer the Court to the call transcript for a complete and accurate account of the statements made.  Except as

Gibson, Dunn & Crutcher LLP

DEFENDANTS' ANSWER TO PLAINTIFF'S CONSOLIDATED COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

CASE NO. 4:20-CV-07835-JSW.

expressly admitted, Defendants deny the allegations in paragraph 105.

106. Defendants admit that on February 24, 2016, HP held an earnings call. To the extent the allegations in paragraph 106 purport to quote statements made by Ms. Lesjak, Defendants deny that such quotations fully or accurately reflect the content of those statements and respectfully refer the Court to the call transcript for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 106.

107. Defendants admit that on February 24, 2016, HP held an earnings call. To the extent the allegations in paragraph 107 purport to quote statements made by Ms. Lesjak, Defendants deny that such quotations fully or accurately reflect the content of those statements and respectfully refer the Court to the call transcript for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 107.

108. To the extent that Plaintiff purports to quote or characterize statements made in analyst reports, Defendants deny that such quotations or characterizations fully or accurately reflect the contents of those reports and respectfully refer the Court to the reports themselves for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 108.

109. Defendants need not respond to the allegations in paragraph 109 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants admit that on March 3, 2016, HP filed a Form 10-Q with the SEC signed by Mr. Weisler and Ms. Lesjak. To the extent the allegations in paragraph 109 seek to quote or characterize the contents of the March 3, 2016 Form 10-Q, the Form 10-Q speaks for itself, and Defendants respectfully refer the Court to the Form 10-Q itself for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 109.

110. Defendants need not respond to the allegations in paragraph 110 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants admit that on May 25, 2016, HP issued an earnings release and held an earnings

DEFENDANTS' ANSWER TO PLAINTIFF'S CONSOLIDATED COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

CASE NO. 4:20-CV-07835-JSW.

Gibson, Dunn & Crutcher LLP

call. To the extent the allegations in paragraph 110 seek to paraphrase or characterize the contents of the May 25, 2016 earnings release or the statements made by Mr. Weisler and Ms. Lesjak during the May 25, 2016 earnings call, the earnings release and call transcript speak for themselves, and Defendants respectfully refer the Court to the earnings release and call transcript for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 110.

111. Defendants admit that on May 25, 2016, HP issued an earnings release. To the extent the allegations in paragraph 111 seek to paraphrase or characterize the contents of the May 25, 2016, earnings release, the release speaks for itself, and Defendants respectfully refer the Court to the release for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 111.

112. Defendants admit that on May 25, 2016, HP held an earnings call. To the extent the allegations in paragraph 112 purport to quote statements made by Ms. Lesjak, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements and respectfully refer the Court to the call transcript for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 112.

113. Defendants admit that on May 25, 2016, HP held an earnings call. To the extent the allegations in paragraph 113 purport to characterize or quote statements made by Ms. Lesjak, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements and respectfully refer the Court to the call transcript for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 113.

114. To the extent that Plaintiff purports to quote or characterize statements made in analyst reports, Defendants deny that such quotations or characterizations fully or accurately reflect the contents of those reports and respectfully refer the Court to the reports themselves for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 114.

25

DEFENDANTS' ANSWER TO PLAINTIFF'S CONSOLIDATED COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

CASE NO. 4:20-CV-07835-JSW.

Gibson, Dunn & Crutcher LLP

115.    Defendants need not respond to the allegations in paragraph 115 inasmuch as they constitute legal conclusions.  To the extent that these allegations are deemed to be factual and require a response, Defendants admit that on June 3, 2016, HP filed a Form 10-Q with the SEC signed by Mr. Weisler and Ms. Lesjak.  To the extent the allegations in paragraph 115 seek to quote or characterize the contents of the June 3, 2016 Form 10-Q, the Form 10-Q speaks for itself, and Defendants respectfully refer the Court to the Form 10-Q itself for a complete and accurate account of the statements made.  Except as expressly admitted, Defendants deny the allegations in paragraph 115.

116.    Defendants need not respond to the allegations in paragraph 116 inasmuch as they relate to claims that the Court dismissed in its March 27, 2024 order, and on that basis deny them.  Defendants need not respond to the allegations in paragraph 116 inasmuch as they constitute legal conclusions.  To the extent that these allegations are deemed to be factual and require a response, Defendants deny them.

(a)    Defendants need not respond to the allegations in paragraph 116(a) inasmuch as they constitute legal conclusions.  To the extent that these allegations are deemed to be factual and require a response, Defendants aver that inasmuch as the allegations in paragraph 116(a) purport to characterize or quote the SEC Settlement, the SEC Settlement speaks for itself, and Defendants respectfully refer the Court to the SEC Settlement itself for a complete and accurate account of the statements made.  Defendants otherwise deny the factual allegations in paragraph 116(a).

(b)    Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 116(b), which provides no information as to how the graphic therein was prepared, and on that basis deny the allegations in paragraph 116(b).  To the extent the graphic in paragraph 116(b) reflects financial figures reported in HP's public filings with the SEC, those documents speak for themselves, and Defendants respectfully refer the Court to those documents for a complete and accurate account of the statements made.  Defendants otherwise deny the factual allegations in paragraph 116(b).

(c)    Defendants need not respond to the allegations in paragraph 116(c) inasmuch as they constitute legal conclusions.  To the extent that these allegations are deemed to be factual and

DEFENDANTS' ANSWER TO PLAINTIFF'S CONSOLIDATED COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

CASE NO. 4:20-CV-07835-JSW.

Gibson, Dunn & Crutcher LLP

require a response, Defendants aver that inasmuch as the allegations in paragraph 116(c) purport to characterize or quote the SEC Settlement, the SEC Settlement speaks for itself, and Defendants respectfully refer the Court to the SEC Settlement itself for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 116(c).

(d)    Defendants need not respond to the allegations in paragraph 116(d) inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants aver that inasmuch as the allegations in paragraph 116(d) purport to characterize or quote the SEC Settlement, the SEC Settlement speaks for itself, and Defendants respectfully refer the Court to the SEC Settlement itself for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 116(d).

(e)    Defendants need not respond to the allegations in paragraph 116(e) and footnotes 14 and 15 inasmuch as they constitute legal conclusions. Defendants lack knowledge or information as to how the graphic in paragraph 116(e) was created, and on that basis deny the allegations in paragraph 116(e). To the extent the graphic in paragraph 116(e) reflects financial figures reported in HP's public filings with the SEC, those documents speak for themselves, and Defendants respectfully refer the Court to those documents for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 116(e) and footnotes 14 and 15.

(f)    Defendants need not respond to the allegations in paragraph 116(f) inasmuch as they constitute legal conclusions. To the extent the allegations in paragraph 116(f) purport to describe what third parties such as unidentified analysts and investors "closely tracked," Defendants lack sufficient knowledge or information to respond, and on that basis deny them. To the extent the allegations in paragraph 116(f) reflect financial figures reported in HP's public filings with the SEC or made during HP's earnings calls, those documents and transcripts speak for themselves, and Defendants respectfully refer the Court to those materials for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 116(f).

117.    Defendants need not respond to the allegations in paragraph 117 inasmuch as they

DEFENDANTS' ANSWER TO PLAINTIFF'S CONSOLIDATED COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

CASE NO. 4:20-CV-07835-JSW.

Gibson, Dunn &
Crutcher LLP

constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny them.

118. Defendants need not respond to the allegations in paragraph 118 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants aver that inasmuch as the allegations in paragraph 118 purport to characterize or quote statements made by Defendants, the documents, transcripts, or recordings in which those statements were made speak for themselves, and Defendants respectfully refer the Court to those materials for a complete and accurate account of the statements made. To the extent that the allegations in paragraph 118 purport to characterize or quote the SEC Settlement, the SEC Settlement speaks for itself, and Defendants respectfully refer the Court to the SEC Settlement itself for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 118.

119. Defendants need not respond to the allegations in paragraph 119 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny them.

120. Defendants need not respond to the allegations in paragraph 120 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants admit that on November 24, 2015, HP issued an earnings release and held an earnings call. To the extent the allegations in paragraph 120 seek to quote or characterize the contents of the November 24, 2015 earnings release or the statements made by Mr. Weisler and Ms. Lesjak during the November 24, 2015 earnings call, the earnings release and call transcript speak for themselves, and Defendants respectfully refer the Court to the earnings release and call transcript for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 120.

121. To the extent that Plaintiff purports to quote or characterize statements made in analyst reports, Defendants deny that such quotations or characterizations fully or accurately reflect the

28

DEFENDANTS' ANSWER TO PLAINTIFF'S CONSOLIDATED COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

CASE NO. 4:20-CV-07835-JSW.

Gibson, Dunn & Crutcher LLP

contents of those reports and respectfully refer the Court to the reports themselves for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 121.

122. Defendants need not respond to the allegations in paragraph 122 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants admit that on February 24, 2016, HP issued an earnings release and held an earnings call. To the extent the allegations in paragraph 122 seek to quote or characterize the contents of the February 24, 2016 earnings release or the statements made by Mr. Weisler and Ms. Lesjak during the February 24, 2016 earnings call, the earnings release and call transcript speak for themselves, and Defendants respectfully refer the Court to the earnings release and call transcript for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 122.

123. Defendants need not respond to the allegations in paragraph 123 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants admit that on February 24, 2016, HP held an earnings call. To the extent the allegations in paragraph 123 seek to quote the statements made by Ms. Lesjak during the February 24, 2016 earnings call, the call transcript speaks for itself, and Defendants respectfully refer the Court to the call transcript for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 123.

124. To the extent that Plaintiff purports to quote or characterize statements made in analyst reports, Defendants deny that such quotations or characterizations fully or accurately reflect the contents of those reports and respectfully refer the Court to the reports themselves for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 124.

125. Defendants admit that HP participated in the Morgan Stanley Technology, Media & Telecom Conference on March 1, 2016. To the extent the allegations in paragraph 125 purport to

29

Gibson, Dunn & Crutcher LLP

characterize or quote statements made by Ms. Lesjak, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements and respectfully refer the Court to the call transcript for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 125.

126. Defendants admit that HP participated in the Morgan Stanley Technology, Media & Telecom Conference on March 1, 2016. To the extent the allegations in paragraph 126 purport to characterize or quote statements made by Ms. Lesjak, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements and respectfully refer the Court to the call transcript for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 126.

127. To the extent that Plaintiff purports to quote or characterize statements made in Morgan Stanley's March 1, 2016 analyst report, Defendants deny that such quotations or characterizations fully or accurately reflect the contents of the March 1, 2016 report, and respectfully refer the Court to the report itself for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 127.

128. Defendants need not respond to the allegations in paragraph 128 inasmuch as they relate to claims that the Court dismissed in its March 27, 2024 order, and on that basis deny them. Defendants need not respond to the allegations in paragraph 128 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants admit that on May 25, 2016, HP issued an earnings release and held an earnings call. To the extent the allegations in paragraph 128 seek to quote or characterize the contents of the May 25, 2016 earnings release or the statements made by Mr. Weisler and Ms. Lesjak during the May 25, 2016 earnings call, the earnings release and call transcript speak for themselves, and Defendants respectfully refer the Court to the earnings release and call transcript for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 128.

129. Defendants need not respond to the allegations in paragraph 129 inasmuch as they relate

Gibson, Dunn & Crutcher LLP

to claims that the Court dismissed in its March 27, 2024 order, and on that basis deny them. Defendants need not respond to the allegations in paragraph 129 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants admit that on May 25, 2016, HP held an earnings call. To the extent the allegations in paragraph 129 purport to quote statements made by Ms. Lesjak, Defendants deny that such quotations fully or accurately reflect the content of those statements and respectfully refer the Court to the call transcript for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 129.

130. Defendants need not respond to the allegations in paragraph 130 inasmuch as they relate to claims that the Court dismissed in its March 27, 2024 order, and on that basis deny them. Defendants admit that on May 25, 2016, HP held an earnings call with an earnings presentation. To the extent the allegations in paragraph 130 purport to characterize or quote statements made during that call or in that presentation, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements and respectfully refer the Court to the call transcript and the presentation for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 130.

131. Defendants need not respond to the allegations in paragraph 131 inasmuch as they relate to claims that the Court dismissed in its March 27, 2024 order, and on that basis deny them. Defendants need not respond to the allegations in paragraph 131 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants admit that on May 25, 2016, HP issued an earnings release and held an earnings call. To the extent that Plaintiff purports to quote or characterize statements made in analyst reports, Defendants deny that such quotations or characterizations fully or accurately reflect the contents of those reports and respectfully refer the Court to the reports themselves for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 131.

132. Defendants need not respond to the allegations in paragraph 132 inasmuch as they relate

31

Gibson, Dunn & Crutcher LLP

to claims that the Court dismissed in its March 27, 2024 order, and on that basis deny them. Defendants need not respond to the allegations in paragraph 132 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny them.

(a) Defendants need not respond to the allegations in paragraph 132(a) inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny them.

(b) Defendants need not respond to the allegations in paragraph 132(b) inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants aver that inasmuch as the allegations in paragraph 132(b) purport to characterize or quote the SEC Settlement, the SEC Settlement speaks for itself, and Defendants respectfully refer the Court to the SEC Settlement itself for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 132(b).

(c) Defendants need not respond to the allegations in paragraph 132(c) inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants aver that inasmuch as the allegations in paragraph 132(c) purport to characterize or quote the SEC Settlement, the SEC Settlement speaks for itself, and Defendants respectfully refer the Court to the SEC Settlement itself for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 132(c).

(d) Defendants need not respond to the allegations in paragraph 132(d) inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants aver that inasmuch as the allegations in paragraph 132(d) purport to characterize or quote the SEC Settlement, the SEC Settlement speaks for itself, and Defendants respectfully refer the Court to the SEC Settlement itself for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 132(d).

(e) Defendants need not respond to the allegations in paragraph 132(e) inasmuch as they constitute legal conclusions. To the extent the allegations in paragraph 132(e) purport to

DEFENDANTS' ANSWER TO PLAINTIFF'S CONSOLIDATED COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

CASE NO. 4:20-CV-07835-JSW.

Gibson, Dunn & Crutcher LLP

characterize or quote statements made by Ms. Lesjak or Mr. Weisler, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements and respectfully refer the Court to the call transcript for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 132(e).

(f)    Defendants need not respond to the allegations in paragraph 132(f) inasmuch as they constitute legal conclusions.  To the extent the allegations in paragraph 132(f) purport to characterize or quote statements made by Ms. Lesjak or Mr. Weisler, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements and respectfully refer the Court to the call transcript for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 132(f).

(g)    Defendants need not respond to the allegations in paragraph 132(g) inasmuch as they constitute legal conclusions.  To the extent that these allegations are deemed to be factual and require a response, Defendants aver that inasmuch as the allegations in paragraph 132(g) purport to characterize or quote the SEC Settlement, the SEC Settlement speaks for itself, and Defendants respectfully refer the Court to the SEC Settlement itself for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 132(g).

(h)    Defendants need not respond to the allegations in paragraph 132(h) inasmuch as they constitute legal conclusions.  To the extent the allegations in paragraph 132(h) purport to describe what third parties such as unidentified analysts and investors "closely tracked" or viewed "as a catalyst," Defendants lack sufficient knowledge or information to respond, and on that basis deny them. To the extent the allegations in paragraph 132(h) purport to characterize or quote statements made in analyst reports, the analyst reports speak for themselves, and Defendants respectfully refer the Court to those materials for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 132(h).

133.    Denied.

134.    Defendants need not respond to the allegations in paragraph 134 inasmuch as they relate

Gibson, Dunn & Crutcher LLP

to claims that the Court dismissed in its March 27, 2024 order, and on that basis deny them. Defendants need not respond to the allegations in paragraph 134 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants aver that inasmuch as the allegations in paragraph 134 purport to characterize or quote statements made by Defendants, the documents, transcripts, or recordings in which those statements were made speak for themselves, and Defendants respectfully refer the Court to those materials for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 134.

135. Defendants need not respond to the allegations in paragraph 135 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny them.

136. Defendants need not respond to the allegations in paragraph 136 inasmuch as they relate to claims that the Court dismissed in its March 27, 2024 order, and on that basis deny them. Defendants need not respond to the allegations in paragraph 136 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants admit that on February 24, 2016, HP issued an earnings release and held an earnings call. To the extent the allegations in paragraph 136 seek to quote or characterize the contents of the February 24, 2016 earnings release or the statements made by Mr. Weisler and Ms. Lesjak during the February 24, 2016 earnings call, the earnings release and call transcript speak for themselves, and Defendants respectfully refer the Court to the earnings release and call transcript for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 136.

137. Defendants need not respond to the allegations in paragraph 137 inasmuch as they relate to claims that the Court dismissed in its March 27, 2024 order, and on that basis deny them. Defendants admit that on February 24, 2016, HP issued an earnings release and held an earnings call. To the extent the allegations in paragraph 137 seek to quote or characterize the contents of the February 24, 2016 earnings release or the statements made by Mr. Weisler and Ms. Lesjak during the February 24, 2016 earnings call, the earnings release and call transcript speak for themselves, and Defendants respectfully

34

Gibson, Dunn & Crutcher LLP

refer the Court to the earnings release and call transcript for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 137.

138.   Defendants need not respond to the allegations in paragraph 138 inasmuch as they relate to claims that the Court dismissed in its March 27, 2024 order, and on that basis deny them. Defendants admit that on February 24, 2016, HP held an earnings call with an earnings presentation. To the extent the allegations in paragraph 138 purport to characterize or quote statements made during that call or in that presentation, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements and respectfully refer the Court to the call transcript and the presentation for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 138.

139.   Defendants need not respond to the allegations in paragraph 139 inasmuch as they relate to claims that the Court dismissed in its March 27, 2024 order, and on that basis deny them. Defendants need not respond to the allegations in paragraph 139 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants admit that on February 24, 2016, HP issued an earnings release and held an earnings call. To the extent that Plaintiff purports to quote or characterize statements made in analyst reports, Defendants deny that such quotations or characterizations fully or accurately reflect the contents of those reports and respectfully refer the Court to the reports themselves for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 139.

140.   Defendants need not respond to the allegations in paragraph 140 inasmuch as they relate to claims that the Court dismissed in its March 27, 2024 order, and on that basis deny them. Defendants need not respond to the allegations in paragraph 140 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants admit that HP participated in the Morgan Stanley Technology, Media & Telecom Conference on March 1, 2016. To the extent the allegations in paragraph 140 purport to characterize or quote statements made by Ms. Lesjak or an unidentified "analyst," Defendants deny that such quotations or characterizations fully or

35

Gibson, Dunn & Crutcher LLP

accurately reflect the content of those statements and respectfully refer the Court to the call transcript for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 140.

141. Defendants need not respond to the allegations in paragraph 141 inasmuch as they relate to claims that the Court dismissed in its March 27, 2024 order, and on that basis deny them. Defendants need not respond to the allegations in paragraph 141 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants admit that on May 25, 2016, HP issued an earnings release and held an earnings call. To the extent the allegations in paragraph 141 seek to quote or characterize the contents of the May 25, 2016 earnings release or the statements made by Mr. Weisler and Ms. Lesjak during the May 25, 2016 earnings call, the earnings release and call transcript speak for themselves, and Defendants respectfully refer the Court to the earnings release and call transcript for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 141.

142. Defendants need not respond to the allegations in paragraph 142 inasmuch as they relate to claims that the Court dismissed in its March 27, 2024 order, and on that basis deny them. Defendants need not respond to the allegations in paragraph 142 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants admit that on May 25, 2016, HP held an earnings call. To the extent the allegations in paragraph 142 purport to characterize or quote statements made by Mr. Weisler, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements and respectfully refer the Court to the call transcript for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 142.

143. Defendants need not respond to the allegations in paragraph 143 inasmuch as they relate to claims that the Court dismissed in its March 27, 2024 order, and on that basis deny them. Defendants admit that on May 25, 2016, HP held an earnings call with an earnings presentation. To the extent the allegations in paragraph 143 purport to characterize or quote statements made during that call or in that

DEFENDANTS' ANSWER TO PLAINTIFF'S CONSOLIDATED COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

CASE NO. 4:20-CV-07835-JSW.

Gibson, Dunn & Crutcher LLP

presentation, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements and respectfully refer the Court to the call transcript and the presentation for a complete and accurate account of the statements made.  Except as expressly admitted, Defendants deny the allegations in paragraph 143.

144.    Defendants need not respond to the allegations in paragraph 144 inasmuch as they relate to claims that the Court dismissed in its March 27, 2024 order, and on that basis deny them.  Defendants need not respond to the allegations in paragraph 144 inasmuch as they constitute legal conclusions.  To the extent that these allegations are deemed to be factual and require a response, Defendants admit that on May 25, 2016, HP held an earnings call.  To the extent the allegations in paragraph 144 purport to characterize or quote statements made by Mr. Weisler, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements and respectfully refer the Court to the call transcript for a complete and accurate account of the statements made.  Except as expressly admitted, Defendants deny the allegations in paragraph 144.

145.    Defendants need not respond to the allegations in paragraph 145 inasmuch as they relate to claims that the Court dismissed in its March 27, 2024 order, and on that basis deny them.  Defendants need not respond to the allegations in paragraph 145 inasmuch as they constitute legal conclusions.  To the extent that these allegations are deemed to be factual and require a response, Defendants admit that on May 25, 2016, HP held an earnings call with an earnings presentation.  To the extent the allegations in paragraph 145 purport to characterize or quote statements made during that call or in that presentation, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements and respectfully refer the Court to the call transcript and the presentation for a complete and accurate account of the statements made.  Except as expressly admitted, Defendants deny the allegations in paragraph 145.

146.    Defendants need not respond to the allegations in paragraph 146 inasmuch as they relate to claims that the Court dismissed in its March 27, 2024 order, and on that basis deny them.  Defendants need not respond to the allegations in paragraph 146 inasmuch as they constitute legal conclusions.  To

DEFENDANTS' ANSWER TO PLAINTIFF'S CONSOLIDATED COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

CASE NO. 4:20-CV-07835-JSW.

Gibson, Dunn & Crutcher LLP

the extent that these allegations are deemed to be factual and require a response, Defendants admit that on May 25, 2016, HP issued an earnings release and held an earnings call. To the extent that Plaintiff purports to quote or characterize statements made in analyst reports, Defendants deny that such quotations or characterizations fully or accurately reflect the contents of those reports and respectfully refer the Court to the reports themselves for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 146.

147. Defendants need not respond to the allegations in paragraph 147 inasmuch as they relate to claims that the Court dismissed in its March 27, 2024 order, and on that basis deny them. Defendants need not respond to the allegations in paragraph 147 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants admit that HP participated in the Sanford Bernstein Strategic Decisions Conference on June 1, 2016. To the extent the allegations in paragraph 147 purport to characterize or quote statements made by Mr. Weisler or an unidentified "analyst," Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements and respectfully refer the Court to the call transcript and the analyst report for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 147.

148. Defendants need not respond to the allegations in paragraph 148 inasmuch as they relate to claims that the Court dismissed in its March 27, 2024 order, and on that basis deny them. To the extent that Plaintiff purports to quote or characterize statements made in analyst reports, Defendants deny that such quotations or characterizations fully or accurately reflect the contents of those reports and respectfully refer the Court to the reports themselves for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 148.

149. Defendants need not respond to the allegations in paragraph 149 inasmuch as they relate to claims that the Court dismissed in its March 27, 2024 order, and on that basis deny them. Defendants need not respond to the allegations in paragraph 149 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny them.

Gibson, Dunn & Crutcher LLP

(a)    Defendants need not respond to the allegations in paragraph 149(a) inasmuch as they relate to claims that the Court dismissed in its March 27, 2024 order, and on that basis deny them. Defendants need not respond to the allegations in paragraph 149(a) inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny them.

(b)    Defendants need not respond to the allegations in paragraph 149(b) inasmuch as they relate to claims that the Court dismissed in its March 27, 2024 order, and on that basis deny them. Defendants need not respond to the allegations in paragraph 149(b) inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny them.

(c)    Defendants need not respond to the allegations in paragraph 149(c) inasmuch as they relate to claims that the Court dismissed in its March 27, 2024 order, and on that basis deny them. Defendants need not respond to the allegations in paragraph 149(c) inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants aver that inasmuch as the allegations in paragraph 149(c) purport to characterize or quote the SEC Settlement, the SEC Settlement speaks for itself, and Defendants respectfully refer the Court to the SEC Settlement itself for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 149(c).

(d)    Defendants need not respond to the allegations in paragraph 149(d) inasmuch as they constitute legal conclusions. To the extent the allegations in paragraph 149(d) purport to describe what third parties such as unidentified analysts and investors "closely tracked," Defendants lack sufficient knowledge or information to respond, and on that basis deny them. Defendants otherwise deny the factual allegations in paragraph 149(d).

150.    Defendants need not respond to the allegations in paragraph 150 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants admit that they diligently monitored certain metrics. Except as expressly

Gibson, Dunn & Crutcher LLP

admitted, Defendants deny the allegations in paragraph 150.

151.    Defendants admit that on September 15, 2015, HP held a Security Analyst Meeting. To the extent the allegations in paragraph 151 purport to characterize or quote statements made by Messrs. Weisler and Lores and Ms. Lesjak, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements and respectfully refer the Court to the meeting transcript for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 151.

152.    To the extent that Plaintiff purports to quote statements made in the April 4, 2016 UBS analyst report, Defendants deny that such quotations or characterizations fully or accurately reflect the contents of those reports and respectfully refer the Court to the April 4, 2016 UBS analyst report itself, for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 152.

153.    To the extent that Plaintiff purports to quote statements made in the August 5, 2016 Barron's article, Defendants deny that such quotations fully or accurately reflect the contents of that article and respectfully refer the Court to the August 5, 2016 Barron's article itself, for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 153.

154.    Defendants need not respond to the allegations in paragraph 154 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants aver that inasmuch as the allegations in paragraph 154 purport to characterize or quote statements made by Mr. Lores, the documents, transcripts, or recordings in which those statements were made speak for themselves, and Defendants respectfully refer the Court to those materials for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 154.

155.    To the extent that Plaintiff purports to characterize or quote statements made by Defendants or "analysts," including Toni Sacconaghi, in investor presentations or other settings,

Gibson, Dunn & Crutcher LLP

Defendants deny that such quotations or characterizations fully or accurately reflect the contents of those presentations, meetings, calls, or reports and respectfully refer the Court to the presentations, transcripts, or reports themselves for a complete and accurate account of the statements made. Defendants otherwise deny the allegations in paragraph 155.

156.    Defendants need not respond to the allegations in paragraph 156 inasmuch as they constitute legal conclusions.  To the extent that these allegations are deemed to be factual and require a response, Defendants aver that inasmuch as the allegations in paragraph 156 purport to characterize or quote the SEC Settlement, the SEC Settlement speaks for itself, and Defendants respectfully refer the Court to the SEC Settlement itself for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 156.

157.    Defendants admit that on November 24, 2015, HP held an earnings call.  To the extent the allegations in paragraph 157 purport to characterize or quote statements made by Ms. Lesjak, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements and respectfully refer the Court to the call transcript for a complete and accurate account of the statements made.  Except as expressly admitted, Defendants deny the allegations in paragraph 157.

158.    Defendants admit that on February 24, 2016, HP held an earnings call.  To the extent the allegations in paragraph 158 purport to quote statements made by Mr. Weisler, Defendants deny that such quotations fully or accurately reflect the content of those statements and respectfully refer the Court to the call transcript for a complete and accurate account of the statements made.  Except as expressly admitted, Defendants deny the allegations in paragraph 158.

159.    Defendants admit that Mr. Weisler and Ms. Lesjak made statements about the supplies business on September 15, 2015, November 24, 2015, February 24, 2016, and March 1, 2016.  To the extent the allegations in paragraph 159 seek to quote or characterize the statements made by Defendants, including by Ms. Lesjak and Mr. Weisler, on September 15, 2015, November 24, 2015, February 24, 2016, and March 1, 2016, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements and respectfully refer the Court to the call

41

Gibson, Dunn & Crutcher LLP

transcripts for a complete and accurate account of the statements made. To the extent that Plaintiff purports to quote statements made in the August 5, 2016 Barron's article, Defendants deny that such quotations or characterizations fully or accurately reflect the contents of the article and respectfully refer the Court to the August 5, 2016 Barron's article itself, for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 159.

160. Defendants need not respond to the allegations in paragraph 160 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny them.

161. Defendants admit that on September 15, 2015, HP held a Security Analyst Meeting. To the extent the allegations in paragraph 161 purport to characterize or quote statements made by Ms. Whitman at that meeting, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements and respectfully refer the Court to the call transcript for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 161.

162. Defendants admit that HP participated in the Morgan Stanley Technology, Media & Telecom Conference on March 1, 2016. To the extent the allegations in paragraph 162 purport to characterize or quote statements made by Ms. Lesjak and an unidentified "Morgan Stanley analyst," Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements and respectfully refer the Court to the call transcript for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 162.

163. Defendants admit that HP participated in the Morgan Stanley Technology, Media & Telecom Conference on March 1, 2016. To the extent the allegations in paragraph 163 purport to characterize or quote statements made by Ms. Lesjak, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements and respectfully refer the Court to the call transcript and the analyst report for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 163.

Gibson, Dunn & Crutcher LLP

164. Defendants admit that HP participated in the Morgan Stanley Technology, Media & Telecom Conference on March 1, 2016. To the extent the allegations in paragraph 164 purport to characterize or quote statements made by Ms. Lesjak at that Conference, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements and respectfully refer the Court to the call transcript for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 164.

165. Defendants need not respond to the allegations in paragraph 165 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny them.

166. Defendants need not respond to the allegations in paragraph 166 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants admit that HP's Finance Department diligently monitored certain metrics. To the extent the allegations in paragraph 166 purport to characterize or quote the SEC Settlement, the SEC Settlement speaks for itself, and Defendants respectfully refer the Court to the SEC Settlement itself for a complete and accurate account of the statements made. To the extent the allegations in paragraph 166 purport to characterize or quote statements made by or about Ms. Lesjak and Mr. Bailey, the documents, transcripts, or recordings in which those statements were made speak for themselves, and Defendants respectfully refer the Court to those materials for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 166.

167. Defendants admit that on September 15, 2015, HP held a Security Analyst Meeting. To the extent the allegations in paragraph 167 purport to characterize or quote statements made by Mr. Weisler, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements and respectfully refer the Court to the call transcript for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 167.

168. Defendants admit that HP participated in the Morgan Stanley Technology, Media &

43

Gibson, Dunn & Crutcher LLP

Telecom Conference on March 1, 2016. To the extent the allegations in paragraph 168 purport to characterize or quote statements made by Ms. Lesjak, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements and respectfully refer the Court to the call transcript for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 168.

169. Defendants admit that HP participated in the Morgan Stanley Technology, Media & Telecom Conference on March 1, 2016. To the extent the allegations in paragraph 169 purport to quote statements made by Ms. Lesjak, Defendants deny that such quotations fully or accurately reflect the content of those statements and respectfully refer the Court to the call transcript for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 169.

170. Defendants need not respond to the allegations in paragraph 170 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants admit that on June 21, 2016, HP held a Printing Update Conference Call. To the extent the allegations in paragraph 170 purport to characterize or quote statements made by Mr. Lores, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements and respectfully refer the Court to the call transcript for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 170.

171. Defendants admit HP had a tool called the "Four Box Model." Defendants aver that inasmuch as the allegations in paragraph 171 purport to characterize or quote statements made by Defendants, the documents, transcripts, or recordings in which those statements were made speak for themselves, and Defendants respectfully refer the Court to those materials for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the factual allegations in paragraph 171.

172. Defendants need not respond to the allegations in paragraph 172 inasmuch as they relate

44

Gibson, Dunn & Crutcher LLP

to claims that the Court dismissed in its March 27, 2024 order, and on that basis deny them. Defendants need not respond to the allegations in paragraph 172 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants aver that inasmuch as the allegations in paragraph 172 purport to characterize or quote statements made by Defendants, including Ms. Lesjak, the documents, transcripts, or recordings in which those statements were made speak for themselves, and Defendants respectfully refer the Court to those materials for a complete and accurate account of the statements made. To the extent that Plaintiff purports to quote statements made in analyst reports, Defendants deny that such quotations or characterizations fully or accurately reflect the contents of those reports and respectfully refer the Court to the reports themselves for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 172.

173. Defendants admit HP had a tool called the "Four Box Model," that it used in conjunction with Supplies business projections. Except as expressly admitted, Defendants deny the factual allegations in paragraph 173.

174. Defendants admit that on November 24, 2015, HP held an earnings call. To the extent the allegations in paragraph 174 purport to characterize or quote statements made by Ms. Lesjak, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements and respectfully refer the Court to the call transcript for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 174.

175. Defendants admit that on February 24, 2016, HP held an earnings call. To the extent the allegations in paragraph 175 purport to characterize or quote statements made by Mr. Weisler, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements and respectfully refer the Court to the call transcript for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 175.

176. Defendants need not respond to the allegations in paragraph 176 inasmuch as they relate to claims that the Court dismissed in its March 27, 2024 order, and on that basis deny them. Defendants

45

Gibson, Dunn & Crutcher LLP

need not respond to the allegations in paragraph 176 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants admit that HP participated in the Morgan Stanley Technology, Media & Telecom Conference on March 1, 2016. To the extent the allegations in paragraph 176 purport to characterize or quote statements made by Ms. Lesjak, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements and respectfully refer the Court to the call transcript for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 176.

177.    Defendants admit that HP participated in the Sanford Bernstein Strategic Decisions Conference on June 1, 2016. To the extent the allegations in paragraph 177 purport to characterize or quote statements made by Mr. Weisler, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements and respectfully refer the Court to the call transcript for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 177.

178.    To the extent that Plaintiff purports to quote statements made in the August 5, 2016 Barron's article, Defendants deny that such quotations fully or accurately reflect the contents of the article and respectfully refer the Court to the August 5, 2016 Barron's article itself for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 178.

179.    Defendants need not respond to the allegations in paragraph 179 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants admit Mr. Weisler and Ms. Lesjak had experience monitoring supplies metrics. Defendants admit that Mr. Weisler began working at HP in 2012 as the Senior Vice President and Managing Director of Printing and Personal Systems in the APJ region. Except as expressly admitted, Defendants deny the factual allegations in paragraph 179.

180.    Defendants need not respond to the allegations in paragraph 180 inasmuch as they relate

Gibson, Dunn & Crutcher LLP

to claims that the Court dismissed in its March 27, 2024 order, and on that basis deny them. Defendants need not respond to the allegations in paragraph 180 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants admit that in August 2012, HP held an earnings call and that Defendant Lesjak was the CFO in August 2012. To the extent the allegations in paragraph 180 seek to quote or characterize the statements made by Ms. Lesjak during the August 2012 earnings call, the call transcript speaks for itself, and Defendants respectfully refer the Court to the call transcript for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 180.

181. Defendants admit that on November 24, 2015, HP held an earnings call. To the extent the allegations in paragraph 181 purport to characterize or quote statements made by Mr. Weisler and Ms. Whitman, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements and respectfully refer the Court to the call transcript for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 181.

182. Defendants need not respond to the allegations in paragraph 182 inasmuch as they relate to claims that the Court dismissed in its March 27, 2024 order, and on that basis deny them. Defendants admit that HP held quarterly earnings calls in the years of 2009-2015. To the extent the allegations in paragraph 182 purport to characterize or quote statements made by Ms. Lesjak, the documents, transcripts, or recordings in which those statements were made speak for themselves, and Defendants respectfully refer the Court to those materials for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 182.

183. Insofar as the allegation in paragraph 183 purports to refer to channel inventory levels beyond Tier 1, this allegation is denied.

184. Defendants need not respond to the allegations in paragraph 184 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants aver that inasmuch as the allegations in paragraph 184 purport to characterize

47

Gibson, Dunn & Crutcher LLP

or quote statements made by Defendants, including Mr. Weisler and Ms. Lesjak, the documents, transcripts, or recordings in which those statements were made speak for themselves, and Defendants respectfully refer the Court to those materials for a complete and accurate account of the statements made. Defendants admit that Mr. Weisler and Ms. Lesjak attended certain Board meetings during the Class Period. Except as expressly admitted, Defendants deny the allegations in paragraph 184.

185. Defendants need not respond to the allegations in paragraph 185 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants aver that inasmuch as the allegations in paragraph 185 purport to characterize or quote statements made by Defendants, the documents, transcripts, or recordings in which those statements were made speak for themselves, and Defendants respectfully refer the Court to those materials for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 185.

186. Defendants need not respond to the allegations in paragraph 186 and footnote 41 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants aver that inasmuch as the allegations in paragraph 186 and footnote 41 purport to characterize or quote the SEC Settlement, the SEC Settlement speaks for itself, and Defendants respectfully refer the Court to the SEC Settlement itself for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 186 and footnote 41.

187. Defendants need not respond to the allegations in paragraph 187 inasmuch as they relate to claims that the Court dismissed in its March 27, 2024 order, and on that basis deny them. Defendants need not respond to the allegations in paragraph 187 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny them. To the extent the allegations in paragraph 187 and footnote 41 purport to characterize or quote statements made by Mr. Lores, the documents, transcripts, or recordings in which those statements were made speak for themselves, and Defendants respectfully refer the Court to those materials for a

DEFENDANTS' ANSWER TO PLAINTIFF'S CONSOLIDATED COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

CASE NO. 4:20-CV-07835-JSW.

Gibson, Dunn & Crutcher LLP

complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 187.

188. Defendants need not respond to the allegations in paragraph 188 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants admit that on June 21, 2016, HP held a Printing Update Conference Call. To the extent the allegations in paragraph 188 purport to characterize or quote statements made by Mr. Weisler and Ms. Lesjak, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements and respectfully refer the Court to the call transcript for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 188.

189. Defendants need not respond to the allegations in paragraph 189 inasmuch as they relate to claims that the Court dismissed in its March 27, 2024 order, and on that basis deny them. Defendants need not respond to the allegations in paragraph 189 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants aver that inasmuch as the allegations in paragraph 189 purport to characterize or quote the SEC Settlement, the SEC Settlement speaks for itself, and Defendants respectfully refer the Court to the SEC Settlement itself for a complete and accurate account of the statements made. Defendants admit that on May 25, 2016, HP held an earnings call. To the extent the allegations in paragraph 189 seek to quote or characterize the statements made during the May 25, 2016 earnings call, the call transcript speaks for itself, and Defendants respectfully refer the Court to the call transcript for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 189.

190. Defendants need not respond to the allegations in paragraph 190 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants admit that HP's SEC filings included the certification required pursuant to Sarbanes-Oxley, which were signed by Mr. Weisler and Ms. Lesjak. Except as expressly admitted,

DEFENDANTS' ANSWER TO PLAINTIFF'S CONSOLIDATED COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

CASE NO. 4:20-CV-07835-JSW.

Gibson, Dunn & Crutcher LLP

Defendants deny the allegations in paragraph 190.

191.    Defendants need not respond to the allegations in paragraph 191 inasmuch as they constitute legal conclusions.  To the extent that these allegations are deemed to be factual and require a response, Defendants admit that HP's SEC filings included the certification required pursuant to Sarbanes-Oxley.  Except as expressly admitted, Defendants deny the allegations in paragraph 191.

192.    Denied.

193.    Defendants need not respond to the allegations in paragraph 193 and footnote 42 inasmuch as they constitute legal conclusions.  To the extent that these allegations are deemed to be factual and require a response, Defendants aver that inasmuch as the allegations in paragraph 193 and footnote 42 purport to characterize or quote the SEC Settlement, the SEC Settlement speaks for itself, and Defendants respectfully refer the Court to the SEC Settlement itself for a complete and accurate account of the statements made.  Defendants admit that on May 25, 2016, HP issued an earnings release and held an earnings call.  To the extent the allegations in paragraph 193 and footnote 42 seek to quote or characterize the contents of the May 25, 2016 earnings release or the statements made during the May 25, 2016 earnings call, the earnings release and call transcript speak for themselves, and Defendants respectfully refer the Court to the earnings release and call transcript for a complete and accurate account of the statements made.  Defendants admit that on June 21, 2016, HP held a Printing Update Conference Call.  To the extent the allegations in paragraph 193 and footnote 42 purport to characterize or quote statements made by Defendants, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements and respectfully refer the Court to the call transcript for a complete and accurate account of the statements made.  Except as expressly admitted, Defendants deny the allegations in paragraph 193 and footnote 42.

194.    Defendants need not respond to the allegations in paragraph 194 inasmuch as they constitute legal conclusions.  To the extent that these allegations are deemed to be factual and require a response, Defendants aver that inasmuch the allegations in paragraph 194 purport to characterize or quote statements made by Ms. Lesjak, the documents, transcripts, or recordings in which those

Gibson, Dunn & Crutcher LLP

statements were made speak for themselves, and Defendants respectfully refer the Court to those materials for a complete and accurate account of the statements made. Defendants otherwise deny the factual allegations in paragraph 194.

195. Defendants need not respond to the allegations in paragraph 195 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants aver that inasmuch as the allegations in paragraph 195 purport to characterize or quote the SEC Settlement, the SEC Settlement speaks for itself, and Defendants respectfully refer the Court to the SEC Settlement itself for a complete and accurate account of the statements made. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 195 as to Plaintiff's purported analysis and on that basis deny the allegations in paragraph 195. Defendants otherwise deny the factual allegations in paragraph 195.

196. Defendants need not respond to the allegations in paragraph 196 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 196 as to Plaintiff's purported analysis and on that basis deny the allegations in paragraph 196. Defendants otherwise deny the factual allegations in paragraph 196.

197. Defendants need not respond to the allegations in paragraph 197 and footnote 43 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 197 and footnote 43, which rely on "scenarios" made up by Plaintiff, and on that basis deny the allegations in paragraph 197 and footnote 43. Defendants otherwise deny the factual allegations in paragraph 197 and footnote 43.

198. Defendants need not respond to the allegations in paragraph 198 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants aver that inasmuch as the allegations in paragraph 198 purport to characterize or quote the SEC Settlement, the SEC Settlement speaks for itself, and Defendants respectfully refer

Gibson, Dunn & Crutcher LLP

the Court to the SEC Settlement itself for a complete and accurate account of the statements made. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 198, which reflect "Lead Plaintiff's analyses" and on that basis deny the allegations in paragraph 198. Defendants otherwise deny the factual allegations in paragraph 198.

199.    Defendants need not respond to the allegations in paragraph 199 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny them.

200.    Defendants need not respond to the allegations in paragraph 200 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny them.

201.    Defendants need not respond to the allegations in paragraph 201 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny them.

202.    Defendants need not respond to the allegations in paragraph 202 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny them.

203.    Defendants need not respond to the allegations in paragraph 203 and footnote 44 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants admit that on November 24, 2015, HP filed a Form 8-K with the SEC. To the extent the allegations in paragraph 203 and footnote 44 seek to quote or characterize the contents of the November 24, 2015 Form 8-K, the 8-K speaks for itself, and Defendants respectfully refer the Court to the document itself for a complete and accurate account of the statements made. Defendants aver that HP's stock price at various points in time speaks for itself, is a matter of public record, and is equally available to Plaintiff. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 203 without expert testimony, and on that basis deny the allegations in paragraph 203. Except as expressly admitted, Defendants deny the allegations

DEFENDANTS' ANSWER TO PLAINTIFF'S CONSOLIDATED COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

CASE NO. 4:20-CV-07835-JSW.

Gibson, Dunn & Crutcher LLP

in paragraph 203 and footnote 44.

204.    Defendants need not respond to the allegations in paragraph 204 inasmuch as they constitute legal conclusions.  To the extent that these allegations are deemed to be factual and require a response, Defendants admit that on November 24, 2015, HP held an earnings call.  To the extent the allegations in paragraph 204 purport to characterize or quote statements made at the call, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements and respectfully refer the Court to the call transcript for a complete and accurate account of the statements made.  Defendants aver that HP's stock price at various points in time speaks for itself, is a matter of public record, and is equally available to Plaintiff.  Except as expressly admitted, Defendants deny the allegations in paragraph 204.

205.    Defendants need not respond to the allegations in paragraph 205 inasmuch as they constitute legal conclusions.  To the extent that Plaintiff purports to characterize or quote statements made in analyst reports, Defendants deny that such quotations or characterizations fully or accurately reflect the contents of those reports and respectfully refer the Court to the reports themselves for a complete and accurate account of the statements made.  Defendants aver that HP's stock price at various points in time speaks for itself, is a matter of public record, and is equally available to Plaintiff. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 205 without expert testimony, and on that basis deny the allegations in paragraph 205.  Defendants deny the allegations in paragraph 205.

206.    Defendants need not respond to the allegations in paragraph 206 inasmuch as they constitute legal conclusions.  To the extent that these allegations are deemed to be factual and require a response, Defendants admit that on February 24, 2016, HP filed a Form 8-K with the SEC.  To the extent the allegations in paragraph 206 seek to paraphrase or characterize the contents of the February 24, 2016 Form 8-K, the Form 8-K speaks for itself, and Defendants respectfully refer the Court to the Form 8-K for a complete and accurate account of the statements made.  Defendants aver that HP's stock price at various points in time speaks for itself, is a matter of public record, and is equally

Gibson, Dunn &
Crutcher LLP

available to Plaintiff. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 206 without expert testimony, and on that basis deny the allegations in paragraph 206. Except as expressly admitted, Defendants deny the allegations in paragraph 206.

207. Defendants need not respond to the allegations in paragraph 207 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants admit that on February 24, 2016, HP held an earnings call. To the extent the allegations in paragraph 207 purport to characterize or quote statements made at that earnings call, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements and respectfully refer the Court to the call transcript for a complete and accurate account of the statements made. Defendants aver that HP's stock price at various points in time speaks for itself, is a matter of public record, and is equally available to Plaintiff. Except as expressly admitted, Defendants deny the allegations in paragraph 207.

208. Defendants need not respond to the allegations in paragraph 208 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants admit that on June 21, 2016, HP held a Printing Update Conference Call. To the extent the allegations in paragraph 208 purport to characterize or quote statements made at that call, Defendants deny that such quotations or characterizations fully or accurately reflect the content of those statements and respectfully refer the Court to the call transcript for a complete and accurate account of the statements made. Except as expressly admitted, Defendants deny the allegations in paragraph 208.

209. Defendants need not respond to the allegations in paragraph 209 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny them.

210. Defendants need not respond to the allegations in paragraph 210 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny them.

211. Defendants need not respond to the allegations in paragraph 211 inasmuch as they

54

Gibson, Dunn & Crutcher LLP

constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny them.

212. Defendants need not respond to the allegations in paragraph 212 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny them.

213. Defendants need not respond to the allegations in paragraph 213 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny them.

214. Defendants admit that Plaintiff purports to bring this action as a putative class action pursuant to Rules 23(a) and (b)(3). Defendants need not respond to the allegations in paragraph 214 inasmuch as they constitute legal conclusions. Except as expressly admitted, Defendants deny the allegations in paragraph 214.

215. Defendants need not respond to the allegations in paragraph 215 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny them.

216. Defendants need not respond to the allegations in paragraph 216 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny them.

217. Defendants need not respond to the allegations in paragraph 217 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny them.

218. Defendants need not respond to the allegations in paragraph 218 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny them.

219. Defendants need not respond to the allegations in paragraph 219 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require

Gibson, Dunn & Crutcher LLP

a response, Defendants deny them.

## COUNT I
### For Violation of § 10(b) of the 1934 Act and Rule 10b-5
### Against All Defendants

220. No response from Defendants is required to paragraph 220 of the Consolidated Complaint. Defendants need not respond to the allegations in paragraph 220 inasmuch as they relate to claims that the Court dismissed in its March 27, 2024 order, and on that basis deny them. Defendants need not respond to the allegations in paragraph 220 inasmuch as they constitute legal conclusions. To the extent a response is required, Defendants repeat and re-allege each and every response set forth in the foregoing paragraphs as if fully set forth herein and, unless expressly admitted, deny the allegations in paragraph 220.

221. Defendants need not respond to the allegations in paragraph 221 inasmuch as they relate to claims that the Court dismissed in its March 27, 2024 order, and on that basis deny them. Defendants need not respond to the allegations in paragraph 221 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny them.

222. Defendants need not respond to the allegations in paragraph 222 inasmuch as they relate to claims that the Court dismissed in its March 27, 2024 order, and on that basis deny them. Defendants need not respond to the allegations in paragraph 222 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny them.

223. Defendants need not respond to the allegations in paragraph 223 inasmuch as they relate to claims that the Court dismissed in its March 27, 2024 order, and on that basis deny them. Defendants need not respond to the allegations in paragraph 223 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny them.

224. Defendants need not respond to the allegations in paragraph 224 inasmuch as they relate to claims that the Court dismissed in its March 27, 2024 order, and on that basis deny them. Defendants need not respond to the allegations in paragraph 224 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny them.

Gibson, Dunn &
Crutcher LLP

## COUNT II
### For Violation of § 20(a) of the 1934
### Act Against All Defendants

225. No response from Defendants is required to paragraph 225 of the Consolidated Complaint. To the extent a response is required, Defendants repeat and re-allege each and every response set forth in the foregoing paragraphs as if fully set forth herein and, unless expressly admitted, deny the allegations in paragraph 225.

226. Defendants need not respond to the allegations in paragraph 226 inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny them.

## PRAYER FOR RELIEF

Defendants need not respond to the allegations in the Prayer for Relief inasmuch as they constitute legal conclusions. Defendants deny the allegations in that Paragraph and deny that Plaintiff is entitled to any relief.

## JURY TRIAL DEMANDED

No response from Defendants is required to Plaintiff's Jury Trial Demand.

## DEFENDANTS' AFFIRMATIVE DEFENSES

Without assuming any burden of proof that they would not otherwise bear, Defendants assert the following separate and additional defenses, all of which are pleaded in the alternative, and none of which constitutes an admission that Defendants are in any way liable to Plaintiff, that Plaintiff has been or will be injured or damaged in any way, or that Plaintiff is entitled to any relief whatsoever. As a defense to the Consolidated Complaint and each and every allegation contained therein, Defendants allege:

### FIRST AFFIRMATIVE DEFENSE
### (No Losses)

Plaintiff's claims, and the claims of the putative class that Plaintiff purports to represent, are barred in whole or in part inasmuch as Plaintiff, or the putative class that Plaintiff purports to represent, sold their HP shares for a greater price than the price at which they purchased them, and therefore

57

Gibson, Dunn & Crutcher LLP

suffered no losses from their purchase of HP shares.

### SECOND AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiff's claims, and the claims of the putative class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff and the putative class that Plaintiff purports to represent have failed to take reasonable actions to mitigate damages, if any, allegedly suffered as a result of Defendants' alleged material misstatements and omissions or acts committed in furtherance of a scheme to defraud.

### THIRD AFFIRMATIVE DEFENSE
### (Limitation on Damages)

Plaintiff's claims, and the claims of the putative class that Plaintiff purports to represent, are barred, in whole or in part, to the extent the damages sought exceed those permitted under the PSLRA, the common law, or any other applicable statute, rule, or regulation. Plaintiff's damages are barred, in whole or in part, by any and all applicable offsets, including but not limited to stock gains which overcame any alleged losses and payment of dividends. Plaintiff's damages, if any, are speculative and thus are not recoverable.

### FOURTH AFFIRMATIVE DEFENSE
### (Laches, Estoppel, Unclean Hands, and/or Waiver)

Plaintiff's claims, and the claims of the putative class that Plaintiff purports to represent, are barred in whole or in part by the equitable doctrines of laches, estoppel, unclean hands, and/or waiver.

### FIFTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff's claims, and the claims of the putative class that Plaintiff purports to represent, are barred in whole or in part because the claims of Plaintiff, and the claims of the putative class that Plaintiff purports to represent, are untimely under the applicable statutes of limitations.

### SIXTH AFFIRMATIVE DEFENSE
### (Statute of Repose)

Plaintiff's claims, and the claims of the putative class that Plaintiff purports to represent, are barred in whole or in part because the claims of Plaintiff, and the claims of the putative class that

DEFENDANTS' ANSWER TO PLAINTIFF'S CONSOLIDATED COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

CASE NO. 4:20-CV-07835-JSW.

Gibson, Dunn & Crutcher LLP

Plaintiff purports to represent, are untimely under the applicable statutes of repose.

## SEVENTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

To the extent that Plaintiff was not a purchaser of HP's stock during the Class Period, Plaintiff's claims are barred for lack of standing.

## EIGHTH AFFIRMATIVE DEFENSE
### (Assumption of the Risk)

Plaintiff's claims, and the claims of the putative class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the putative class that Plaintiff purports to represent, as sophisticated and knowledgeable investors, knew or should have known of the speculative nature and risks associated with an investment in HP, and therefore Plaintiff, and the putative class that Plaintiff purports to represent, assumed the risk of any alleged damages proximately caused thereby.

## NINTH AFFIRMATIVE DEFENSE
### (Not Liable for Actions of Others)

Defendants are not liable under Section 20(a) of the Exchange Act because Defendants are not responsible (in law or in fact) for the alleged misconduct by others.  Any increase or decrease in the value of HP's securities was and is, wholly or partially, the result of market conditions or other factors and not the result of any alleged wrongful conduct by Defendants.

## TENTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

Without conceding liability, Plaintiff's requests, and the requests of the putative class that Plaintiff purports to represent, for equitable relief are improper because Plaintiff, and the putative class that Plaintiff purports to represent, have an adequate remedy at law.

## RESERVATION OF RIGHTS

Defendants reserve the right to amend these affirmative defenses and to assert additional defenses as the facts of this matter become known through litigation and discovery.  Defendants further reserve the right to amend this Answer to raise any additional cross claims or third-party claims not asserted herein as may be warranted by the revelation of information during discovery and

59

Gibson, Dunn & Crutcher LLP

investigation.

## **PRAYER FOR RELIEF**

Wherefore, Defendants pray as follows:

1.  That Plaintiff takes nothing by this action;

2.  That judgment be entered in favor of Defendants and against Plaintiff with respect to all causes of action in the Complaint;

3.  That this action be dismissed in its entirety, with prejudice;

4.  For costs incurred in defending this action;

5.  For reasonable attorneys' fees incurred in defending this action; and

6.  For such other and further relief as the Court deems just and equitable.

## **JURY DEMAND**

Defendants demand a trial by jury, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, of all issues so triable.

DATED: May 17, 2024                    Respectfully submitted,

                                   **GIBSON, DUNN & CRUTCHER LLP**

                                   By:  */s/ Brian M. Lutz*
                                   BRIAN M. LUTZ SBN 255976
                                   MICHAEL J. KAHN, SBN 303289
                                   One Embarcadero Center, Suite 2600
                                   San Francisco, CA 94111-3715
                                   Telephone: 415.393.8200
                                   Facsimile: 415.393.8306
                                   BLutz@gibsondunn.com
                                   MJKahn@gibsondunn.com

                                   LISSA M. PERCOPO (*pro hac vice*)
                                   1050 Connecticut Ave., N.W.
                                   Washington, D.C. 20036
                                   Telephone: 202.887.3770
                                   Facsimile: 202.530.9528
                                   lpercopo@gibsondunn.com

60

DEFENDANTS' ANSWER TO PLAINTIFF'S CONSOLIDATED COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

CASE NO. 4:20-CV-07835-JSW.

Gibson, Dunn & Crutcher LLP

**SIDLEY AUSTIN LLP**
SARA B. BRODY, SBN 130222
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: 415.772.1200
sbrody@sidley.com

*Counsel for Defendants HP Inc., Dion J. Weisler, Catherine A. Lesjak, Enrique Lores, and Richard Bailey*

*\*/s/ Katherine Henderson*
**WILSON SONSINI GOODRICH & ROSATI**
KATHERINE HENDERSON, SBN 242676
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105-1101
Telephone: 415.947.2065
khenderson@wsgr.com

*Counsel for Defendant Catherine A. Lesjak*

\* Pursuant to Civ. L.R. 5-1(i)(3), the electronic filer has obtained approval from this signatory.

DEFENDANTS' ANSWER TO PLAINTIFF'S CONSOLIDATED COMPLAINT FOR VIOLATION OF THE
FEDERAL SECURITIES LAWS

CASE NO. 4:20-CV-07835-JSW.

Gibson, Dunn &
Crutcher LLP