UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YORK COUNTY ON BEHALF OF THE COUNTY OF YORK RETIREMENT FUND,<br><br>          Plaintiff,<br><br>     v.<br><br>HP INC., et al.,<br><br>          Defendants. | Case No. 20-cv-07835-JSW<br><br>**ORDER GRANTING MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL; STAYING ACTION**<br><br>Re: Dkt. No. 83 |

Now before the Court is the Motion to Certify Order for Interlocutory Appeal filed by Defendants HP Inc. ("HP"), Dion J. Weisler, Catherine A. Lesjak, Richard Bailey, and Enrique Lores. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds this matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). For the following reasons, the Court GRANTS Defendants' motion.

**BACKGROUND**

York County filed the initial complaint in this action on November 5, 2020. (Dkt. No. 1.) Two months later, on January 4, 2021, Maryland Electrical Industry Pension Fund ("Maryland Electrical") moved to be appointed Lead Plaintiff pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B)(iii). (Dkt. No. 19.) The Court granted Maryland Electrical's motion and appointed it Lead Plaintiff on February 11, 2021. (Dkt. No. 30.)

Maryland Electrical filed the operative Consolidated Complaint on April 21, 2021. (Dkt. No. 37, Consol. Compl.) The Consolidated Complaint identifies Maryland Electrical, HP, and Individual Defendants as the parties. (*Id.* ¶¶ 15-23.) York County remains in the case caption, but it is not identified anywhere in the body of the Consolidated Complaint. (*See id.*)

Defendants moved to dismiss the action. (Dkt. No. 45.) The Court granted Defendants'

*United States District Court*
*Northern District of California*

motion solely on the basis of the statute of limitations, without reaching the remainder of Defendants' arguments. (Dkt. No. 58.)

Maryland Electrical and York County appealed. (Dkt. No. 60.) The Court of Appeals for the Ninth Circuit reversed, finding that the Court had miscalculated the statute of limitations. *York Cnty. on Behalf of Cnty. of York Ret. Fund v. HP, Inc.*, 65 F.4th 459, 463 (9th Cir. 2023); (Dkt. No. 62, at 17.) The Ninth Circuit declined to rule on Maryland Electrical's standing, the statute of repose, or the adequacy of the Consolidated Complaint, and it remanded to this Court to address those issues in the first instance. (*Id.* at 18.)

Upon remand, the Court granted, in part, and denied, in part, Defendants' renewed motion to dismiss. (Dkt. Nos. 69, 80.) In its order dated March 27, 2024, the Court found, among other things, that the Consolidated Amended Complaint filed by Maryland Electrical in April 2021 was timely. (Dkt. No. 80, at 8-19.) The Court rejected Defendants' arguments that the statute of repose applied to bar the action where the Consolidated Amended Complaint was filed outside of the repose period. (*See id.*)

Defendants now move for an order certifying the March 27, 2024 Order for interlocutory appeal. (Dkt. No. 83.)

**ANALYSIS**

Pursuant to 18 U.S.C. section 1292(b), the Court has discretion to certify an order for interlocutory appeal when (1) the order involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) such that an immediate appeal from the order may materially advance the ultimate termination of the litigation. 18 U.S.C. § 1292(b). Certification for interlocutory appeal should be applied sparingly and only granted in "exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981).

All three of these requirements are met here.

**A.    The Order Involves a Controlling Question of Law.**

Certification is only appropriate where the disputed issue is one of law, not fact. *Williams v. Alameda Cnty.*, 657 F. Supp. 3d 1250, 1254 (N.D. Cal. 2023). The question of law is

United States District Court
Northern District of California

controlling if it "materially affect[s] the outcome of the litigation in the district court." *ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022) (quoting *In re Cement Antitrust Litig.*, 673 F.2d at 1026).

In its March 27, 2024 Order, this Court decided a controlling question of law: whether an amended class-action complaint filed by a lead plaintiff appointed pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B)(iii), is timely where the original plaintiff's class-action complaint was timely. This Court answered the question in the affirmative, finding that Lead Plaintiff Maryland Electrical's April 2021 Consolidated Amended Complaint related back to original plaintiff York County's timely November 2020 class action complaint with regard to all Defendants named in the original complaint.

Had the Court found otherwise, it would have likely dismissed the action as untimely.[1] A dismissal would have a "material effect" on the outcome of the litigation, as the litigation would be terminated with no liability for Defendants. Therefore, the first prong of the Section 1292(b) analysis is satisfied.

**B.      There Is Substantial Ground for Difference of Opinion.**

"The 'substantial grounds' prong is satisfied when 'novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions.'" *ICTSI Oregon, Inc.*, 22 F.4th at 1130 (quoting *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011)). "Courts traditionally will find that a substantial ground for difference of opinion exists where 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point. . ., or if novel and difficult questions of first impression are presented." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (quoting 3 Federal Procedure, Lawyers Edition § 3:212 (2010)). "[T]he mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *Id.* at 634 (quoting *In*

---

[1] This issue is complicated by the party status of original plaintiff York County, which the Court found was extinguished pursuant to *Habelt v. iRhythm Technologies, Inc.*, 83 F.4th 1162, 1166 (9th Cir. 2023). Finding the Consolidated Amended Complaint timely, the Court did not need to address any questions of fairness that would have been presented where York County was unaware that its party status had terminated and its timely complaint was never resolved.

United States District Court
Northern District of California

*re Flor*, 79 F.3d 281, 284 (2d Cir. 1996)).

Defendants argue that this Court's order is "in tension" with a number of cases from the Supreme Court, Circuit Courts of Appeal, and District Courts—most of which this Court considered and distinguished in its order. As Plaintiffs contend, (and this Court believes) this Court's order did not conflict with any circuit or Supreme Court opinions. In the absence of a conflict, according to Plaintiffs, there is no "substantial ground for difference of opinion" per *Couch*. 611 F.3d at 633-34.

The problem with Plaintiffs' position is that a fair-minded jurist could come to the opposite outcome when faced with the same question, even without conflicting authority directly speaking to the question. This Court believes that a finding that Maryland Electrical's Consolidated Amended Complaint could not relate back to the original complaint would conflict with the text of the PSLRA and artificially expand Defendants' repose period. A different jurist could fairly find, instead, that the PSLRA and statute of repose can be read in harmony by requiring lead plaintiffs to be appointed, and amended complaints filed, within the statute of repose, and that to find otherwise would unfairly contract Defendants' repose period.

Guidance from the Ninth Circuit would resolve this novel legal issue on which there is substantial ground for difference of opinion. Accordingly, the second prong of the Section 1292(b) analysis is satisfied.

## C.    Immediate Appeal May Materially Advance the Ultimate Termination of the Action.

A finding by the Ninth Circuit that the statute of repose bars Maryland Electrical's Consolidated Amended Complaint could bring this litigation to an expedient end.[2] Plaintiffs argue that a successful appeal by Defendants would not terminate the action because Plaintiffs' scheme liability claim would remain timely. Plaintiff's Section 10(b) claims—whether on a scheme liability theory or misrepresentation or omission theory—are subject to the same statute of repose. Thus, if one theory is untimely, all are. Prong three of the Section 1292(b) analysis is satisfied.

---

[2] Again, the Court has not been asked to consider what effect such a dismissal would have on York County's original complaint given York County's termination as a party.

United States District Court
Northern District of California

**CONCLUSION**

For the foregoing reasons, the Court, in its discretion, GRANTS Defendants' motion for certification of the Order dated March 27, 2024, (Dkt. No. 80), pursuant to 28 U.S.C. section 1292(b). The Court STAYS this matter pending a decision by the Ninth Circuit as to whether it will hear an interlocutory appeal and, if it accepts the appeal, pending resolution of that appeal. The parties shall update the Court by joint submission within five court days of resolution of the appeal, or every 120 days, whichever is sooner.

**IT IS SO ORDERED.**

Dated: June 3, 2024

_____
JEFFREY S. WHITE
United States District Judge

United States District Court
Northern District of California