ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (168593)
ELLEN GUSIKOFF STEWART (144892)
DARRYL J. ALVARADO (253213)
RACHEL A. COCALIS (312376)
T. ALEX B. FOLKERTH (338140)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
elleng@rgrdlaw.com
dalvarado@rgrdlaw.com
rcocalis@rgrdlaw.com
afolkerth@rgrdlaw.com

Lead Counsel for Lead Plaintiff Maryland Electrical
Industry Pension Fund and Named Plaintiff York County on
behalf of the County of York Retirement Fund

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| YORK COUNTY ON BEHALF OF THE COUNTY OF YORK RETIREMENT FUND, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> HP INC., et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 4:20-cv-07835-JSW (LJC) <br><br> CLASS ACTION <br><br> REPLY MEMORANDUM AND STATEMENT OF NON-OPPOSITION IN FURTHER SUPPORT OF: (1) LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF PLAN OF ALLOCATION; AND (2) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES <br><br> DATE:      February 13, 2026 <br> TIME:      9:00 a.m. (via Zoom) <br> CTRM:      5, 2nd Floor <br> JUDGE:    Hon. Jeffrey S. White |

4933-8820-5445.v1

Lead Plaintiff Maryland Electrical Industry Pension Fund ("Lead Plaintiff") and Lead Counsel Robbins Geller Rudman & Dowd LLP respectfully submit this reply memorandum in further support of: (1) Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation (ECF 113) ("Final Approval Motion"); and (2) Lead Counsel's Motion for an Award of Attorneys' Fees and Expenses (ECF 114).[1]

## I.    INTRODUCTION

The December 22, 2025 deadline for objecting to the $39 million all-cash settlement ("Settlement") has now passed.  Lead Counsel is pleased to report that no Class Member has lodged an objection to the Settlement, the Plan of Allocation, or Lead Counsel's Fee and Expense Application.  Only two shareholders – representing just 2,193 shares – validly sought exclusion from the Class.[2]  This lack of objections "'is perhaps the most significant factor to be weighed in considering [the Settlement's] adequacy,'" *In re Rambus Inc. Derivative Litig.*, 2009 WL 166689, at *3 (N.D. Cal. Jan. 20, 2009)[3]; is a testament to the fairness, adequacy, and reasonableness of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's Fee and Expense Application; and further underscores why each warrants the Court's approval.

## II.    ARGUMENT

### A.    The Notice Provided to the Class Met All Due Process Requirements

As detailed in prior submissions, the comprehensive notice program approved by the Court and implemented here was "the best notice that [was] practicable under the circumstances, including individual notice to all members who [could] be identified through reasonable effort."  Fed. R. Civ. P. 23(c)(2)(B); *see* ECF 108, ¶7; ECF 113, §V.  To date, the Claims Administrator has emailed or

---

[1]    Unless otherwise noted, all capitalized terms not defined herein have the same meaning set forth in the Stipulation of Settlement, dated August 18, 2025 (ECF 103-2).

[2]    Three other individuals expressed a desire to be excluded from the Class but did not provide any evidence that they purchased HP shares required for Class membership.  Thus, their requests are invalid.

[3]    Citations are omitted and emphasis is added throughout unless otherwise indicated.

REPLY MEMO & STMT OF NON-OPPOSITION IN FURTHER SUPPORT OF: (1) LEAD PLTF'S MOT FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT & APPROVAL OF PLAN OF ALLOCATION, & (2) LEAD COUNSEL'S MOT FOR AN AWARD OF ATTYS' FEES AND EXPENSES - 4:20-cv-07835-JSW (LJC)    - 1 -
4933-8820-5445.v1

mailed a total of 211,453 Summary Notices to potential Class Members and nominees;[4] the Summary Notice was published in *The Wall Street Journal* and transmitted over *Business Wire*; and all pertinent information has been posted and made generally available on the website dedicated to the Settlement.  *See* ECF 115-2, ¶¶5-14, and Murray Suppl. Decl., ¶4.  In response to this notice program, the Claims Administrator has received 2,434 Proofs of Claim and Release.  Murray Suppl. Decl., ¶7.[5]

This notice program is very similar to those approved and employed in other securities class actions in this District.  *See, e.g.*, *Lamartina v. VMWare*, 2025 U.S. Dist. LEXIS 70511, at \*7-\*8 (N.D. Cal. Mar. 31, 2025); *Purple Mountain Tr. v. Wells Fargo & Co.*, 2023 WL 11872699, at \*3 (N.D. Cal. Sept. 26, 2023); *Evanston Police Pension Fund v. McKesson Corp.*, No. 3:18-cv-06525-CRB, ECF 290, ¶12 (N.D. Cal. July 14, 2023); *Fleming v. Impax Lab'ys Inc.*, 2022 WL 2789496, at \*3 (N.D. Cal. July 15, 2022); *Destefano v. Zynga, Inc.*, 2016 WL 537946, at \*7 (N.D. Cal. Feb. 11, 2016) (finding individual notice mailed to class members combined with summary publication constituted "the best form of notice available under the circumstances").  As those courts did, this Court should conclude that Lead Counsel here has provided the best notice practicable, as required by Rule 23 and due process.

**B.    The Reaction of the Class Strongly Supports Approval of the Settlement and Plan of Allocation**

Federal Rule of Civil Procedure 23(e)(2) and *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998), provide factors that the Court must consider when assessing whether to approve a class action settlement.  As explained in both Lead Plaintiff's Final Approval Motion and Motion for Preliminary Approval of Proposed Settlement (ECF 103) ("Preliminary Approval Motion"), the

---

[4]    A total of 267 Summary Notices were re-mailed to persons whose original mailings were returned by the U.S. Postal Service ("USPS") and for whom updated addresses were provided to Verita Global by the USPS or were obtained through other means.  *See* Supplemental Declaration of Ross D. Murray Regarding: (A) Continued Notice Dissemination; (B) Update on Call Center Services and Website; (C) Proofs of Claim Received; and (D) Requests for Exclusion Received to Date ("Murray Suppl. Decl."), n.2, submitted herewith.

[5]    The claims deadline is January 12, 2026.  The Claims Administrator expects that a large number of claims will be submitted by Class Members and third-party claims filers at the deadline.

REPLY MEMO & STMT OF NON-OPPOSITION IN FURTHER SUPPORT OF: (1) LEAD PLTF'S MOT FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT & APPROVAL OF PLAN OF ALLOCATION, & (2) LEAD COUNSEL'S MOT FOR AN AWARD OF ATTYS' FEES AND EXPENSES - 4:20-cv-07835-JSW (LJC)                                                                                  - 2 -
4933-8820-5445.v1

proposed Settlement readily satisfies the relevant factors, as the Settlement resulted from Lead Plaintiff's and Lead Counsel's diligent representation of the Class throughout the Litigation; the Settlement was negotiated at arm's length with the assistance of an experienced mediator; and the Settlement provides an excellent recovery considering the costs, risk, and delay of further litigation. *See* ECF 113, §III; ECF 103, §IV.

Similarly, Lead Plaintiff's Final Approval Motion and Preliminary Approval Motion explained that the Plan of Allocation provides an equitable basis to allocate the Net Settlement Fund among all Authorized Claimants. *See* ECF 113, §IV; ECF 103, §IV.C.5. In particular, the Plan treats Class Members equitably by providing that each will receive a proportional *pro rata* amount of the Net Settlement Fund depending on when each Class Member bought HP stock during the Class Period and whether and when they sold their shares.

In determining whether to approve the Settlement and Plan of Allocation, the Court may now assess the final *Hanlon* factor given that the December 22, 2025 objection deadline has passed: "the reaction of the class members to the proposed settlement." *Hanlon*, 150 F.3d at 1026. That reaction – as measured by objections – has been overwhelmingly positive and further supports final approval of the Settlement. *See id.*; *see also Ellis v. Harder Mech. Contrs., Inc.*, 2023 WL 2620145, at *5 (N.D. Cal. Mar. 22, 2023) (White, J.) ("Additionally, the favorable reaction of the class members favors granting the motion.").

Indeed, no Class Member has objected to any aspect of the Settlement. This "unanimous, positive reaction to the Proposed Settlement is compelling evidence that the Proposed Settlement is fair, just, reasonable, and adequate." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004); *accord Impax*, 2022 WL 2789496, at *7. Simply stated, the absence of objections "'raises a strong presumption that the terms of [the] proposed class settlement action are favorable to the class members.'" *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008). In fact, "'[c]ourts have repeatedly recognized that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class [action] settlement . . . are favorable to the class members.'" *Foster v. Adams &*

REPLY MEMO & STMT OF NON-OPPOSITION IN FURTHER SUPPORT OF: (1) LEAD PLTF'S MOT FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT & APPROVAL OF PLAN OF ALLOCATION, & (2) LEAD COUNSEL'S MOT FOR AN AWARD OF ATTYS' FEES AND EXPENSES - 4:20-cv-07835-JSW (LJC)                                                                                                  - 3 -
4933-8820-5445.v1

*Assocs., Inc.*, 2022 WL 425559, at *6 (N.D. Cal. Feb. 11, 2022); *accord AdTrader, Inc. v. Google LLC*, 2022 WL 16579324, at *5 (N.D. Cal. Nov. 1, 2022) ("'A court may appropriately infer that a class action settlement is fair, adequate, and reasonable when few class members object to it.'"). Similarly, the lack of objections to the proposed Plan of Allocation provides firm support for its approval. *See In re Heritage Bond Litig.*, 2005 WL 1594403, at *11 (C.D. Cal. June 10, 2005) ("The fact that there has been no objection to this plan of allocation favors approval of the Settlement.").

Of particular significance, no institutional investors, *i.e.*, those Class Members with the largest amounts at stake, objected to either the Settlement or the Plan of Allocation. The overwhelmingly positive reaction from sophisticated institutional investors is further persuasive evidence that the Settlement is fair. *See In re Regulus Therapeutics Inc. Sec. Litig.*, 2020 WL 6381898, at *6 (S.D. Cal. Oct. 30, 2020) ("Many potential class members are sophisticated institutional investors; the lack of objections from such institutions indicates that the settlement is fair and reasonable.").

In short, "[t]he small number of objections" (here, *zero*) "supports that the settlement and plan of allocation are fair, reasonable, and adequate." *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2019 WL 2077847, at *3 (N.D. Cal. May 10, 2019) (approving $48 million securities fraud class action settlement where "[o]nly one class member objected to the settlement and only 16 potential class members opted out of the settlement"). Accordingly, the Court should approve the Settlement and Plan of Allocation as fair, adequate, and reasonable.

### C.    The Reaction of the Class Strongly Supports Approval of the Requested Attorneys' Fees and Expenses

The Notice and Summary Notice identified that Lead Counsel intended to seek a fee in an amount not to exceed 30% of the Settlement Amount and payment of litigation expenses not to exceed $250,000. The exceptional result, "[t]he touchstone for determining the reasonableness of attorneys' fees in a class action," strongly supports the requested award of attorneys' fees and expenses. *Lowery v. Rhapsody Int'l, Inc.*, 75 F.4th 985, 988 (9th Cir. 2023). The result is even more impressive given the highly complex and uncertain nature of this securities fraud class action and the

potential for years of additional litigation absent the Settlement, and it required both skill and high quality work to attain. *See also* ECF 114, §III.B. (discussing relevant factors). The appropriateness of Lead Counsel's fee request is also confirmed with a cross check against its lodestar, which reflects a modest 2.15 multiplier. *See id.*, §III.B.7.

No Class Member has objected to Lead Counsel's request for attorneys' fees and payment of litigation expenses. Again, the lack of objections, particularly from sophisticated institutional investors, weighs strongly in favor of granting the requested attorneys' fees and expenses. *See Hefler v. Wells Fargo & Co.*, 2018 WL 6619983, at *15 (N.D. Cal. Dec. 18, 2018) ("As with the Settlement itself, the lack of objections from institutional investors 'who presumably had the means, the motive, and the sophistication to raise objections' [to the attorneys' fee] weighs in favor of approval."), *aff'd sub nom.*, *Hefler v. Pekoc*, 802 F. App'x 285 (9th Cir. 2020); *Zynga*, 2016 WL 537946, at *18 (finding absence of objections supported fee award); *In re Nuvelo, Inc. Sec. Litig.*, 2011 WL 2650592, at *3 (N.D. Cal. July 6, 2011) (finding only one objection to fee request to be "a strong, positive response from the class"); *Omnivision*, 559 F. Supp. 2d at 1048 ("None of the objectors raised any concern about the amount of the fee. This factor . . . also supports the requested award of . . . ."). Accordingly, the Court should approve Lead Counsel's request for attorneys' fees of 30% of the Settlement Amount and payment of $130,243.61 for litigation expenses, plus interest on both amounts.

### III.    CONCLUSION

Lead Counsel obtained an exceptional result for the Class, and the Class agrees. For the reasons set forth above and in their previously filed briefs and declarations, Lead Plaintiff and Lead Counsel respectfully request that the Court approve the proposed Settlement and Plan of Allocation, as well as the request for attorneys' fees and payment of expenses, plus interest on both amounts. Proposed orders are submitted herewith.

DATED:  January 5, 2026

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
ELLEN GUSIKOFF STEWART
DARRYL J. ALVARADO
RACHEL A. COCALIS
T. ALEX B. FOLKERTH

                    s/ Darryl J. Alvarado
                  DARRYL J. ALVARADO

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
elleng@rgrdlaw.com
dalvarado@rgrdlaw.com
rcocalis@rgrdlaw.com
afolkerth@rgrdlaw.com

Lead Counsel for Lead Plaintiff Maryland
Electrical Industry Pension Fund and Named
Plaintiff York County on behalf of the County of
York Retirement Fund

REPLY MEMO & STMT OF NON-OPPOSITION IN FURTHER SUPPORT OF: (1) LEAD PLTF'S MOT
FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT & APPROVAL OF PLAN OF
ALLOCATION, & (2) LEAD COUNSEL'S MOT FOR AN AWARD OF ATTYS' FEES AND EXPENSES -
4:20-cv-07835-JSW (LJC)                                                                                        - 6 -
4933-8820-5445.v1